UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>    Plaintiff,<br><br>        v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>    Defendant. | Case No. 07-cv-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br><br>Hon. Jeffrey Cole, U.S.M.J. |

**AGREED MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER**

Plaintiff Chicago Board Options Exchange, Incorporated ("CBOE") and Defendant International Securities Exchange LLC ("ISE") respectfully move this Court for entry of their [Proposed] Amended Scheduling Order, a copy of which is attached hereto as Exhibit A.

In support of this motion, the parties state as follows:

1.      While the parties have been making substantial progress in discovery, in that millions of pages of documents have been produced and certain key depositions have been taken, for the reasons set forth below in paragraphs 2 and 3 hereof, the parties believe and represent to this Court that it will not be possible to meet the current discovery deadlines.

2.      ISE initially identified two claims of the '707 patent-in-suit that are allegedly infringed. The current scheduling order provides that ISE "shall disclose each claim of the patent-in-suit that is allegedly infringed no later than December 23, 2008." On December 23, 2008, ISE identified eighteen additional claims that are allegedly infringed. The addition of these eighteen claims substantially increases the discovery needed by both parties.

3. Despite the best efforts of both parties, production of electronic documents is still ongoing on both sides.

4. The [Proposed] Amended Scheduling Order is deemed necessary by the parties to complete thoroughly and efficiently the necessary discovery and prepare this patent infringement case for trial.

WHEREFORE, the parties respectfully request the Court to enter their [Proposed] Amended Scheduling Order submitted herewith.

Respectfully submitted,

Dated:  February 9, 2009

| | |
|---|---|
| By: *s/ Stacie R. Hartman* <br> Paul E. Dengel <br> Stacie R. Hartman <br> Mark E. Ashton <br> **SCHIFF HARDIN LLP** <br> 6600 Sears Tower <br> 233 South Wacker Drive <br> Chicago, IL 60606-6473 <br> (312) 258-5500 <br> (312) 258-5600 (*facsimile*) <br><br> *Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated* | By: *s/ Michael D. Huber* <br><br> Michael D. Huber (Id. No. 619282) <br> **CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC** <br> 303 West Madison Street, Suite 2200 <br> Chicago, IL 60606 <br> (312) 332-8496 <br> (312) 332-8451 (*facsimile*) <br><br> *Attorneys for Defendant International Securities Exchange, LLC* |

- 3 -

## **CERTIFICATE OF SERVICE**

 I hereby certify that on February 9, 2009, I electronically filed the parties' *Agreed Motion for Entry of Amended Scheduling Order* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

              *s/ Stacie R. Hartman*
              Stacie R. Hartman (Id. No. 6237265)

- 4 -

OF COUNSEL:  
Jonathan A. Marshall  
David Francescani  
Eric Roman  
Michael T. Zoppo  
**FISH & RICHARDSON P.C.**  
Citigroup Center - 52nd Floor  
153 East 53rd Street  
New York, NY 10022  
Telephone: (212) 765-5070  
Facsimile: (212) 258-2291  

Joanne Moffic-Silver  
Jordan Newmark  
**CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED**  
400 S. LaSalle Street  
Chicago, IL 60605  
Telephone: (312) 786-7909  

OF COUNSEL:  
Parker Bagley  
**GOODWIN PROCTER LLP**  
The New York Times Building  
620 Eighth Avenue  
New York, New York 10018  
(212) 813-8800  
(212) 355-3333

# EXHIBIT A

Case 1:07-cv-00623	Document 136	Filed 02/09/2009	Page 5 of 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>    Defendant. | Case No. 07-cv-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br><br>Hon. Jeffrey Cole, U.S.M.J. |

**[PROPOSED] SCHEDULING ORDER**

IT IS HEREBY ORDERED that the parties' request to strike all pending dates is granted and the following agreed scheduling order shall govern further proceedings in this case:

A. Non-expert discovery will close June 23, 2009.

B. Contention interrogatories may not be served before April 9, 2009.

C. The parties must elect whether to waive privilege regarding opinion(s) of counsel no later than May 12, 2009. The parties will produce opinions and pertinent documents on the day any such waiver is made.

D. The *Markman Hearing* will take place on August 3, 2009, or soon thereafter as is convenient for the Court. The parties will file their *Markman* submissions according to the following schedule:

   a. The parties shall simultaneously exchange the following on July 1, 2009:

      i. a list of claim terms, phrases, or clauses which that party contends should be construed by the Court;

1

      ii. a preliminary proposed construction of each claim term, phrase, or clause which the party has identified for claim construction purposes;

     iii. an identification of all references from the specification of the patent-in-suit or the prosecution history of the patent-in-suit that support the proposed construction of each claim term, phrase, or clause; and

     iv. a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

b. On or before June 29, 2009, the parties shall meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint *Markman* Statement. The statement shall include:

      i. the construction of those claim terms, phrases, or clauses on which the parties agree;

     ii. each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history of the patent-in-suit that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction

    of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses; and

   iii. whether any party proposes to call one or more witnesses, including experts, at the *Markman Hearing*, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

  c. The parties shall file the Joint *Markman* Statement and each party shall file and serve opening *Markman* briefs on July 8, 2009.

  d. Each party shall file and serve rebuttal *Markman* briefs on July 21, 2009.

E. The cut-off date for disclosure of the parties' trial expert(s) as provided in Fed. R. Civ. P. 26(a)(2) and service of expert reports on the issues for which each party bears the burden of proof is thirty (30) calendar days after the Court issues its *Markman Order*, but in no event later than October 5, 2009.

F. Rebuttal expert reports will be served twenty-one (21) calendar days after disclosure of both parties' trial expert(s) as provided in Fed. R. Civ. P. 26(a)(2), but in no event later than October 26, 2009. If the twenty-first calendar day is a weekend or federal holiday, the rebuttal expert reports will be served on the next business day.

G. Depositions of the experts who have submitted reports shall be taken by fourteen (14) calendar days after service of rebuttal expert reports, but in no event later than November 9, 2009. If the fourteenth calendar day is a weekend or federal holiday, the depositions shall be taken by the next business day.

H.  Dispositive motions (motions for summary judgment) will be presented with a proposed agreed briefing schedule no later than fourteen (14) calendar days after the deadline for depositions of the experts, but in no event later than November 18, 2009. If the fourteenth calendar day is a weekend or federal holiday, the dispositive motions will be presented by the next business day.

I.  The case shall be ready for jury trial by February 2010.


SO ORDERED.


DATED: _____                    _____
                                                Hon. Jeffrey Cole
                                                United States Magistrate Judge