# Exhibit O

GOODWIN | PROCTER

Parker H. Bagley
212.459.7212
PBagley@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

October 29, 2009

<u>Via E-mail</u>

Jonathan Marshall, Esq.
Fish & Richardson P.C.
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:   **Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC;
      Civ. Action No. 1:07-CV-00623 (JHL/JC)**

Dear Jon:

  I write in response to your letter of October 22, 2009.

  As the record demonstrates, ISE has been diligently attempting to timely resolve CBOE's myriad of baseless allegations of inequitable conduct for some time. In fact, on August 2, 2009, in response to CBOE's improper attempt to inject new allegations of inequitable conduct into this action through correspondence and supplemental interrogatory responses, ISE notified CBOE that such allegations "are not part of the present action." Furthermore, ISE's August 2, 2009 correspondence specifically reminded CBOE of its obligation to amend the Complaint and indicated that any such attempt would be fruitless in light of various deficiencies in its new allegations. In response, CBOE failed to move to amend.

  Instead, on September 16, 2009, almost six weeks after notified of its obligation to amend the Complaint, CBOE moved for a separate bench trial on inequitable conduct. ISE did not oppose this motion as to the extent any of CBOE's allegations of inequitable conduct survive summary judgment ISE believes a separate bench trial is appropriate. However, in response to CBOE's most recent supplemental interrogatory response, on October 14, 2009, ISE requested a meet and confer to address the fact that CBOE had ignored its obligations to amend its Complaint.

  On October 22, 2009, soon after receiving your letter, ISE received CBOE's proposed amended complaint adding new allegations of inequitable conduct and removing the previous allegations of inequitable conduct. As these new allegations are not part of the present action, ISE has no obligation to respond to an interrogatory seeking ISE contentions with respect to these allegations. CBOE's allegations of prejudice and delay are meritless in light of (a) CBOE's failure to move to amend the Complaint for the past several months, (b) CBOE's

October 29, 2009
Page 2
Jonathan Marshall, Esq.

outright refusal to either confirm or deny that ISE has received all expert opinions that CBOE intends to rely upon to establish a prima facie case of inequitable conduct, and (c) CBOE's failure to raise any issue with ISE's interrogatory responses until your October 22nd letter.

With respect to CBOE's allegations of inequitable conduct that are part of the present action, please confirm that CBOE presently intends to assert these allegations. As the specific references identified in CBOE's Complaint are not addressed in CBOE's expert report, are not identified in response to Interrogatory No. 2 and are not identified in CBOE's [Proposed] Amended Complaint, ISE is presently unaware of which individual with a duty of disclosure CBOE contends was aware of which rule of which exchange at what time. CBOE has further failed to provide information in its own interrogatory responses concerning why any such rule would not be cumulative to the references before the examiner. Upon confirmation that CBOE still intends to assert its plead allegations and receipt of a supplemental interrogatory response from CBOE providing the requested basic information concerning such allegations, ISE will provide a supplemental response concerning the allegations of inequitable conduct that are part of the present action.

In general ISE believes that the parties should confer regarding supplementing their interrogatory responses concerning infringement and validity. As it presently stands, CBOE's response to ISE's interrogatory requests concerning validity and infringement are deficient. Please let us know when you are available to confer regarding such supplementation.

Sincerely,

Parker H. Bagley