UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Chicago Board Options Exchange, Inc., <br><br> Plaintiff, <br><br> v. <br><br> International Securities Exchange, LLC, <br><br> Defendant. | Civil Action No. 07-cv-623 <br><br> The Hon. Joan H. Lefkow, U.S.D.J. <br> The Hon. Jeffrey Cole, U.S.M.J. |

**MEMORANDUM IN SUPPORT OF INTERNATIONAL SECURITIES EXCHANGE, LLC's MOTION TO COMPEL CHICAGO BOARD OPTIONS EXCHANGE, INC. TO SUPPLEMENT ITS INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................1

III. ARGUMENT...................................................................................................................4
    A. DETAILED INVALIDITY CONTENTIONS ARE NOT PREMATURE .............6
    B. CBOE'S CURRENT RESPONSE TO INTERROGATORY NO. 2 IS
       DEFICIENT ...........................................................................................................7
    C. CBOE'S RATIONALE FOR WITHHOLDING DETAILED
       INVALIDITY CONTENTIONS IS UNAVAILING ............................................8
       1. *IP Innovation* Is Not Controlling, And Is Distinguishable .........................8
       2. Pursuant To The Scheduling Order CBOE's Invalidity Contentions
          Are Readily Discoverable ............................................................................9
       3. CBOE Cannot Properly Deny Giving Invalidity Contentions Based
          On Later-Scheduled Expert Discovery .......................................................9
    D. THE NORTHERN DISTRICT OF ILLINOIS'S RECENTLY ENACTED
       LOCAL PATENT RULES RECOGNIZE THE BENEFITS OF EARLY
       DISCLOSURE OF INVALIDITY CONTENTIONS ..........................................11

IV. CONCLUSION..............................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*B. Braun Med., Inc. v. Abbott Labs.*,
    155 F.R.D. 525 (E.D. Pa. 1994)......................................................................................6

*Digitronics Corp. v. Jewel Cos.*,
    57 F.R.D. 649 (N.D. Ill. 1972) .......................................................................................6

*Fischer & Porter Co. v. Tolson*,
    143 F.R.D. 93 (E.D. Pa. 1992) ......................................................................................6

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus.*,
    No. 95-C-0673, 1996 U.S. Dist. LEXIS 17362 (N.D. Ill. Nov. 20, 1996)[1] ...........8, 9

*Hickman v. Taylor*,
    329 U.S. 495 (1947).................................................................................................4, 5

*In re Convergent Techs. Secur. Lit.*,
    108 F.R.D. 328 (N.D. Cal. 1985)...............................................................................6, 7

*In re Sulfuric Acid Antitrust Litigation*,
    231 F.R.D. 331 (N.D. Ill. 2005).....................................................................................5

*IP Innovation L.L.C. v. Sharp Corp.*,
    219 F.R.D. 427 (N.D. Ill. 2003).................................................................................8, 11

*Motorola, Inc. v. Alexander Mfg. Co.*,
    No. C 90-3062, 1991 U.S. Dist. LEXIS 20535 (N.D. Iowa Dec. 30, 1991).............9, 10

*O2 Micro Int'l Ltd. v Monolithic Power Sys.*,
    467 F.3d 1355 (Fed. Cir. 2006)....................................................................................11

*Perfect Web Techs., Inc. v. INFOUSA, Inc.*,
    No. 07-80286-CIV, 2008 WL 725726 (S.D. Fla. Mar. 17, 2008) ................................9

*Protective Optics, Inc. v. Panoptix, Inc.*,
    No. C-05-02732, 2007 WL 963972 (N.D. Cal. Mar. 30, 2007) ...................................6

*Scovill Mfg. Co. v. Sunbeam Corp.*,
    61 F.R.D. 598 (D. Del. 1973) .......................................................................................7

---

[1] The Appendix, accompanying this memorandum of law, provides a courtesy copy of all unreported cases cited in the Memorandum In Support Of ISE's Motion To Compel CBOE To Supplement Its Invalidity Contentions.

*Sun Coast Plastics, Inc. v. Phoenix Closures, Inc.*,
   No. 88-C-3518, 1987 U.S. Dist. LEXIS 14101 (N.D. Ill. Jan. 26, 1987) .................................. 6

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*,
   No. C06-0110, 2007 U.S. Dist. LEXIS 70590 (N.D. Iowa Sept. 24, 2007) ............................. 9


**STATUTES**

35 U.S.C. § 102 ............................................................................................................... passim

35 U.S.C § 103 ........................................................................................................................ 3


**OTHER AUTHORITIES**

FED. R. CIV. P. 11 .................................................................................................................... 8

FED. R. CIV. P. 26 .................................................................................................................... 5

FED. R. CIV. P. 33 ............................................................................................................ 1, 2, 3

FED. R. CIV. P. 37 ............................................................................................................... 1, 5

LPR ...................................................................................................................................... 11

LIBNY/4867836.2

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37, International Securities Exchange, LLC ("ISE") hereby moves for an order compelling Chicago Board Options Exchange, Inc. ("CBOE") to supplement its response to Interrogatory No. 2 concerning the bases for CBOE's invalidity contentions. Over two years have passed since ISE served Interrogatory No. 2, and CBOE still has not provided a detailed response.

The parties mutually agreed that contentions regarding each others' claims, defenses and counterclaims would be discoverable as of April 9, 2009. Scheduling Order (Feb. 10, 2009), D.I. 141. This agreed upon date, was before the end of fact discovery and the *Markman* hearing, let alone submission of expert reports. *Id*. Yet, CBOE insists detailed invalidity contentions are not due until after expert reports are served. CBOE must have formulated its invalidity contentions at this time—after fact discovery has closed—such that it can set them forth in a detailed interrogatory answer. There is simply no justification for CBOE's failure to provide invalidity contentions based on its present knowledge. Its dilatory tactics can only be explained by one of two motivations, either (1) CBOE cannot respond to the interrogatory at this time because it has no basis for its assertion that any claim in the patent-in-suit is invalid, and should not have pled so in the first place, or (2) CBOE wants to wait as late as it can to spring its contentions on ISE. Neither is a valid justification.

II.  **BACKGROUND**

Pursuant to Federal Rule of Civil Procedure 33, ISE served CBOE with its First Set Of Interrogatories on January 1, 2007. Interrogatory No. 2 requested, among other things, CBOE's invalidity contentions:

> If you contend that one or more claims of the ISE Patent-in-Suit is invalid or unenforceable, then for each such claim please explain that contention (*e.g.*, where each limitation of the claim is allegedly found in the prior art),

1

> identify all factual bases for that contention, including all purported prior art or other evidence upon which that contention is based, identify the person(s) at CBOE or elsewhere (other than ISE) most knowledgeable about those factual bases, identify the construction or meaning that you contend should be given to each limitation of each claim that you contend is invalid or unenforceable, and identify, if applicable, the purported statutory basis for the invalidity (*e.g.*, 35 U.S.C. § 102 (a)).

Ex. A at 3-4.[2] Initially, CBOE did not provide a substantive response to Interrogatory No. 2; rather, it proffered blanket, boilerplate objections, as follows:

> CBOE incorporates by reference its general objections. <u>CBOE further objects to this interrogatory as premature for seeking CBOE's contentions</u>. A *Markman* hearing has not yet taken place to construe claim terms in dispute. CBOE further objects to this interrogatory as being unduly broad and burdensome. ISE has not yet apprised CBOE which claims of the ISE patent in suit are in this case. CBOE further objects to this interrogatory as compound and complex. CBOE further objects to this interrogatory for having multiple subparts. For purposes of calculating the number of interrogatories, CBOE will treat this as five separate interrogatories.

Ex. B at 9 (emphasis added). Notably, CBOE did not initially object to this interrogatory on the grounds that expert discovery had not yet been completed; instead, it argued only that it was premature for seeking "contentions."

The parties agreed to a scheduling order on February 9, 2009, which stated the parties could serve contention interrogatories after April 9, 2009. D.I. 136. Hence, by that agreement, the parties recognized this case had progressed to a point where, after April 9, 2009, they could provide contentions on their claims, defenses and counterclaims. The order was entered by the Court a day later. D.I. 141. Accordingly, as of April 9, 2009, CBOE had 30 days—until May 11, 2009—to respond fully to Interrogatory No. 2. *See* FED. R. CIV. P. 33(b)(2).

Rather than fully respond to the interrogatory, CBOE added several new boilerplate objections. For example, in CBOE's July 19, 2009 supplemental response, it stated invalidity

---

[2] "Ex. __" refers to the Exhibits to the Declaration of Brian J. Prew in support of International Securities Exchange, LLC's motion to compel Chicago Board Options Exchange, Inc. to supplement its invalidity contentions

2

contentions were premature: "CBOE further objects to this interrogatory as premature because expert discovery has not yet been completed." Ex. D at 31. As this objection was raised for the first time, eighteen months after CBOE served its original responses, CBOE waived any such objection. *See* FED. R. CIV. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. <u>Any ground not stated in a timely objection is waived</u> unless the court, for good cause, excuses the failure."). Importantly, the Scheduling Order does not make contention interrogatories contingent on the status of expert discovery. *See* D.I. 141.

CBOE's first supplemental response listed twenty-plus pages of bates numbers allegedly corresponding to invalidating prior art references. But CBOE failed to "explain where each limitation of the claim is allegedly found in the prior art" or "identify all factual bases for its contention," as required by Interrogatory No. 2. Ex. C at 9-30. CBOE again supplemented its response on June 19, 2009—four days before fact discovery closed—with another twenty-six pages of bates numbers of alleged prior art references, again without any explanation as to which references disclose which limitations of the asserted patent claims . Ex. D at 31-56.

Together those supplemental responses list, approximately, 233 individual bates-number ranges without any substantive explanation as to their relevance. Though CBOE's June 2009 supplement categorizes references as either § 102 or § 103 references, it failed to identify, for the § 103 references, any allegedly invalidating combinations of references. Without that basic information, ISE must review and analyze the efficacy of 54,056 possible two-reference combinations, or worst, 12,486,936 possible three-reference combinations.

Even more troubling, some of the identified references are not prior art because they have publication dates after the filing date of the patent.[3] Similarly, others are not printed publications

---

[3] *See, e.g.,* CBOE004364-4369, CBOE004607-4609, CBOE007154, CBOE018047-049, CBOE018050-051, CBOE018061-063, CBOE039654-039658, CBOE01224700-4705, CBOE1461277-1281,

3

as that term is used in § 102.[4] CBOE must explain how each reference allegedly invalidates any claim of the '707 patent—e.g. if CBOE alleges these references evidence an invalidating prior 'public use' of a claimed invention. So far, CBOE has made no allegations of prior 'public use,' and as such, ISE did not explore this during fact discovery.

This case is not at its "early stages." Fact discovery closed on June 23, 2009. *See* D.I. 141 at Section A. The parties have already served expert reports, on the issues of damages and inequitable conduct, and summary judgment motions concerning CBOE's inequitable conduct allegations. *See*, D.I. 214, 223, 219. After the Court issues its claim construction ruling, the remainder of expert discovery will wind down.

Counsel for the parties have engaged in a lengthy meet-and-confer process to resolve their dispute regarding responses to contention interrogatories. During a teleconference on May 29, 2009, counsel for ISE and CBOE, in good faith, attempted to resolve their dispute concerning the due date for CBOE's invalidity contentions. Since that teleconference, the parties have exchanged numerous correspondence on the issue. *See, e.g.,* Ex. E-J, M. Despite these several attempts, no agreement was reached, and the parties are at an impasse as to this issue.

## III. ARGUMENT

CBOE's refusal to provide substantive invalidity contentions in response to ISE's Interrogatory No. 2 contravenes the fundamental purpose of and standards of civil discovery. Discovery is the process by which parties obtain the information they need to assess the relative strengths and weaknesses of their respective positions, and thus "to narrow and clarify the basic

---

CBOE1461282-1284, CBOE001476608-7503, CBOE001648656-8749, CBOE002220500-0525, ISE0261136-1137, ISE0852290 and ISE0858554-8578.

[4] *See, e.g.,* CBOE007319-7320, CBOE007353-7364, CBOE007765-7774, CBOE012714-012722, CBOE012723-012731, CBOE012732-012741, CBOE012745-012754, CBOE012814-012817, CBOE012818-012821, CBOE012822-012831, CBOE018038-018040.

4

issues between the parties." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The essential principle is that "discovery is mutual . . . while a party may have to disclose his case, he can at the same time tie his opponent down to a definite position." *Id*. at 508 n.8. The Federal Rules permit broad discovery in civil actions of "any nonprivileged matter that is relevant to any party's claim or defense . . . . " FED. R. CIV. P. 26(b)(1).

While CBOE may argue detailed invalidity contentions are premature because this Court has not issued its *Markman* decision and/or expert discovery is not complete, there can be no dispute the discovery ISE seeks from CBOE regarding the bases of its invalidity defenses falls squarely within the purposes and legal standards for discovery applicable to this patent infringement case. *See* Fed. R. Civ. P. 26(e) (noting that a party has a duty to supplement interrogatory responses). CBOE disclosed 233 bates-number ranges for a reason. To fully answer Interrogatory No. 2, and comply with the Federal Rules, CBOE must supplement its response with its current contentions, providing the detail requested in the interrogatory. ISE recognizes that CBOE may seek to supplement its contentions after a *Markman* ruling.

Instead of "disclosing [its] case," by withholding its invalidity positions, CBOE is playing hide the ball, and preventing the narrowing of issues for trial, which is contrary to the purposes of discovery.[5] Where, as here, a party fails to fully answer an interrogatory, the Court may compel production of the answer. FED. R. CIV. P. 37(a)(3)(B). This Court should compel CBOE to disclose its invalidity positions, with respect to the '707 patent, by requiring CBOE to supplement its response to Interrogatory No. 2 in order to provide substantive invalidity contentions. To the extent CBOE contends any claim of the patent-in-suit is invalid as anticipated by the prior art, CBOE should (1) identify any such reference, (2) identify any claim

---

[5] *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 342 (N.D. Ill. 2005) ("The concept of trial by ambush has long ago fallen into desuetude in both state and federal courts.")

5

allegedly anticipated by it, (3) identify where in the reference each limitation is allegedly disclosed, and (4) identify which section of 35 U.S.C. § 102 it relies on (i.e. subsection (a) through (g) of § 102). Similarly, to the extent CBOE contends any combination of references renders any asserted claim obvious, CBOE should (5) identify the combination of references, (6) identify any evidence supporting the proposed combination, (7) identify where in the combination of references each limitation of any claim of the patent-in-suit is disclosed, and (8) identify a reason why it contends the proposed combination would have been obvious to a person of ordinary skill in the art at the time of the invention.

### A.   DETAILED INVALIDITY CONTENTIONS ARE NOT PREMATURE

Contention interrogatories served in the later stages of discovery are not premature. *See Sun Coast Plastics, Inc. v. Phoenix Closures, Inc*., No. 88-C-3518, 1987 U.S. Dist. LEXIS 14101, at *2 (N.D. Ill. Jan. 26, 1987) (granting a motion to compel "<u>because substantial discovery has occurred</u>, and the answers are needed to narrow the issues at trial and to enable Sun Coast to prepare for trial.") (emphasis added); *see also Protective Optics, Inc. v. Panoptix, Inc.*, No. C-05-02732, 2007 WL 963972, at *2-*3 (N.D. Cal. Mar. 30, 2007) (granting a motion to compel). Furthermore, they can be a useful tool to narrow the issues in dispute. *See. B. Braun Med., Inc. v. Abbott Labs*., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) and *In re Convergent Techs. Secur. Lit*., 108 F.R.D. 328, 339 (N.D. Cal. 1985)); *see also Digitronics Corp. v. Jewel Cos.*, 57 F.R.D. 649, 650 (N.D. Ill. 1972) (granting motion to compel answers to invalidity contentions, because "it may well narrow the issues . . .").

Here, a detailed response to ISE's Interrogatory No. 2 is appropriate because the parties mutually agreed that contention interrogatories were discoverable after April 9, 2009, and fact discovery closed on June 23, 2009. *See* D.I. 141 at Section A, B. Thus, any argument that it is

premature to provide contentions is baseless.  In keeping with the agreement, ISE has provided CBOE with detailed, element-by-element, responses to interrogatories concerning ISE's infringement contentions.  *See* Ex. K at exhibit A; Ex. L at exhibit A.

What's more, there is a substantial likelihood that compelling CBOE to supplement its response to Interrogatory No. 2 "might serve as predicate[] for [a] successful motion for summary judgment [or] might expose frivolous or unsupportable claims . . . ."  *Convergent Techs.*, 108 F.R.D. at 337.  CBOE's complaint provides bald allegations without factual bases to support its affirmative defense that the patent is invalid.  *See* D.I. 1, at ¶21, ¶22.A.  If CBOE cannot more fully articulate the bases for its defense now, then some issues will be amenable to summary disposition.

      **B.**     **CBOE'S CURRENT RESPONSE TO INTERROGATORY NO. 2 IS DEFICIENT**

Merely referring to a list of documents is insufficient to apprise the patentee of the bases for the allegations of invalidity contained in a declaratory judgment complaint.  *See Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601 (D. Del. 1973) (granting motion to compel, where the plaintiff previously only provided a list of documents in response to a contention interrogatory).  Here, in response to Interrogatory No. 2's invalidity inquiry, CBOE has provided two lists, which together disclose approximately 233 allegedly prior art references by bates-number ranges.  *See* Ex. C at 9-30; Ex. D at 31-56.  CBOE, however, (1) failed to identify which subsection of § 102 applied to which reference (i.e. subsections (a) through (g)); (2) failed to identify where in the reference each limitation is allegedly disclosed; (3) failed to identify, for obviousness, the combination of references relied upon; (4) failed to identify where in the combination of references each limitation of any such claim is disclosed; and (5) failed to identify a reason why it contends the proposed combination would have been obvious to a person

7

of ordinary skill in the art at the time of the invention. All of which is required by Interrogatory No. 2.

Further, many of the references are neither prior art, nor a printed publication, leaving ISE to guess at CBOE's reasons for identifying them in response to Interrogatory No. 2. CBOE presumably selected this list for reasons which are subject to articulation, and now it should be ordered to do so—identifying specifically which prior art references or combinations of references it alleges invalidate the '707 patent, and how they render the '707 patent invalid. ISE should not have to guess.

### C. CBOE'S RATIONALE FOR WITHHOLDING DETAILED INVALIDITY CONTENTIONS IS UNAVAILING

#### 1. *IP Innovation* Is Not Controlling, And Is Distinguishable

CBOE's reliance on *IP Innovation L.L.C. v. Sharp Corp.*, 219 F.R.D. 427 (N.D. Ill. 2003), for the proposition that invalidity contentions are premature before expert reports are served is misplaced. There, unlike in this case, expert discovery overlapped with fact discovery, and thus, the defendant still disclosed its invalidity contentions while fact discovery was ongoing. *Id*. at 429-30. Here, fact discovery closed on June 23, 2009, yet CBOE still refuses to provide detailed invalidity contentions. It is also unclear what the scheduling order in *IP Innovation* called for; in the case at bar, contention interrogatories have been appropriate since April 9, 2009. *See* D.I. 141. Finally, unlike *IP Innovation*, this case involves a declaratory judgment, where CBOE has affirmatively claimed that each claim of the '707 patent is invalid. *See*. D.I. 1, at ¶21, ¶22.A. As such, pursuant to the Federal Rules, CBOE represented to this Court that their factual contentions have evidentiary support. *See* FED. R. CIV. P. 11.

In a more analogous case, *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus.*, No. 95-C-0673, 1996 U.S. Dist. LEXIS 17362 (N.D. Ill. Nov. 20, 1996), the defendants were precluded

8

from raising an invalidity defense at trial because rather than supplementing their response to an interrogatory seeking contentions, they disclosed their invalidity contentions in an expert report. 1996 U.S. Dist. LEXIS 17362, *19-*21, *30. Even though the plaintiff did not move to compel on the issue, the court still precluded the defendants from raising their invalidity defense at trial, *id.* at *30, because defendants' conduct was contrary to the purpose of discovery: "[i]f a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses." *Id*. at *25.

### 2. Pursuant To The Scheduling Order CBOE's Invalidity Contentions Are Readily Discoverable

There is nothing in the Scheduling Order to justify CBOE's attempt to withhold detailed responses to ISE's Interrogatory No. 2. *See Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. C06-0110, 2007 U.S. Dist. LEXIS 70590, at *13-*16 (N.D. Iowa Sept. 24, 2007) (holding that because "[n]othing in the parties' agreement or in the Court's Scheduling Order prohibits discovery on invalidity issues prior to the submission of the prior art statement[,] . . . argument that the Interrogatory is premature is without merit."). Here, both parties expressly agreed—and this Court ordered—that contentions were readily discoverable. *See* D.I. 141 at Section B. Thus, CBOE cannot create in the ongoing expert discovery a procedural impediment to providing detailed invalidity contentions.

### 3. CBOE Cannot Properly Deny Giving Invalidity Contentions Based On Later-Scheduled Expert Discovery

A party may not deny discovery on the basis of expert discovery scheduled for later in the case. *Motorola, Inc. v. Alexander Mfg. Co.*, No. C 90-3062, 1991 U.S. Dist. LEXIS 20535, at *1 (N.D. Iowa Dec. 30, 1991); *see also Perfect Web Techs., Inc. v. INFOUSA, Inc.*, No. 07-80286-CIV, 2008 WL 725726, at *3 (S.D. Fla. Mar. 17, 2008) (granting motion to compel

9

supplementation of invalidity contentions where the party knew of relevant prior art information). In *Motorola*, the plaintiff moved to compel the defendant to "'explain in detail' how each item of prior art affects each patent." *Id*. at *1-*2. Alexander asserted it would not respond to Interrogatory No. 2 more fully until its experts could investigate the items of prior art and their applicability to the patents in suit. *Id*. at *3. The court found this excuse insufficient, granted the motion to compel, and stated:

> the fact remains that Alexander has already listed, for unknown reasons, certain specific items of prior art. Thus, Alexander must have, at the present time, some idea of how each item of prior art relates to the patent in suit under which it is listed in the interrogatory responses. If the prior cited art embodies all features of a design patent at issue, Alexander should say so. If it is cited for a particular feature such as its latch, its grooves, or its edge, that feature should be specified and an explanation should be given as to why Alexander believes it is relevant prior art.

*Id*. at *3-*4. Here, the parties mutually agreed that contention interrogatories would be appropriate after April 9, 2009. *See* D.I. 141 at Section B. ISE has the burden of proof on infringement, and as such provided a detailed element-by-element analysis of its relevant contentions on January 27, 2009 and supplemented those contentions on November 2, 2009, after deposing CBOE's Rule 30(b)(6) witness on aspects of the accused systems and processes. *See* Ex. K, L. CBOE has the burden of proving invalidity, yet it has failed to provide a detailed, element-by-element, invalidity analysis. Instead, CBOE merely disclosed a 46-page list of bates numbers, Ex. C at 9-30; Ex. D at 31-56, and continues to insist that a detailed response is premature until after expert reports are served.

Since CBOE claims that the '707 patent is invalid, has produced forty-six pages of references to support this position, and has provided no justification why it cannot state the bases of its invalidity contentions in detail—nearly two years after it first pled them—this Court should compel CBOE to produce detailed, element-by-element analyses, stating their invalidity

10

contentions. ISE should not have to guess how CBOE contends those references invalidate the asserted claims and therefore support its invalidity defense.

### D. THE NORTHERN DISTRICT OF ILLINOIS'S RECENTLY ENACTED LOCAL PATENT RULES RECOGNIZE THE BENEFITS OF EARLY DISCLOSURE OF INVALIDITY CONTENTIONS

Although the recently enacted Local Patent Rules do not control here, their codification clearly supports ISE's argument that now is an appropriate time for CBOE to supplement its invalidity contentions. First, the Local Patent Rules are in no way contingent on expert reports. Second, in them, this Court in effect refutes CBOE's interpretation of *IP Innovation*, expressly adopting rules that require disclosure of invalidity contentions before and independent of expert discovery. *Compare* LPR 2.3, 3.1, *with* LPR 5.1.

The Patent Rules also recognize that "[a]fter a reasonable period for fact discovery, [] each party must provide a final statement of its contentions on relevant issues . . ." LPR at Preamble (citing LPR 3.4) (emphasis added); *see also O2 Micro Int'l Ltd. v Monolithic Power Sys.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (observing that local patent rule's contentions requirements form "a mechanism for shaping the conduct of discovery and trial preparation"). Notably, they do not link invalidity contentions to the status of expert discovery in any way.[6] In addition, the Local Rules call for invalidity contentions consistent with ISE's request; including an element-by-element invalidity chart, identifying the type of prior art under 35 U.S.C. § 102, identifying each combination that allegedly renders the asserted claims obvious, and the reasons to combine such items. *See* LPR 2.3 (b)(1-4).

Accordingly, this Court anticipates the party alleging invalidity will be fully capable of

---

[6] This is consistent with Federal Circuit precedent and the rules governing patent litigation in numerous other district courts. *See, e.g.,* D. N.J.'s L. Pat. R. 3.3, N.D. Cal.'s L.R. 3-3, W.D. Wash.'s Patent L.R. 121, W.D. Pa.'s LPR 3.4 and N.D. Ga.'s Patent L.R. 4.4

11

providing detailed contentions before the close of fact discovery. Under the Patent Rules production of invalidity contentions is not conditioned on the status of expert discovery. In this case, fact discovery has already closed, and CBOE has yet to provide anything other than a 46-page list of bates-number ranges. Despite repeated efforts to obtain this discovery from CBOE, ISE knows little more today of CBOE's invalidity position than what was disclosed in CBOE's declaratory judgment complaint. CBOE has no credible reason for withholding its bases for alleging that the '707 patent is invalid, except to point to a single inapt case. The issue here is whether CBOE will be permitted to continue to refuse disclosure of information presently known to it, in an attempt to gain a strategic advantage. Such gamesmanship should not be condoned.

## IV.  CONCLUSION

Because ISE is entitled to, and CBOE is obligated to give answers to, ISE's interrogatories, and such answers would narrow the issues in this case, ISE's motion to compel those answers at this time should be granted.

Dated: December 10, 2009            Respectfully submitted,

/s/ Michael S. DeVincenzo
Parker H. Bagley
Steven R. Gustavson
Michael S. DeVincenzo
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone No.: (212) 813-8800
Facsimile No.: (212) 355-3333

Michael D. Huber
Cray Huber Horstman Heil & Van Ausdal LLC
303 W Madison, Suite 2200
Chicago, IL 60606
Telephone No.: (312) 332-8450
Facsimile No.: (312) 332-8451

*Attorneys for Defendant International Securities Exchange, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that a true and correct copy of the foregoing document was filed on December 10, 2009 with the Clerk of the Court using the CM/ECF system, which will send notice to counsel of record.

                                                    /s/ Michael S. DeVincenzo
                                                    Michael S. DeVincenzo