UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CV 0623 |
| vs. ) | |
| ) | Judge Joan H. Lefkow |
| INTERNATIONAL SECURITIES EXCHANGE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Chicago Board Options Exchange, Inc. ("CBOE") filed suit against International Securities Exchange ("ISE") on January 31, 2007, seeking, among other relief, a declaratory judgment that U.S. Patent No. 6,618,707 ("the '707 patent") is invalid, is not infringed by CBOE, and is unenforceable against CBOE due to inequitable conduct by ISE in front of the U.S. Patent and Trademark Office ("the PTO"). Prior to CBOE's filing of its complaint, ISE had sued CBOE in the Southern District of New York alleging infringement of the '707 patent. The earlier action, now designated No. 07 CV 4709 (N.D. Ill.), was transferred to the Northern District of Illinois and assigned to this court.

Before the court is CBOE's November 4, 2009 motion for leave to file a second amended complaint, which makes new allegations of ISE's alleged inequitable conduct. More specifically, CBOE's proposed amendment alleges that (1) Gary Katz, the named inventor of the '707 patent, intentionally failed to disclose material prior art, the OM Product Description, to the PTO; (2) Katz and Katherine Simmons, an ISE attorney, intentionally withheld trading rules of

1

other exchanges that referred to public customer priority, size-based allocation, and pro rata allocation from the PTO; and (3) Stephen Lieb, the attorney responsible for prosecuting the application for the '707 patent, intentionally did not disclose the Chicago Board of Trade's Project A document to the PTO.

ISE opposes CBOE's motion, arguing that (1) CBOE cannot establish good cause for amending the complaint at this advanced stage of the litigation, (2) the proposed amendment is the result of undue delay and would unnecessarily prejudice ISE, (3) the proposed amendment is futile as it could not withstand summary judgment, and (4) the proposed amendment does not meet Federal Rule of Civil Procedure 9(b)'s pleading requirements.  For the following reasons, CBOE's motion for leave to file a second amended complaint [#209] is denied.

## LEGAL STANDARD

Rule 15(a) provides that after the opposing party has served a responsive pleading—as ISE has in this case—a party may amend its complaint "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The parties agree that although Rule 15(a) sets out a liberal standard for granting leave to amend pleadings, "leave is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa* v. *City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman* v. *Davis*, 371 U.S. 178, 183, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).  As discovery has closed, a *Markman* hearing has been held, and CBOE filed its motion to amend two weeks before the deadline for filing dispositive motions, CBOE's proposed allegations

would be futile at this stage if they do not satisfy the requirements of the federal rules and would not withstand summary judgment. *See United States ex rel. Fowler* v. *Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007), *overruled on other grounds by Glaser* v. *Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009); *King ex rel. King* v. *E. St. Louis Sch. Dist. 189*, 489 F.3d 812, 819 (7th Cir. 2007); *Sound of Music Co.* v. *Minn. Mining & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007).

Where as in this case a scheduling order has been entered and the deadline for amendments has passed, CBOE must first demonstrate good cause before Rule 15(a)'s more liberal standard for amendments applies. Fed. R. Civ. P. 16(b)(4); *Connell* v. *KLn Steel Products Co.*, No. 04 C 0194, 2006 WL 1120514, at *4 (N.D. Ill. Apr. 25, 2006). The Seventh Circuit has explained that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co.* v. *Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

**DISCUSSION**

**I.     Good Cause**

A scheduling order entered by agreement on October 25, 2007, provided that amendments to the pleadings were to be filed by January 11, 2008. Later amendments could be made only on motion for good cause shown. While CBOE argues that it has been diligent in seeking amendment of its inequitable conduct claim, it has not demonstrated this to be the case. Although CBOE has alleged inequitable conduct since at least May 2007 when it filed its amended complaint, its proposed amendment would change the theory and facts on which its

inequitable conduct claim is based. CBOE claims that it only recently became aware of the newly alleged acts that demonstrate ISE's inequitable conduct in prosecuting the '707 patent and thus is seeking only to conform its pleadings to the evidence. Specifically, CBOE claims that the most significant facts underlying its proposed amendment were only uncovered during Simmons's deposition on April 6, 2009, Lieb's deposition on May 22, 2009, and Katz's deposition on June 22 and 23, 2009. CBOE's Mem. at 3. It further argues that the fact that it supplemented its interrogatory response related to inequitable conduct on four occasions, May 11, 2009, June 19, 2009, August 4, 2009, and October 5, 2009, prior to filing the instant motion to amend evidences its diligence. *Id.* at 2 n.3. Finally, CBOE contends that it brought the new allegations to the court's and ISE's attention in its motion for a prior and separate nonjury trial on inequitable conduct, filed on September 16, 2009.[1]  *Id.* at 3.

     CBOE has not provided any explanation for why it waited until November 4, 2009 to seek leave to file an amended complaint conforming the pleadings to this newly discovered evidence, particularly since it announced its theory in its detailed memorandum in support of its motion for a prior and separate nonjury trial which included the proposed allegations. Further, CBOE cannot claim to be surprised that it has to amend its complaint to assert these new bases for inequitable conduct. CBOE is a sophisticated litigant and was notified by ISE as early as August 6, 2009 that ISE expected any new allegations would have to be made part of CBOE's complaint before CBOE could proceed further on them. *See* Ex. A to Decl. of Brian J. Prew in Support of ISE's Opp'n. CBOE, however, waited until after fact discovery had closed (on June 23, 2009), the *Markman* hearing took place, expert reports were exchanged, and two weeks

---

[1] This motion was granted without objection on September 29, 2009. *See* Dkt. No. 204.

before dispositive motions were due to move to amend. Without an explanation for the delay of six weeks beyond the filing of the September memorandum, CBOE's delay does not reflect diligence, precluding a finding of good cause that would allow CBOE to amend its complaint.

## II. Delay and Undue Prejudice

ISE further argues that CBOE's motion to amend should be denied because it is the result of delay and would unnecessarily prejudice ISE. CBOE's delay in filing its motion to amend has been addressed above. Under Rule 15(a), however, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys* v. *Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz* v. *Commonwealth Edison Co.*, 377 F.3d 787, 792–93 (7th Cir. 2004); *Perrian* v. *O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)).

Although ISE claims that it would be unduly prejudiced if CBOE's motion were granted, as fact and expert discovery would have to be reopened and an additional *Markman* hearing held, the fact that it has filed a summary judgment motion on CBOE's proposed allegations of inequitable conduct contradicts this claim. As CBOE notes, ISE argues in its motion for summary judgment that no material facts are disputed and that it is entitled to judgment as a matter of law on CBOE's inequitable conduct claim. *See* CBOE Reply at 9. If that is the case, ISE's professed need for additional discovery in opposing this motion to amend seems disingenuous. Further, while ISE claims expert discovery would have to be reopened, this does not appear to be the case, as ISE's proferred expert report addresses CBOE's proposed allegations of inequitable conduct. Thus, although the court will admit that ISE may suffer some prejudice if the amendment is allowed, because ISE has filed for summary judgment on the proposed amendment and tendered an expert report addressing these new allegations, the court

cannot find that the prejudice ISE will suffer is undue.

## III.     Futility

In order to prove inequitable conduct, CBOE must establish that (1) an individual associated with the filing and prosecution of the '707 patent affirmatively misrepresented a material fact, failed to disclose material information, or submitted false material information to the PTO; and (2) in doing so, the individual intended to deceive the PTO. *Exergen Corp.* v. *Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). ISE argues that CBOE's proposed amendment is futile for not only could it not survive summary judgment, but it also does not meet the pleading requirements set out in Rule 9(b).

### A.     Rule 9(b)

Inequitable conduct must be pled with particularity: "Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1326–27. "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized bases for the allegation, does not satisfy Rule 9(b)." *Id.* Knowledge and intent can be pled generally, but there must be "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327.

As mentioned above, CBOE sets out three claims of inequitable conduct in its proposed pleadings: (1) Katz intentionally failed to disclose the OM Product Description to the PTO, Proposed Second Am. Compl. ¶¶ 17–32; (2) Katz and Simmons intentionally failed to disclose to the PTO trading rules of other exchanges that referred to public customer priority, size-based allocation, and pro rata allocation, *id.* ¶¶ 33–42; and (3) Lieb intentionally withheld the Chicago

Board of Trade's Project A document from the PTO. *Id.* ¶¶ 43–47. In its reply, CBOE appears to withdraw its allegations concerning Lieb and the Project A document. *See* CBOE Reply at 3 n.1 ("ISE insists that CBOE has included its patent attorney, Steven Lieb, as a person who committed inequitable conduct. No such allegation appears in the proposed amended complaint."). Thus, the court will assume that CBOE no longer intends to include paragraphs 43–47 in its proposed amended complaint and will only address whether CBOE's first two proposed claims meet Rule 9(b).

### 1. *OM Product Description*

CBOE alleges in its proposed amended complaint that Katz intentionally withheld the OM Product Description from the PTO. CBOE claims the OM Product Description is material prior art to the '707 patent as it reveals that claim 1 was fully anticipated and that arguments made by ISE with respect to claims 1 and 35 would not have succeeded if the examiner knew of the OM Product Description. CBOE does not, however, specify what portions of the over 100-page document were material, as it must do to set forth the "particularized bases" for its allegation. *See Exergen*, 575 F.3d at 1327, 1329 (finding that the pleading in that case failed to meet Rule 9(b) because it did not identify "where in [the] references the material information is found–i.e., the 'what' and 'where' of the material omissions"). This is particularly vexing in light of the Katz deposition in which CBOE questions Katz at length about whether the OM Product Description contains elements of the claims. *See* Katz Dep. 135–161, June 22, 2009 (Dkt. No. 189). CBOE, however, does not explain in more than general terms, even in its brief, precisely what should have been disclosed that was not and why it is material.

Thus, CBOE's proposed allegations relating to the OM Product Description fail to meet

Rule 9(b).

### 2. *Trading Rules of Other Exchanges*

CBOE also seeks to allege that Katz and Simmons intentionally withheld trading rules of U.S. financial exchanges, as published and publicly used, that relate to public customer priority, size-based allocation, and pro rata allocation from the PTO. CBOE contends that these trading rules are material prior art to the '707 patent as they disclose that the priority and allocation concepts were not original and so arguments made distinguishing prior art from the '707 patent could not have been made if these rules had been disclosed. As with the OM Product Description, CBOE has not specified what rules should have been disclosed or the substance of these allegedly material rules. Although failure to disclose printed publications is not the only basis for inequitable conduct, CBOE still must comply with Rule 9(b)'s requirement of particularity in its attempt to rely on Katz's and Simmons's knowledge of these unspecified trading rules and their public use as a basis for inequitable conduct. Because CBOE has only generally averred that rules involving public customer priority, size-based allocation, and pro rata allocation existed prior to the '707 patent, instead of specifically identifying which trading rules involved such concepts or which exchanges used these concepts, it has not met the heightened pleading standard required by Rule 9(b).

### B. **Ability to Withstand Summary Judgment**

As previously stated, due to the advanced stage of the litigation, CBOE would also have to demonstrate that its proposed amendment could withstand summary judgment for the amendment to be allowed. Had the motion to amend been brought on a timely basis, and had the proposed pleading approached fulfillment of the particularity requirement, the court would be

8

inclined to allow the pleading and address the issues on summary judgment. But with these omissions, the court concludes that the motion for leave to file a second amended complaint asserting a new theory of inequitable conduct should be denied.[2]

## CONCLUSION

For the foregoing reasons, CBOE's motion for leave to file a second amended complaint [#209] is denied. ISE's motion for summary judgment on the inequitable conduct allegations in CBOE's proposed amended complaint [#218] is dismissed as moot.

Dated: December 22, 2009                Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge

---

[2] Further, even if Rule 9(b) was met, as ISE filed a motion for summary judgment on the proposed allegations, the court would decline to determine whether CBOE's proposed allegations could withstand summary judgment without the benefit of the full briefing of the issues involved.