**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>Plaintiff,<br><br>    v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>               Defendant. | Civil Action No. 07-cv-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br>Hon. Jeffrey Cole, U.S.M.J. |

**MEMORANDUM OF CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED IN SUPPORT OF ITS DECEMBER 2009 MOTION TO AMEND THE COMPLAINT**

Chicago Board Option Exchange, Incorporated ("CBOE") hereby moves the Court pursuant to Fed. R. Civ. P. 15(a) for an order permitting CBOE to file the attached revised Second Amended Complaint (Exhibit 1)[1] that addresses the Fed. R. Civ. P. 9(b) issues raised by the Court in its December 22, 2009 Opinion and Order.

This motion is addressed to the sound discretion of the Court, as well as to the Court's role as a Chancellor in equity to prevent the occurrence of a manifest injustice.

The attached Second Amended Complaint provides additional details to CBOE's inequitable conduct defense that was set forth in the November 4, 2009 proposed amended complaint which, the Court determined, lacked sufficient detail under Rule 9(b). However, the substance or merits of the underlying inequitable conduct defense remains the same. As CBOE represented to the Court in its September 16, 2009 motion for a prior nonjury trial on the issue of

---

[1] Also attached hereto as Exhibit 2 is a blacklined copy of the revised Second Amended Complaint noting the revisions to the proposed Second Amended Complaint filed by CBOE on November 4, 2009. (*See* D.I. 211-2).

inequitable conduct, the defense that was the subject of the September 16 motion – and is the subject of the present motion – is one of "unusually substantial merits" based upon facts of record that are "particularly compelling."

Given that ISE seeks in this case to enjoin the operation of the CBOE and has demanded damages in excess of $200,000,000, it is particularly critical that CBOE's liability be determined on the merits of all of its substantive defenses.

## CBOE Did Not Delay For Six Weeks Beyond the Filing of Its September Memorandum Before Moving to Amend

The Court recognized in its December 22, 2009 Opinion and Order that on September 16, 2009, CBOE had filed a memorandum setting forth in detail the facts obtained through discovery that are the basis for CBOE's inequitable conduct defense. The Court further recognized that ISE was sufficiently on notice of the details of CBOE's inequitable conduct defense to (1) file an expert report addressing the proposed allegations of inequitable conduct, and (2) file a motion for summary judgment on the proposed allegations in which it asserted that no material facts were in dispute.

Regarding the issue of delay subsequent to the filing of the September memorandum (Opin. p. 5), the following chronology is particularly pertinent. On October 14, 2009, counsel conferred by telephone regarding a number of issues, including the filing of an amended complaint. At that time, CBOE counsel, Mr. Marshall, asked ISE counsel, Mr. Bagley, if he would consent to the filing of an amended complaint to include the inequitable conduct defense that was the subject of the September memorandum. ISE counsel requested that CBOE provide a copy for his review before he would respond to the request. The proposed pleading was sent to

ISE counsel on October 22.  ISE responded on October 28, announcing its opposition on the grounds of timeliness, prejudice and "fruitlessness."  Four business days later, on November 4, CBOE filed its motion to amend.

It should be inferred from the foregoing chronology that as of October 14, ISE did not believe that the filing of an amended complaint would be untimely.  Had it thought otherwise, it would simply have rejected CBOE's request and not have asked to see a copy of the proposed pleading before responding to CBOE.  Nor did ISE believe as of October 22 when it received the proposed pleading that it was untimely.  Otherwise, it would have announced its position at that time and not have taken six days before rejecting CBOE's request.  CBOE moved promptly on November 4 after receiving ISE's October 23 rejection.

### The Present Proposed Amended Complaint Satisfies the Requirement s of Rule 9(b), Fed. R. Civ. P.

It was CBOE's intention in submitting the November 4 amended complaint to rely primarily on the testimonial admissions of ISE witnesses and the content of the related exhibits of record to satisfy the requirements of Rule 9(b).  The attached proposed amended complaint seeks to cure the deficiencies in particularity noted by the Court.

#### The OM Product Description

The particulars of the inequitable conduct with respect to the OM Product Description is addressed at Paragraphs 17 through 55 of the proposed amended complaint.  The newly-added particulars include:

- o a recitation of the specific claim of the application that is anticipated by the OM Product Description (¶ 25);
- o specific cites to the body of the OM Product Description on a feature-by-feature basis where the pertinent disclosure is found, as well as cites to the pertinent testimony of Mr. Katz (¶¶ 26-41);

- the specific reasons why the withheld OM Product Description is material (¶¶ 25-46)
- the specific arguments made to the PTO to distinguish claims over the cited art that are refuted by and inconsistent with the disclosure of the OM Product Description (¶¶ 47-49).

Trading Rules of Other Exchanges

The particulars of the inequitable conduct with respect to trade allocation mechanisms that were being used by existing options exchanges are addressed at Paragraphs 56 through 80 of the proposed amended complaint.

In its proposed amended complaint filed November 4, CBOE intended to use the term "rule" broadly to denote a usual or customary practice as opposed to only a specific written regulation. The present proposed amended complaint seeks to avoid the miscommunication that was engendered by the use of the term "rule". CBOE has adopted instead the use of the expression "allocation mechanism" that was used by Mr. Katz to describe the differences between his invention and the prior art (¶ 56), and the expression "allocation parameter" that appears, for example, in issued claim 1 of the '707 patent (¶ 57).

The material withheld information at issue here is not limited any particular rule or regulation of an exchange, but specifically includes the knowledge of Mr. Katz and Ms. Simmons of the prior public uses by existing options exchanges of the particular allocating "mechanisms" or "parameters" of public customer priority, size-based allocation and pro rata allocation. The testimonial admissions are sufficiently specific to encompass the limitations of at least claims 1 and 35 because those claims recite the allocation parameters or mechanisms very broadly. None of the more specific allocation algorithms that are disclosed in the patent specification are limitations of claim 1 or claim 35.

The newly-added particulars of the inequitable conduct with respect to trade allocation mechanisms (or parameters) that were in public use are as follows:

- the specific differences between the automated exchange of the '707 patent and the prior art in the estimation of the named inventor, Mr. Katz (¶ 56);
- a recitation of claim 1 as issued that includes the particular allocation mechanisms (or parameters), knowledge of the public use of which was withheld from the PTO (¶ 57);
- a specific comparison of claim 1 as filed and claim 1 as issued, highlighting the particular allocation mechanisms of customer priority and size-based allocation that were added by amendment (¶ 58);
- specific admissions of Mr. Katz and Ms. Simmons as to their awareness of the prior public use of the pertinent allocation mechanisms (or parameters) (¶¶ 62-66);
- specific admissions of Ms. Simmons as to here awareness of specific prior art rules of the CBOE that addressed the pertinent allocation mechanisms (or parameters) as well an awareness of the prior art rules of the NYSE (¶ 68);
- the specific reasons why the withheld information is material (¶¶ 67,69);
- the specific arguments made to the PTO to distinguish claims over the cited art, which arguments are refuted by and inconsistent with the withheld information regarding prior public uses of the pertinent allocating mechanisms (or parameters) (¶¶ 70-72);
- a specific cite to the page of the prosecution history which records the examiner interview at which Ms. Simmons remained silent while the allocating paragraphs of claims 1 and 35 were being discussed as well as the cite to Ms. Simmons' testimony on the subject (¶ 73).

## Conclusion

In footnote 2 at page 9 of the December 22 Opinion and Order, the Court notes that ISE has filed its motion for summary judgment addressing the proposed allegations. All such allegations are based upon the testimony of ISE witnesses in this case as well as documents produced by ISE. CBOE notes, however, that prior to the date of the Opinion and Order, it had served and filed its opposition to ISE's motion. Accordingly, all that remains to be done before

the Court would have "the benefit of the full briefing of the issues involved" is for ISE to file a substantive reply.

For the foregoing reasons, and to avoid a manifest injustice, CBOE respectfully requests that the Court enter the proposed amended complaint (Exhibit 1), restore ISE's motion for summary judgment on the proposed allegations to the calendar, and set a date for the filing of ISE's substantive reply.

Given the critical importance of this motion to CBOE, although it is not the usual practice of the Court, CBOE respectfully requests the Court grant oral argument in this instance.

Dated: December 31, 2009

By: s/ Jonathan A. Marshall
Jonathan A. Marshall
David Francescani
Michael T. Zoppo
Brian J. Doyle
**FISH & RICHARDSON P.C.**
601 Lexington Ave, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

*Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated*

OF COUNSEL:
Paul E. Dengel
Stacie R. Hartman
Mark E. Ashton
**SCHIFF HARDIN LLP**
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600

Joanne Moffic-Silver
Jordan Newmark
**CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED**
400S. LaSalle Street
Chicago, IL 60605
Telephone: (312) 786-7909

30517915.doc