## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Chicago Board Options Exchange, Inc.,

        Plaintiff,

    v.

International Securities Exchange, LLC,

        Defendant.

Civil Action No. 07-cv-623

The Hon. Joan H. Lefkow, U.S.D.J.
The Hon. Jeffrey Cole, U.S.M.J.

## INTERNATIONAL SECURITIES EXCHANGE, LLC'S
## MEMORANDUM IN OPPOSITION TO CBOE'S DECEMBER 2009
## MOTION TO AMEND THE COMPLAINT

# **TABLE OF CONTENTS**

PAGE

I.      Introduction ................................................................................................................1

II.     CBOE Has Failed To Provide Any Reason For This Court To Reconsider Its Prior
        Finding ........................................................................................................................2
        A.      This Court Did Not Misapply or Disregard Law in Finding CBOE Was
                Not Diligent in Moving to Amend Its Complaint, and CBOE Fails to Offer
                Any Newly Discovered Evidence to Explain its Delay ...........................................4
        B.      ISE Did Not Acquiesce to CBOE's Delay.............................................................4

III.    As With Its November Motion, CBOE Fails To Establish Good Cause For Its
        Untimely Proposed Amendment..................................................................................5
        A.      The December 31, 2009 Amendment Fails To Satisfy Rule 16(b) Because
                CBOE Fails To Provide Evidence Of Diligence That Could Support A
                Finding Of "Good Cause"........................................................................................5
        B.      CBOE's Current Proposed Amendment Would Result In Undue Delay
                And Unnecessarily Prejudice ISE Because It Contains Allegations Broader
                Than CBOE's November Proposed Amendment ....................................................6

IV.     CBOE's New Allegations Of Inequitable Conduct Still Fail To Meet The
        Pleading Requirements Of Fed. R. Civ. P. 9(b)...........................................................8

V.      Conclusion ..................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Agfa Corp. v. Creo Prod. Inc.*,
    451 F.3d 1366 (Fed. Cir. 2006)..................................................................................7

*Cleveland v. Porca Co.*,
    38 F.3d 289 (7th Cir. 1994) ......................................................................................7

*Connell v. KLN Steel Prods. Co., Ltd.*,
    No. 04-C-0194, 2006 WL 1120514 (N.D. Ill. Apr. 25, 2006)....................................5

*Exergen Corp. v. Wal-mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)..................................................................................8

*Garner v. Kinnear Mfg. Co.*,
    37 F.3d 263 (7th Cir. 1994) ......................................................................................7

*Keene Corp. v. Int'l Fidelity Ins. Co.*,
    561 F. Supp. 656 (N.D. Ill. 1982) .............................................................................6

*Oto v. Metro. Life Ins. Co.*,
    224 F.3d 601 (7th Cir. 2000) ....................................................................................3

*Spirk v. Sullivan*,
    No. 02-C-9228, 2003 U.S. Dist. LEXIS 15109 (N.D. Ill. Aug. 28, 2003) ................3

*Trustmark Inc. Co. v. General & Cologne Life Re of America*,
    424 F.3d 542 (7th Cir. 2005).................................................................................5, 6

*Trustmark Ins. Co. v. General Cologne Life Reinsurance of Am.*,
    No. 00-C-1926, 2002 U.S. Dist. LEXIS 9871 (N.D. Ill. May 23, 2002) ...................2

*Whitten v. ARS Nat'l Servs., Inc.*,
    No. 00-C-6080, 2002 WL 1332001 (N.D. Ill. June 18, 2002) ..............................1, 3

STATUTES

35 U.S.C. § 102 (2006) ....................................................................................................2, 6, 7

Fed. R. Civ. P. 9(b) (2009)...............................................................................................2, 8, 9

LIBNY/4881858.2

## I.     Introduction

Defendant International Securities Exchange, LLC ("ISE") respectfully submits this memorandum in opposition to Plaintiff Chicago Board Options Exchange, LLC's ("CBOE") December 31, 2009 Motion to Amend the Complaint ("the December 31, 2009 Motion") (D.I. 270).

CBOE filed this motion just over a week after this Court denied CBOE's November 4, 2009 Motion to Amend the Complaint ("the November Motion") seeking to add three new allegations of inequitable conduct.  This Court denied the November Motion because of CBOE's lack of diligence in moving to amend, and failure to plead its allegations with sufficient particularity.  (D.I. 265).  With its current motion, CBOE seeks to amend the Complaint to add broader allegations of inequitable conduct concerning subject matter similar to that in its November Motion.  CBOE does not, however, identify any newly discovered evidence or articulate any significant differences between this motion and its November Motion that this Court denied.  CBOE styles this as a new motion to amend, instead of what it self-evidently is— a motion to reconsider.  Undoubtedly, this is so CBOE could avoid the high standard for motions to reconsider, requiring a showing of "manifest errors of law or fact" or "newly discovered evidence."  *Whitten v. ARS Nat'l Servs., Inc.*, No. 00-C-6080, 2002 WL 1332001, at *1 (N.D. Ill. June 18, 2002) (Lefkow, J.).

One reason this Court denied the November Motion was CBOE lacked diligence in filing it.  CBOE "waited until after fact discovery had closed (on June 23, 2009), the *Markman* hearing took place, expert reports were exchanged, and two weeks before dispositive motions were due to move to amend."  (D.I. 265 at 4-5).  As this Court found, CBOE "cannot claim to be surprised that it had to amend its complaint" because CBOE "is a sophisticated litigant" who was reminded of its obligation "as early as August 6, 2009."  *Id.* at 4.  This Court also found CBOE failed to "provide[] **any explanation** for why it waited until November 4, 2009 to seek leave to file an amended complaint."  *Id*. (emphasis added).

Despite these express findings, CBOE ignores its lack of diligence between June 23, 2009 and October 14, 2009, and only attempts to establish diligence for a two-week period following the parties' October 14, 2009 meet and confer—during which CBOE alleges it was preparing the November Motion, and the accompanying proposed complaint.  Amazingly, CBOE also argues this Court should "infer" that ISE acquiesced and/or waived its arguments of delay.

1

(D.I. 270 at 2-3).  However, ISE explicitly and unequivocally informed CBOE in writing—both before and after the October 14, 2009 meet and confer—that any motion to amend would be untimely.  *See* Exs. A-D[1].  Thus, CBOE's requested inference is both illogical and contrary to the clear record.  None of CBOE's attempted excuses for its lack of diligence demonstrate a "manifest error of law or fact" or offer any "newly discovered evidence."  This alone warrants denial of CBOE's motion..

Although CBOE fails to explain the delay at issue, it attempts to take advantage of that delay, and its failure to properly plead inequitable conduct consistent with the requirements of Federal Rule 9(b), by adding broader allegations than those contained in CBOE's proposed November amendment.  For example, CBOE previously alleged "rules of other exchanges," as printed and implemented, were material to patentability.  CBOE now argues that, despite myriad references to the "rules of other exchanges" in pleadings, this allegation was a "miscommunication," and that it intended the phrase to refer to the broader concept of the "usual and customary practice" of exchanges regardless if such practices were actually embodied in the "rules of other exchanges."  (D.I. 270 at 4).  Also, without explanation, CBOE seeks to broaden its theory of materiality concerning the OM Product Description by including new allegations that the document is prior art under 35 U.S.C. §§ 102(a) and (b), in addition to § 102(f).  (D.I. 270-2 at ¶ 24).

Lastly, CBOE's new allegations regarding the "usual and customary practice" of exchanges are not pled with sufficient particularity, as CBOE fails to identify who (among Mr. Katz or Ms. Simmons) was aware of which usual and customary practices of which exchanges.  (D.I.  270-2 at ¶¶ 56-79).  As such, like its November Amended Complaint, CBOE's December 31, 2009 Amended Complaint fails to comply with Federal Rule 9(b).

## II.     CBOE Has Failed To Provide Any Reason For This Court To Reconsider Its Prior Finding

"This court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  *Trustmark Ins. Co. v. General Cologne Life Reinsurance of Am.*, No. 00-C-1926, 2002 U.S. Dist. LEXIS 9871, at *2-3 (N.D. Ill. May 23, 2002), *aff'd* 424 F.3d 542 (7th Cir. 2005).  Rather, motions to reconsider will only be granted "in a narrow set of circumstances,"

---

[1] "Ex. __" are attached to the Declaration of Brian J. Prew in Support of International Securities Exchange, LLP's Opposition to CBOE's December 2009 Motion to Amend the Complaint.

2

Judge Lefkow's Case Management Procedures, Motion Practice, *available at* http://www.ilnd.uscourts.gov/home/Print_JudgePage.aspx, such as "to correct manifest errors of law or fact or to present newly discovered evidence," or to notify the court when it "has patently misunderstood a party, or has made a decision outside the adversarial issues presented . . . by the parties, or has made an error not of reasoning but of apprehension." *Whitten,*, 2002 WL 1332001, at *1. "[T]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment." *Spirk v. Sullivan*, No. 02-C-9228, 2003 U.S. Dist. LEXIS 15109, at *19-20 (N.D. Ill. Aug. 28, 2003) (citing *Popovits v. Circuit City Stores, Inc.,* 185 F.3d 726, 730 (7th Cir. 1999)).  A manifest error "is not demonstrated by the disappointment of the losing party," but "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

CBOE's memorandum in support of its motion lacks any mention of a manifest error, much less demonstrates one exists, so as to justify reconsideration of this Court's decision. CBOE does not allege or demonstrate that this Court disregarded, misapplied or failed to recognize controlling precedent when it found CBOE lacked diligence in filing its November Motion.  (D.I. 270).[2]  This Court found CBOE delayed by "wait[ing] until after discovery had closed (on June 23, 2009), the *Markman* hearing took place, expert reports were exchanged, and two weeks before dispositive motions were due" before filing its November Motion.  (D.I. 265 at 4-5).  The Court also found CBOE "cannot claim to be surprised that it had to amend its complaint" because it is a "sophisticated litigant" and was "notified by ISE as early as August, 6, 2009."  *Id*. at 4.  Despite these findings, CBOE only alleges diligence during a two-week period (October 14-28, 2009) when it was preparing its November Motion and accompanying proposed amendment.  (D.I. 270 at 2-3).  Besides ignoring all delay that occurred before October 14, 2009, CBOE also casts blame for its delay on counsel for ISE.  Not only are its accusations baseless— as demonstrated below—but CBOE also fails to provide a reason why it failed to present to this Court with its November Motion its argument concerning a two-week period of diligence.

---

[2] In fact, CBOE fails to cite a single case.  (*See* D.I. 270).

LIBNY/4881858.2

A. **This Court Did Not Misapply or Disregard Law in Finding CBOE Was Not Diligent in Moving to Amend Its Complaint, and CBOE Fails to Offer Any Newly Discovered Evidence to Explain its Delay**

This Court found that CBOE's decision to wait until after the close of fact discovery, the *Markman* Hearing took place, and expert reports were exchanged before filing its November Motion, precludes a finding of diligence.  (*See* D.I. 265 at 3-5).  Pursuant to the parties' agreement, this Court ordered no amendments to the pleadings are permitted after January 11, 2008, absent a "showing of good cause."  (D.I. 57).  It is now two years later, and the only "diligence" addressed in CBOE's December 31, 2009 Motion concerns a two week period following the parties' October 14, 2009 meet and confer.

CBOE does not now, nor has it ever, disputed that as of June 23, 2009 it was aware of all the facts relevant to its allegations regarding Ms. Simmons and Mr. Katz.  Nor can CBOE dispute that, on August 6, 2009—two days after receiving for the first time, CBOE's supplemental interrogatory responses containing allegations regarding Mr. Katz—ISE promptly informed CBOE those new allegations were baseless and "not part of the present action and any attempts by CBOE to amend its pleadings to add new allegations of inequitable conduct … would be fruitless."  Ex. A.

Despite this Court's prior finding, CBOE largely fails to address diligence between June 23, 2009 and November 4, 2009.[3]  Instead, CBOE argues only that this Court wrongly determined it delayed between June 23, 2009 and November 4, 2009, when according to CBOE, it delayed only until October 14, 2009—because thereafter it was preparing the November Motion and accompanying proposed amendment.  CBOE further seeks for this Court to excuse its months of delay because ISE allegedly acquiesced in and/or excused CBOE's conduct.

B. **ISE Did Not Acquiesce to CBOE's Delay**

CBOE's suggestion that as of October 14, 2009 "ISE did not believe that the filing of an amended complaint would be untimely" and that ISE acquiesced in CBOE's delay, (D.I. 270 at 3), is belied by the parties' contemporaneous correspondence.  When ISE requested a meet and confer, on October 13, 2009, concerning CBOE's various allegations of inequitable conduct, ISE informed CBOE that it had "failed to timely amend its Complaint" to include any new theories of

---

[3] A complete description of CBOE's lack of diligence is provided in ISE's Opposition to CBOE's November Motion to Amend.  (*See* D.I. 215 at 4-9).

inequitable conduct:

> As ISE indicated over two months ago, to the extent CBOE seeks to add new theories of inequitable conduct it is required to amend its Complaint. **Despite being notified of its obligation to amend its Complaint over two months ago, and despite being aware of the evidence cited in CBOE's Motion for a Separate Trial on Inequitable Conduct for months, CBOE has failed to timely amend its Complaint** ….

Ex. B at 1 (emphasis added).  Furthermore, on October 16, 2009, a mere two days after the parties' meet and confer, ISE referred to CBOE's new allegations as those CBOE "intends to belatedly move to add to the present action."  Ex. C.  Consistent with these communications, on October 28, 2009, ISE indicated CBOE's proposed amendment would be "untimely."  Ex. D.  In light of the above chronology, CBOE's suggestion that this Court "infer" ISE excused CBOE's behavior, waived its arguments of delay, and/or acquiesced to CBOE amending the complaint in November—let alone again in December—strains credibility.  Moreover, that counsel for ISE requested a copy of CBOE's proposed amended complaint—after making clear that any proposed amendments would be untimely—in no way excuses CBOE's dilatory filings after this Court's procedural deadlines had passed.  While CBOE may be disappointed in this Court's decision, that is no excuse for CBOE making baseless and misleading arguments in an attempt to shirk responsibility for its own tactical decisions and procedural failures.

## III.  As With Its November Motion, CBOE Fails To Establish Good Cause For Its Untimely Proposed Amendment

### A.  The December 31, 2009 Amendment Fails To Satisfy Rule 16(b) Because CBOE Fails To Provide Evidence Of Diligence That Could Support A Finding Of "Good Cause"

This Court found CBOE failed to show good cause for amending the complaint in its November Motion because CBOE did not "provide[] any explanation for why it waited until November 4, 2009 to seek leave to file an amended complaint."  (D.I. 265 at 3-5).  Because CBOE fails to give any credible explanation for its delay in filing its current motion, as recounted in Section II above, the Court should find CBOE has again failed to show good cause concerning its present motion to amend—filed almost two months later.  *See Trustmark Inc. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."; *Connell v. KLN Steel Prods. Co., Ltd.*, No. 04-C-0194, 2006 WL 1120514, at *4 (N.D. Ill. Apr.

5

25, 2006) (holding if diligence cannot be established, inquiry should end and the motion to amend should be denied).

**B.     CBOE's Current Proposed Amendment Would Result In Undue Delay And Unnecessarily Prejudice ISE Because It Contains Allegations Broader Than CBOE's November Proposed Amendment**

To move to amend the complaint after the deadline set forth in this Court's scheduling order, CBOE must demonstrate diligence. (D.I. 265 at 3). Despite this Court's finding that CBOE did not diligently file its November Motion, CBOE's current proposed amended complaint contains new, and admittedly *broader*, theories of inequitable conduct but fails to mention or demonstrate diligence up to its December 31, 2009 filing. Instead, CBOE improperly uses this Court's denial of the November Motion as an opportunity "to tender new legal theories for the first time . . . . as though [this Court's] Opinion had not issued." *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 666 (N.D. Ill. 1982) (denying motion to reconsider where defendant's new arguments were "merely a variant" of previous contentions).

For the first time, CBOE asserts the previously unidentified "rules of other exchanges" are not actually "rules of other exchanges" but instead encompass the broader concept of "usual and customary practices" of exchanges. (D.I. 270 at 4). CBOE further asserts that its repeated prior references to "rules of other exchanges" was a mere "miscommunication." *Id*. As with CBOE's attempt to blame ISE for its own delay, this argument is utterly without merit and borders on sanctionable conduct. In all previous filings with this Court CBOE has made clear that the "rules of other exchanges" as published and implemented are what was allegedly withheld. (*See, e.g.,* D.I. 184 at 12 ("The rules of [other] exchanges, both as published and as implemented"); D.I. 211-2 at ¶ 33 ("Prior to the date of conception of the subject matter disclosed and claimed in the '707 patent, financial exchanges in the United States operated in accordance with certain trading rules. Such trading rules, both as published and implemented …"); D.I. 235 at 1 ("[E]xisting financial exchanges had published and implemented allocation rules …")). In light of CBOE's previous unambiguous allegations, both this Court's December 22, 2009 Order and ISE's Cross-Motion for Summary Judgment were directed to CBOE's theories regarding the "rules of other exchanges" as published and implemented. (*See* D.I. 265; D.I. 219).

Furthermore, CBOE's November Complaint only alleged the OM Product Description, was invalidating prior art under 35 U.S.C. § 102(f). (D.I. 211-2 at ¶ 24). As such, ISE's Cross-

Motion for Summary Judgment demonstrated the document was not prior art under that section. (D.I. 219 at 7-9). CBOE's new amended complaint broadens its previous allegations, alleging the OM Product Description is now prior art under 35 U.S.C. §§ 102(a) and (b), in addition to § 102(f). (D.I. 270-2 at ¶ 24). These new theories of materiality were not part of CBOE's proposed November amendment and are admittedly unrelated to CBOE's previous failure to plead inequitable conduct with specificity.[4]

As CBOE did not diligently file its November Motion, its new allegations concerning "usual and customary" practices, which were admittedly not previously alleged, and new theories concerning the materiality of the OM Product Description, are likewise untimely and plainly improper.[5] CBOE's attempt to add these allegations after receipt of ISE's Cross-Motion for Summary Judgment, and without explanation—other than CBOE's disingenuous suggestion that a "miscommunication" occurred—would plainly prejudice ISE. *See Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) (affirming district court denial of motion to amend "after discovery was completed and after motions for summary judgment were fully briefed"); *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269-70 (7th Cir. 1994) (affirming denial of motion to amend after opposition had moved for summary judgment). For example, these new allegations would require another round of summary judgment motions, and the reopening of expert discovery concerning inequitable conduct,[6] as well additional *Markman* briefing and a hearing.[7] (*See* D.I. 215, ISE's Opposition to CBOE's November Motion to Amend at 7).

---

[4] Tellingly, with respect to the OM Product Description, CBOE only relies upon the revisions to Paragraphs 25-29 of the November proposed amendment to demonstrate the pleading requirement has been satisfied. The revision to CBOE's theory of materiality with respect to the OM Product Description—Paragraph 24—is conveniently ignored. It is readily apparent that this proposed revision was made in reaction to ISE's Cross-Motion for Summary Judgment, which demonstrated that the document is not prior art under 35 U.S.C. §102(f).

[5] CBOE's new allegations would require new summary judgment motions addressing CBOE's new theories of inequitable conduct and would require additional fact and expert discovery. *See* D.I. 215 ISE's Opposition to CBOE's November Motion to Amend at 7-8.

[6] The expert opinions ISE intended to offer in response to CBOE's allegations of inequitable conduct were due on November 3, 2009. (D.I. 207).

[7] Although not addressed in this Court's December 22, 2009 Order, a separate claim construction hearing would be required with respect to the limitations of originally filed Claim 1 in the event CBOE's present motion is granted. D.I. 215, ISE Opposition to November Motion to Amend at 7; *Agfa Corp. v. Creo Prod. Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006) ("To reach inequitable conduct, the trial court necessarily construed the claims.").

**IV.    CBOE's New Allegations Of Inequitable Conduct Still Fail To Meet The Pleading Requirements Of Fed. R. Civ. P. 9(b)**

With respect to CBOE's new allegation of inequitable conduct concerning the "allocation mechanisms" of other exchanges, CBOE's December 31, 2009 proposed amendment, once again, fails to plead such allegations with the requisite particularity.  (D.I. 270-2 at ¶¶ 56-79).  CBOE now broadly alleges Ms. Simmons and Ms. Katz intended to deceive the PTO by failing to disclose "the prior public use of the material prior art **allocation mechanisms** of public customer priority, size-based allocation and pro rata allocation **and/or the published rules of such exchanges** relating to such mechanisms."  (D.I. 270-2 at ¶ 78 (emphasis added)).

As indicated in ISE's Opposition to CBOE's November Motion, the Federal Circuit has recently elaborated on the need to plead inequitable conduct with particularity, holding that "[t]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."  *Exergen Corp. v. Wal-mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009).  Under this standard, general allegations that applicants were aware of prior art is insufficient where the pleadings "did not identify the **specific prior art** that was allegedly known to the applicant and not disclosed."  *See Id.* at 1327 (emphasis added) (citing *Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac Solutions*, 482 F.3d 1347, 1356-57 (Fed. Cir. 2007)).  As this Court found:

> Although failure to disclose printed publications is not the only basis for inequitable conduct, CBOE still must comply with Rule 9(b)'s requirement of particularity in its attempt to rely on Katz's and Simmons's knowledge of these unspecified trading rules and their public use as a basis for inequitable conduct. Because CBOE has only generally averred that rules involving public customer priority, size-based allocation, and pro rata allocation existed prior to the '707 patent, instead of specifically identifying which trading rules involved such concepts or which exchanges used these concepts, it has not met the heightened pleading standard required by Rule 9(b).

(D.I. 265 at 8).  In an attempt to circumvent this Court's finding, CBOE adds a new theory of inequitable conduct concerning "allocation mechanisms" that were allegedly in public use.  (*See* D.I. 270-2 at ¶¶ 56-79).  Much like its previous theory regarding the published rules of other exchanges, this new theory does not provide the specificity required by the Federal Rules, absent an explicit identification of what "allocation mechanism" of what exchange.  *Id.*  Also, with respect to Mr. Katz, CBOE's new proposed amended complaint again fails to favor the Court or

8

ISE with a specific identification of the "allocation mechanism" of a specific exchange that was known to be used by him, and how that specific "allocation mechanism" relates to the claims of the '707 Patent.[8]  As with its previous allegations regarding the "rules of other exchanges," CBOE asks this Court to assume that unidentified "allocation mechanisms" existed, assume that they used elements of the claims of the '707 Patent, assume that Mr. Katz was aware of them and of their materiality to the '707 Patent, and assume that he committed fraud by failing to disclose them.  As previously found by this Court, Federal Rule 9(b) simply does not allow such assumptions to be made.

As to Ms. Simmons, CBOE for the first time, over two years after the deadline for amending the pleadings, and after receipt of ISE's Cross-Motion for Summary Judgment, identifies as part of its proposed Amended Complaint two rules of two exchanges that she allegedly fraudulently withheld.  Specifically, CBOE identifies NYSE Rule 92(a) (1984)[9] and CBOE's Rule 8.80(c)(7) (1997) as allegedly disclosing pro rata allocation.  (D.I. 270-2 at ¶ 68.) CBOE also, generally, alleges that CBOE "also had a customer priority rule" at this time, but once again, *fails to identify* the specific customer priority rule and/or "allocation mechanism" that existed at CBOE at this time.  *Id*.  As such, for the same reasons as this Court's previous opinion, this Court should find that CBOE's December 31, 2009 Motion fails to meet the heightened pleading standard of Rule 9(b).

## V.    Conclusion

"[P]leading is not like darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark."  *Doe v. Howe Military School*, 227 F.3d 981, 990 (7th Cir. 2000). On December 22, 2009, this court denied the November Motion because CBOE lacked diligence

---

[8] Paragraph 62 of the New Proposed Amended Complaint mentions that Mr. Katz was an employee the New York Stock Exchange ("NYSE") and that the NYSE "had implemented and published rules concerning size based priority and pro rata allocation."  D.I. 270-2 at ¶ 62.  Despite this charge, rather incredibly, CBOE fails to identify the specific trading rule that was allegedly known to Mr. Katz and intentionally withheld.

[9] CBOE's allegations with respect to NYSE Rule 92(a) is raised for the first time in CBOE's new proposed amended complaint.  This rule was not mentioned in CBOE's November Motion to Amend, in CBOE's reply memorandum concerning its November Motion to Amend, or in CBOE's Opposition to ISE's Cross-Motion for Summary Judgment.  As discussed above, CBOE's continuing attempts to inject new theories of inequitable conduct into this action after deadlines for fact discovery, expert discovery concerning inequitable conduct, summary judgment motions and *Markman* submissions have passed is completely inappropriate.  *See* Fed. R. Civ. Pro. R. 16; D.I. 215, ISE Opposition to CBOE November Motion at 7-9.

9

and failed to plead its allegations with particularity.  Because CBOE its current motion to amend on December 31, 2009—eight weeks after filing the November Motion—this Court should deny that motion for similar reasons.  CBOE's inability to define its theory of inequitable conduct plainly contradicts its unsupported argument that its shifting allegations are somehow of "unusually substantive merit."  The only thing unusual about CBOE's allegations of inequitable conduct is CBOE's failure to accurately describe those allegations, and the continually evolving nature of those allegations despite the fact that discovery closed long ago.

There is simply no "manifest error" in this Court's previous ruling, and CBOE has not presented any newly discovered evidence to justify reconsideration.  Rather CBOE now argues it was diligent for a two week window—which could have been brought to this Court's attention in November—but ignores the rest of its delay, from June through October 14, 2009, that formed the bases of this Court's previous decision.  Further, CBOE continues on to make a disingenuous attempt to blame its delay on ISE (which responded to CBOE's request within four business days) and attempts to use its recognized delay, and its prior failure to plead its allegations with specificity, as springboards to inject still newer theories into this action under the guise of a past "miscommunication."  The term "gamesmanship," much bandied-about in modern civil litigation, does not adequately describe such tactics.  Due to CBOE's conduct, ISE believes that sanctions are appropriate, and an award of costs and attorney fees incurred in responding to this meritless motion is warranted.  Rather than cross-move, however, ISE leaves it to this Court's discretion and inherent powers to address this issue, should it so choose.

At a minimum, ISE believes a hearing to address the issues identified in CBOE's December 31, 2009 Motion would be a waste of judicial resources, as CBOE has failed to present a single credible explanation as to why this Court's December 22, 2009 Order should be reconsidered.

10

Dated: January 12, 2009     Respectfully submitted,


        /s/ Michael S. DeVincenzo
        Parker H. Bagley
        Steven R. Gustavson
        Michael S. DeVincenzo
        GOODWIN PROCTER LLP
        The New York Times Building
        620 Eighth Avenue
        New York, New York  10018
        Telephone No.:  (212) 813-8800
        Facsimile No.:   (212) 355-3333

        Michael D. Huber
        Cray Huber Horstman Heil & Van Ausdal LLC
        303 W Madison, Suite 2200
        Chicago, IL  60606
        Telephone No.:  (312) 332-8450
        Facsimile No.:   (312) 332-8451

        *Attorneys for Defendant International*
        *Securities Exchange, LLC*

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies pursuant to Fed.R.Civ.P. 5 and L.R. 5.5, that a true and correct copy of the foregoing document was filed on January 12, 2009 with the Clerk of the Court using the CM/ECF system, which will send notice to counsel of record.

<u>/s/ Michael S. DeVincenzo</u>
Michael S. DeVincenzo