# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 623 | **DATE** | 1/27/2010 |
| **CASE TITLE** | CBOE vs. ISE | | |

**DOCKET ENTRY TEXT**

CBOE's December 31, 2009 motion for leave to file a second amended complaint [268] is denied. CBOE's inequitable conduct claim is dismissed with prejudice. ISE's motion for summary judgment with respect to allegations of inequitable conduct in CBOE's operative complaint [220] is moot. ISE's request for costs and attorney's fees incurred in responding to CBOE's motion for leave to file a second amended complaint is denied. Bench trial of 4/26/2010 is vacated. Status hearing set for 4/1/2010 at 10:00 a.m.

■[ For further details see text below.]                                    Notices mailed by Judicial staff.

## STATEMENT

    In its December 22, 2009 order, the court denied CBOE's November 4, 2009 motion for leave to file a second amended complaint, finding that CBOE had not established good cause for seeking leave to file after the deadline for amendments in the scheduling order had passed and failed to plead inequitable conduct with the requisite particularity. CBOE now seeks leave to file a revised second amended complaint.

    CBOE's proposed amended complaint alleges that Gary Katz, the named inventor of the '707 patent, intentionally failed to disclose material prior art, the OM Product Description to the PTO and specifies where in the OM Product Description the allegedly material information is found. The complaint also provides more detail as to why these references are material, citing to Katz's deposition and the '707 patent's prosecution history. The court finds that these allegations cure the pleading deficiencies it had identified in its previous order with respect to the OM Product Description.

    CBOE's proposed amended complaint also alleges that Katz and Katherine Simmons, an ISE attorney, intentionally withheld knowledge of "trade allocation mechanisms" used by existing options exchanges from the PTO. By avoiding the word "rule" (used in the prior version of CBOE's proposed amended complaint), CBOE claims that it is not referring specifically to written regulations of specific exchanges but, instead, to the "usual or customary practice" involving the concepts of public customer priority, size-based allocation, and pro rata allocation. The complaint details admissions Katz and Simmons made as to their knowledge of the public use of these concepts prior to when the application for the '707 patent was made and contains detailed allegations as to why this knowledge is material and would have negated specific arguments made to the PTO to distinguish the claims of the '707 patent from cited art. As it appears that CBOE is relying not on specific rules but rather on Katz's and Simmons's general knowledge of the use of such concepts, the court finds that CBOE has sufficiently pled inequitable conduct with respect to the "trade allocation mechanisms" detailed in its complaint.

    While CBOE has cured the pleading deficiencies the court identified, the court is not convinced that it should reconsider its prior finding that CBOE did not exercise diligence in seeking leave to amend. In its

**STATEMENT**

prior ruling, the court focused on the fact that CBOE did not provide an explanation for its delay in seeking to amend its complaint, particularly with respect to why six weeks elapsed after CBOE filed its motion for a prior and separate nonjury trial that included the proposed allegations of inequitable conduct before CBOE sought to amend its complaint. CBOE has not presented any newly discovered facts related to its diligence, instead advancing arguments that should have been raised in its November 4, 2009 motion. In support of its current motion, CBOE argues that, between September 16 and November 4, it was seeking ISE's consent to the amendment and, once it became clear ISE would not consent, filed its motion four business days later. CBOE also claims that when it met and conferred with ISE on October 14, 2009, ISE did not have any objections to the timeliness of the amendment. ISE, however, clearly made its objections to the timeliness of these allegations known in August 2009 and again as the parties were scheduling their October 14, 2009 meet and confer. *See* Email from Michael S. DeVincenzo to Michael Zoppo (Oct. 13, 2009, 4:28 P.M.), attached as Ex. B to the Decl. of Brian J. Prew in Supp. of ISE's Opp. to CBOE's Dec. 2009 Mot. ("As ISE indicated over two months ago, to the extent CBOE seeks to add new theories of inequitable conduct it is required to amend its Complaint. Despite being notified of its obligation to amend its complaint over two months ago, and despite being aware of the evidence cited in CBOE's Motion for a Separate Trial on Inequitable Conduct for months, CBOE has failed to timely amend its Complaint . . . ."). Further, CBOE's focus on other aspects of the litigation in September and October does not serve as good cause in this case, as its decision to set aside its inequitable conduct claims was a tactical one and cannot now be used as evidence of any diligence CBOE exercised with respect to this claim.[1]

---

1. The court also notes that, although ISE filed a motion for summary judgment on CBOE's November 4, 2009 proposed amended complaint, CBOE's more particularized allegations in its December 2009 proposed complaint would require another round of summary judgment briefs, which would prejudice ISE.