**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL SECURITIES EXCHANGE, LLC, <br><br> Defendant. | Case No. 07-cv-00623 <br> Hon. Joan H. Lefkow, U.S.D.J. <br> Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT ISE'S OPENING TECHNICAL EXPERT REPORT OF DR. MOSES MA**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. PROCEDURAL BACKGROUND..................................................................................1

III. THE COURT SHOULD STRIKE THE NEW AND UNTIMELY
INFRINGEMENT THEORIES RAISED FOR THE FIRST TIME IN
DR. MA's EXPERT REPORT ........................................................................................3

    A. ISE's Infringement Contentions Did Not Disclose the Doctrine
of Equivalents Theory Its Expert Now Seeks to Make ..........................................5

    B. ISE Cannot Show Good Cause For Amending Its Infringement
Contentions Through Its Expert Report .................................................................7

IV. THE COURT SHOULD STRIKE THE SECONDARY INDICIA OF
NON-OBVIOUSNESS THEORIES PRESENTED FOR THE FIRST
TIME IN DR. MA's EXPERT REPORT ........................................................................9

    A. The Secondary Indicia of Non-Obviousness Contentions in Dr.
Ma's Expert Report are Unsupported by ISE's Interrogatory
Responses...............................................................................................................10

V. CONCLUSION................................................................................................................11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Callpod, Inc. v. GN Netcom, Inc.*,
　703 F. Supp. 2d 815 (N.D. Ill. 2010) .................................................................................9, 11

*Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*,
　851 F.2d 1387 (Fed. Cir. 1988).........................................................................................9, 11

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
　2012 WL 3018027 (N.D. Ill. July 23, 2012).....................................................................3, 4, 6

*Genentech v. Amgen, Inc.*,
　289 F.3d 761 (Fed. Cir. 2002)..............................................................................................3, 6

*Graham v. John Deere Co. of Kansas City*,
　383 U.S. 1 (1966)....................................................................................................................9

*O2 Micro Int'l. Ltd v. Monolithic Power Sys., Inc.*,
　467 F.3d 1355 (Fed. Cir. 2006).............................................................................................7

*Ormco Corp. v. Align Technology, Inc.*,
　463 F.3d 1299 (Fed. Cir. 2006)...........................................................................................10

I. **INTRODUCTION**

Nearly six years into this case and less than five months before trial, ISE – through its expert Dr. Moses Ma – seeks to introduce new theories of infringement and secondary indicia of nonobviousness. In blatant disregard for Federal Circuit precedent and the Local Patent Rules, Dr. Ma presented theories under the doctrine of equivalents never set forth in ISE's infringement contentions. In addition, after ISE repeatedly dismissed requests from CBOE to produce support for ISE's contentions regarding secondary indicia of non-obviousness, Dr. Ma expounded at length on ISE's alleged commercial success from practicing the '707 patent. Having been deprived of the opportunity to conduct fact discovery regarding these theories, CBOE would be severely prejudiced if ISE were permitted to flout legal precedent and disregard the Local Patent Rules by introducing these theories into the case at this late stage. Accordingly, the Court should strike Dr. Ma's belated and improper disclosure of new infringement contentions and new support for secondary indicia of non-obviousness.

II. **PROCEDURAL BACKGROUND**

ISE first alleged infringement of the '707 patent nearly six years ago on November 22, 2006. On September 14, 2007, CBOE served ISE with its first set of interrogatories seeking, among other things, ISE's infringement contentions and ISE's support for secondary indicia of non-obviousness. Exhibit A. The relevant Interrogatories are reproduced below:

> Interrogatory No. 1:
> Separately, for each of the ISE Patents-in-Suit, identify each claim ISE alleges CBOE directly infringes, contributes to the infringement of, and/or actively induces the infringement of, setting forth for each limitation of each such claim all legal and factual bases for such allegation, the identification of the persons having knowledge of the bases for each such allegation, and whether ISE alleges direct infringement, contributory infringement and/or active inducement of infringement for each such claim.

1

>Interrogatory No. 2:
>For each claim of the ISE Patents-in-Suit that ISE alleges to be valid and enforceable, state all legal and factual bases for ISE's allegation that such claim is valid and enforceable, including the identity of all persons having knowledge of the facts underlying or relating to each such basis.
>
>Interrogatory No. 7:
>For each claim of the ISE Patents-in-Suit, identify what secondary indicia of non-obviousness (such as, for example, commercial success, long-felt need or copying by others), if any, that ISE intends to rely on to support the validity of such claim, identifying all persons having knowledge of how each such indicium supports the validity of such claim.

Exhibit A at 4-6.

ISE first responded to Interrogatory No. 1 on November 7, 2007, and over the next three years supplemented its infringement contentions three times, ending with its "corrected third supplemental response" on April 6, 2010. Exhibit B. No version of ISE's infringement contentions established a theory of infringement under the doctrine of equivalents. *Id*. Although ISE made passing references to the doctrine of equivalents for claims 1 and 36, ISE provided no substantive details. *Id*. Now, two and a half years after ISE last supplemented its infringement contentions and just a few months before trial, ISE's expert, Dr. Moses Ma, seeks to introduce for the first time new theories of infringement under the doctrine of equivalents for claims 4, 35, 36, and 56. *See* Exhibit C at ¶¶ 297-311, 315-317, 358-361, 375-376, 382, and 398-401.

ISE first responded to Interrogatory No. 2 on November 2, 2007 and supplemented its response five times, finishing with its fifth supplementation on August 12, 2010. Exhibit F. If ISE intended to rely on secondary considerations of non-obviousness as evidence of the validity of the '707 patent, then Interrogatory No. 2 required ISE to disclose "all legal and factual bases" for each such secondary consideration. Indeed, since CBOE's opening expert report has already

been served and was on the issue of invalidity, CBOE has been prejudiced because it was denied the opportunity to evaluate ISE's legal and factual bases for all of its validity contentions.

ISE first responded to Interrogatory No. 7 on November 7, 2007, and over the next three years supplemented its contentions regarding secondary indicia of non-obviousness five times, including its fourth supplemental response on March 3, 2010, and its fifth supplemental response on March 19, 2010. Exhibit B. Prior to its fifth supplemental response, on March 4, 2010, CBOE informed ISE that its fourth supplemental response was deficient for not setting forth support for the identified secondary indicia of non-obviousness, including commercial success. Exhibit D, March 4, 2010 letter dated March 4, 2010 from Jonathan Marshall to Parker Bagley. A meet and confer was held on March 10, 2010, to discuss this issue and as a result, ISE agreed to "supplement its response to [Interrogatory No. 7] to include additional factual information in support of the secondary considerations of obviousness." Exhibit E, email dated March 10, 2010 from Michael DeVincenzo to Michael Zoppo. However, ISE's fifth supplemental response to Interrogatory No. 7 served on March 19, 2010, did not include any support for the purported secondary considerations of non-obviousness asserted in Dr. Ma's expert report. Exhibit C at ¶¶ 57-140.

### III. THE COURT SHOULD STRIKE THE NEW AND UNTIMELY INFRINGEMENT THEORIES RAISED FOR THE FIRST TIME IN DR. MA'S EXPERT REPORT

A patent owner must identify any and all claim elements that are allegedly present under the doctrine of equivalents, and state the basis for that allegation. *Genentech v. Amgen, Inc.*, 289 F.3d 761, 773 (Fed. Cir. 2002) (finding no abuse of discretion where District Court precluded patent owner from "asserting infringement under the doctrine of equivalents when [the patent owner] did not include that theory in its claim chart."). Expert infringement reports are not the proper vehicle to "introduce theories not previously set forth in infringement contentions."

*Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 WL 3018027, at 4 (N.D. Ill. July 23, 2012) citing *Fenner Investments, Ltd. v. Hewlett–Packard Co.*, 2010 WL 786606, at 2 (E.D.Tex. 2010). Rather, infringement contentions must "set[] forth particular theories of infringement with sufficient specificity to provide defendants[] with notice of infringement beyond that which is provided by the mere language of the patents themselves." *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 WL 3018027 (N.D. Ill. July 23, 2012) citing *Network Caching Tech., LLC v. Novell, Inc.,* 2003 WL 21699799 at 4 (N.D.Cal. 2003).

The Northern District of Illinois has promulgated Local Patent Rules that "require the parties to identify the likely issues in the case, to enable them to focus and narrow their discovery requests." LPR 2. To this end, the Local Patent Rules demand that "the parties' disclosures ***must*** be meaningful – as opposed to boilerplate – and non-evasive." *Id*. Although strict adherence to the Local Patent Rules is not mandated in this case, it is within the Court's authority to apply all or part of the LPRs as the Court deems necessary. *See, e.g.,* LPR 1.1 ("The Court may apply all or part of the LPR to any such case already pending on the effective date of the LPR."). Moreover, ISE's counsel previously conceded that the Local Patent Rules are "relevant persuasive authority" in this case. Exhibit G at March 8, 2010, email from Michael DeVincenzo to Michael Zoppo.

Local Patent Rule 2.2(d) requires that a party claiming patent infringement identify "whether each element of each asserted claim is claimed to be present in the Accused Instrumentality literally or under the doctrine of equivalents." LPR 2.2(d). For any claim under the doctrine of equivalents, the infringement contentions "***must include*** an explanation of each function, way, and result that is equivalent and why any differences are not substantial." *Id.*

4

There is no question that ISE's infringement contentions did not provide an explanation of each function, way, and result of any Accused Instrumentality that is equivalent to any claim element and why any differences are not substantial. *See* Exhibit B. To the contrary, the only element-by-element analysis disclosed by ISE was on the basis of literal infringement. *See* Exhibit B. Through Dr. Ma's report, ISE is attempting to retool its case to spring last-minute infringement theories on CBOE. Specifically, ISE now seeks to introduce new theories of infringement under the doctrine of equivalents for claims 4, 35, 36, and 56. *See* Exhibit C at ¶¶ 297-311, 315-317, 358-361, 375-376, 382, and 398-401. To avoid unfair prejudice, this Court should strike these belated references to the doctrine of equivalents in Dr. Moses Ma's expert report, and preclude ISE from advancing any theory of infringement under the doctrine of equivalents.

A.  **ISE's Infringement Contentions Did Not Disclose the Doctrine of Equivalents Theory Its Expert Now Seeks to Make**

ISE's Infringement Contentions include only two passing references to the doctrine of equivalents. The first reference corresponds to the preamble of claim 1 and the second reference corresponds to dependent claim 36. For the Court's convenience, the entirety of ISE's reference to any infringement under the doctrine of equivalents is recited below:



5

███████████████████████████

Exhibit B, Infringement Claim Chart at 6, 28.

In contrast to the requirement for detailed explanations set forth in *Genentech,* ISE's two passing references to the doctrine of equivalents fail to identify "any and all claim elements that are allegedly present under the doctrine of equivalents, and state the basis for that allegation." Rather than comply with Federal Circuit precedent, ISE chose to supplement its infringement contentions through Dr. Ma's report with wholesale new infringement theories, a tactic previously rejected by this Court in *Fujitsu*. *See, e.g., Fujitsu* at 4. The only mention of the doctrine of equivalents in ISE's infringement contentions are in connection with claims 1 and 36. *See* Exhibit B, Infringement Claim Chart at 6, 28. Dr. Ma, on the other hand, presented doctrine of equivalent theories for claims 4, 35, 36, and 56. *See* Exhibit C at ¶¶ 297-311, 315-317, 358-361, 375-376, 382, and 398-401. Hence Dr. Ma's doctrine of equivalents theories with respect to claims 4, 35 and 56 lack any support whatsoever in ISE's infringement contentions.

With respect to claim 1, ISE's interrogatory response merely refers in passing to the possible availability of asserting a theory under the doctrine of equivalents.[1] And with respect to claim 36, both ISE's interrogatory responses and Dr. Ma's doctrine of equivalents assertion lack the explanation necessary to support a theory under the doctrine of equivalents. For example, neither ISE's interrogatory responses nor Dr. Ma's report include "an explanation of each function, way, and result that is equivalent *and* why any differences are not substantial," as

---

[1] ISE asserts that ███████████████████████████████████████████ (emphasis added). *See* Exhibit B at 23.

6

required by LPR 2.2(d). In addition, Dr. Ma's report completely disregards the Court's construction of pro rata, which is crucial to any meaningful analysis as to why "each function, way, and result" is equivalent and "why any difference are not substantial."

ISE's failure to previously disclose the doctrine of equivalents theories now advanced in Dr. Ma's report disregards the Court's Local Patent Rules. Although not binding, the Local Patent Rules are, as ISE admits (*see* Exhibit G), "relevant persuasive authority" in this case. In that vein, ISE's conduct has fallen far short of the requirements imposed by LPR 2.2(d). Again, LPR 2.2(d) requires that for any claim under the doctrine of equivalents, the infringement contentions "***must include*** an explanation of each function, way, and result that is equivalent ***and*** why any differences are not substantial." ISE's two short references to the doctrine of equivalents in its infringement contentions include no such explanation, even after three supplementations. ISE had *years* to properly introduce theories of infringement under the doctrine of equivalents, but failed to do so. Accordingly, ISE should be precluded from presenting any theory of infringement under the doctrine of equivalents through Dr. Ma.

**B.     ISE Cannot Show Good Cause For Amending Its Infringement Contentions Through Its Expert Report**

By including new doctrine of equivalents theories in Dr. Ma's expert report, ISE is attempting to introduce untimely amendments into its infringement contentions without first seeking leave of the Court. This is improper. When a party delays amending infringement contentions with no adequate explanation, it is within the district court's discretion to find a lack of diligence and therefore a lack of good cause. *See, O2 Micro Int'l. Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Furthermore, Local Patent Rule 3.4 states that "[a] party may amend its Final Infringement Contentions…only by order of the Court upon a

showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." LPR 3.4.

ISE has only itself to blame for the delay in putting forth its doctrine of equivalents theories. ISE's failure to timely amend its infringement contentions demonstrates a lack of diligence and is without explanation or excuse. It is not an issue on which ISE needed additional discovery from CBOE or any third parties. ISE waited over two and half years since serving its "final" infringement contentions to advance theories under the doctrine of equivalents through Dr. Ma. Such dilatory behavior should not be permitted by the Court.

Supplementation of ISE's infringement contentions to include an entirely new theory of infringement would unfairly prejudice CBOE in numerous respects. CBOE has been planning its defense on of this case for over two years on the basis of the supplemented infringement contentions that ISE served in April of 2010. Those contentions have influenced CBOE's invalidity contentions, as well as the preparation of its non-infringement defenses and expert reports. Moreover, fact discovery closed over three years ago, depriving CBOE of the ability to conduct discovery regarding, for example, prior art that is commensurate with the scope of equivalents under ISE's new theories. In order to avoid prejudice to CBOE, the new infringement theories in ISE's expert report prejudice should be stricken.

Finally, ISE continues to maintain that CBOE literally infringes claims of the '707 patent. Striking ISE's allegations under the doctrine of equivalents would therefore leave ISE's primary argument of literal infringement undisturbed. ISE thus cannot contend that its newly articulated infringement theory under the doctrine of equivalents is vital to its case. Striking ISE's new doctrine of equivalents theory from Dr. Ma's expert report is an appropriate measure to avoid unfair prejudice to CBOE.

8

IV.   **THE COURT SHOULD STRIKE THE SECONDARY INDICIA OF NON-OBVIOUSNESS THEORIES PRESENTED FOR THE FIRST TIME IN DR. MA'S EXPERT REPORT**

A patent owner may rebut that its invention is obvious in view of prior art by demonstrating secondary considerations such as the commercial success of the invention, long-felt but unresolved need for the invention, or the failure of others to make the invention. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966). When a patentee asserts that commercial success supports its contention of non-obviousness, there must be a sufficient "nexus" between the proven commercial success and the patented invention. *See, e.g., Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988); *see also, e.g., Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 833 (N.D. Ill. 2010) appeal dismissed, 2010 WL 1644978 (Fed. Cir. 2010) ("Commercial success due to features known in the prior art is not relevant."). The burden of proving this nexus resides with the patentee. *See Demaco Corp.*, 851 F.2d at 1392.

In its sixth response to Interrogatory No. 7, ISE finally "disclosed" its arguments based on secondary considerations of nonobviousness in a response that was just over two pages. Exhibit B at 13-15. But this "disclosure" falls woefully short of supporting the nearly 28-page commercial success theory of nonobviousness now advanced in Dr. Ma's expert report. *See* Exhibit C at 18-45, ¶¶ 57-140. This is so despite repeated requests from CBOE to ISE to remedy its deficient responses to Interrogatory No. 7. *See* Exhibit D and Exhibit E. ISE's failure to provide timely support for its secondary indicia of non-obvious contentions violates FRCP 37(c)(1), and ¶¶ 57-140 of Dr. Ma's report should be stricken accordingly.

A. **The Secondary Indicia of Non-Obviousness Contentions in Dr. Ma's Expert Report are Unsupported by ISE's Interrogatory Responses**

ISE's interrogatory response describes no nexus between the purported commercial success of ISE's exchange and the patented invention. *See* Exhibit B at 13-14. Of course, to prove that there is a nexus between commercial success and the patented invention, one must first show that there is commercial success. But ISE's entire basis of "commercial success" is one paragraph to a string cite of about a dozen documents, none of which were relied on by Dr. Ma. *Id*. at 14. More importantly, ISE gave no basis whatsoever for the proposition that it actually practices the invention. *Id*. at 13. Such evidence is critical for ISE to meet its burden of proving a sufficient "nexus" between the proven commercial success and the patented invention and to avoid prejudice to the opposing party. Indeed, the only reference in ISE's interrogatory response to whether it practices the invention is utterly conclusory: "[S]uccess is presumed to be attributed to the claimed invention because, as the '707 Patent discloses, ISE practices the Asserted Claims and the Asserted Claims are directed to the design of the exchange itself that has achieved the success." *Id*.[2]

ISE's assertion that "success is presumed to be attributed to the claimed invention" is wrong. ISE misconstrues *Ormco Corp. v. Align Technology, Inc.* This case actually states that "[w]hen a patentee can demonstrate commercial success, usually shown by significant sales in a relevant market, and that the successful product *is* the invention disclosed and claimed in the patent, it is presumed that the commercial success is due to the patented invention." 463 F.3d 1299, 1392 (Fed. Cir. 2006) (emphasis added). So *if* the patentee can show commercial success,

---

[2] Tellingly, Dr. Ma's nearly 20-page description of how ISE practices the invention is just as conclusory because, for the vast majority of claim limitations, Dr. Ma simply declares that ISE practices the features of the invention without citing any support. *See* Exhibit C at ¶¶ 57-133.

10

and *if* the patentee can show that its product is coextensive with a patent claim (*i.e.,* includes no additional features that could cause the commercial success), *then* the presumption applies. Having failed to show that either condition is met, ISE relies on a "presumption" that does not exist.

ISE bears the burden of coming forward with evidence sufficient to constitute a prima facie case of the requisite nexus between the alleged commercial success and the '707 patent. *See, e.g., Demaco* at 1392 and *Callpod* at 833.[3] ISE represented that it practiced the invention based on an imaginary presumption. As this was the only evidence ISE advanced, CBOE relied on the absence of any meaningful evidence in fact discovery, and ISE should not now be allowed to disclose through its expert what it failed to disclose during fact discovery.

Dr. Ma's attempt to identify a nexus between commercial success and the claimed features in the patent (Exhibit C at ¶¶ 134-140) does not cure ISE's failure to disclose its theory during the more than two years of fact discovery. With fact discovery complete, ISE's failure to divulge its nonobviousness theory greatly prejudices CBOE. ISE cannot now have Dr. Ma opine on an issue that it held back on in discovery.

V.    **CONCLUSION**

For the reasons set forth above, CBOE requests that the Court preclude ISE from advancing any theory of infringement under the doctrine of equivalents, and strike all references to the doctrine of equivalents found in the Expert Report of Dr. Moses Ma, including all references in the following paragraphs:

---

[3] It is clear that ISE misunderstood its burden of proof. In its response to Interrogatory No. 7, ISE states ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exhibit B at 14.

- Executive Summary – Paragraphs 1-2

- Introduction – Paragraphs 5-6

- Understanding of Law – Paragraphs 26, 30, and 32,

- Claim 4 - Paragraphs 297-311, and 315-317

- Claim 35 – Paragraphs 358-361

- Claim 36 – Paragraphs 375-376, and 382

- Claim 56 – Paragraphs 398-401

In addition, CBOE requests that the Court preclude ISE from advancing any theory of secondary indicia of non-obviousness not previously presented in ISE's responses to CBOE's contention interrogatories, and strike all references to ISE's new secondary indicia theories included in the Expert Report of Dr. Moses Ma, including all references in the following paragraphs:

- ISE Practices the claims of the '707 Patent - Paragraphs 57-133

- Success of ISE – Paragraphs 134-140


FISH & RICHARDSON P.C.


Dated: October 4, 2012     By: s/ *Jonathan A. Marshall*
                                                                                Jonathan A. Marshall
                                                                                David Francescani
                                                                                 Michael T. Zoppo
                                                                                 Brian J. Doyle
                                                                                 Leah Edelman
                                                                                 **FISH & RICHARDSON P.C.**
                                                                                 601 Lexington Ave, 52nd Floor
                                                                                 New York, NY 10022
                                                                                 Telephone: (212) 765-5070
                                                                                 Facsimile: (212) 258-2291

12

OF COUNSEL:
Paul E. Dengel
Stacie R. Hartman
Rachel F. Sifuentes
**SCHIFF HARDIN LLP**
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600

*Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing CBOE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT ISE'S OPENING TECHNICAL EXPERT REPORT OF DR. MOSES MA was served upon the below listed counsel of record on this fourth day of October, 2012 by electronic mail:

| | |
|---|---|
| Parker H. Bagley, Esq.<br>Michael S. DeVincenzo, Esq.<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eight Avenue<br>New York, NY  10018 | Attorneys for Defendant<br>International Securities Exchange, LLC<br><br>Via Electronic Mail |

*/s/ Neil Ramsaroop*
Neil Ramsaroop
