**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>              Plaintiff,<br><br>   v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>              Defendant. | Case No. 07-CV-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br>Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 9
TO PRECLUDE ARGUMENT AND EVIDENCE OF PRE-SUIT DAMAGES**

CBOE respectfully moves *in limine* to prevent the ISE from presenting evidence and argument concerning pre-suit damages. ISE is not entitled to pre-suit damages because it failed to comply with the marking statute. Hence evidence or argument concerning pre-suit damages is irrelevant and, if permitted at trial, would unfairly prejudice CBOE.

**I.    ISE HAS NOT COMPLIED WITH THE MARKING STATUTE**

Under 35 U.S.C. § 287(a), pre-suit damages are available only if the patentee has marked its product with the patent number, or gave pre-suit notice to the accused infringer. This marking requirement applies to ISE's damages demand for CBOE's alleged infringement of U.S. Patent No. 6,618,707 ("the '707 patent").[1] Moreover, when a patentee seeks pre-suit damages, it must

---

[1] *Am. Med. Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993); *Mformation Techs., Inc. v. Research in Motion Ltd.*, 830 F. Supp. 2d 815, 837-38 (N.D. Cal. 2011); *Merck & Co., Inc. v. MediPlan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 261 (S.D.N.Y. 2006); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 649, 651 (D. Del. 2004) (same); *Mosel Vitelic Corp. v. Micron Tech., Inc.*, No. 98-449 (GMS), 2000 WL 1728351,

1

affirmatively plead the demand. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997)

It is undisputed that ISE has not marked any products with the patent number and that CBOE's notice of infringement was ISE's complaint. Further, ISE has never pled its compliance with the marking statute nor its demand for pre-suit damages. ISE is therefore not entitled to pre-suit damages as a matter of law. However, CBOE makes this motion because ISE's expert report calculates damages back to 2003—*i.e.*, the date the '707 patent issued. Exh. 9, Expert Report of Christopher Gerardi, at 5, Oct. 1, 2012.[2] ISE does not intend to limit its damages presentation to information relevant to any of its claims, which will not only confuse the jury and lead to wasteful, irrelevant evidence, but also prejudice CBOE.

## II. ISE HAS NEVER DISCLOSED A BASIS FOR PRE-SUIT DAMAGES AND SHOULD THEREFORE BE PRECLUDED FROM OFFERING ONE AT TRIAL FOR THE FIRST TIME

It is not too much to ask that a patentee—in a complex patent infringement action seeking hundreds of millions of dollars in damages—disclose its theory for how it might be entitled to all of those dollars. But ISE has not lived up to expectations. ISE has never disclosed a theory by which it could possibly be entitled to pre-suit damages. The Court should preclude ISE from doing so for the first time at trial.

CBOE served Interrogatory Number 11 on September 14, 2007, seeking all of the legal and factual bases for ISE's demand for damages.[3] ISE's first response, served on November 2,

---

at *1 (D. Del. Feb. 25, 2000) (same). *Cf. Infigen, Inc. v. Advanced Cell Tech., Inc.*, 65 F. Supp. 2d 967, 978 (W.D. Wis. 1999)

[2] "Exh. ___" refers to the Declaration of Brian J. Doyle in Support of CBOE's Motions in Limine Nos. 1-20 and Daubert Motion, filed herewith.

[3] Interrogatory No. 11 states, "Identify all legal and factual bases for any damages that ISE contends it is entitled to recover from CBOE, including but not limited to the amount and type of

2007, amounted to nothing more than boilerplate objections. Exh. 20, ISE's Resps. to CBOE's First Set of Interrogs., at 15. ISE supplemented that response on May 11, 2009, but still never disclosed a basis for pre-suit damages. Exh. 20, ISE's Supplemental Resp. to CBOE's Interrog. No. 11, at 3-7. ISE's damages expert report *presumes* that ISE is entitled to pre-suit damages, but, again, discloses no theory or basis. Exh. 9, Expert Report of Christopher Gerardi, at 25, 50, 71, Oct. 1, 2012.

CBOE continues to be in the dark as to why ISE might think pre-suit damages are appropriate and should not be enlightened for the first time at trial. Indeed, if ISE were to present such damages evidence at trial, it would unfairly prejudice CBOE. *City of Aurora, Colo. ex rel. Aurora Water v. PS Sys., Inc.*, 720 F. Supp. 2d 1243, 1261 (D. Col. 2010) (excluding patentees' untimely damages evidence as prejudicial); *IPPV Enters., LLC v. Echostar Commc'ns, Corp.*, 191 F. Supp. 2d 530, 572 (D. Del. 2002).

### III. CONCLUSION

For the foregoing reasons, any and all evidence and argument pertaining to pre-suit damages should be excluded.

Dated: December 14, 2012

By: s/ *Jonathan A. Marshall*
Jonathan A. Marshall
David Francescani
Michael T. Zoppo
Brian J. Doyle
Leah Edelman
**FISH & RICHARDSON P.C.**
601 Lexington Ave, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

---

such damages, the specific methodology used to arrive at such amounts, and the persons having knowledge of, or information relating to, any basis for such damages."

3

OF COUNSEL:
Paul E. Dengel
Stacie R. Hartman
Rachel F. Sifuentes
**SCHIFF HARDIN LLP**
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600

*Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated*

**CERTIFICATE OF SERVICE**

The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on December 14, 2012 a true and correct copy of the foregoing document was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

*/s/Neil Ramsaroop*
Neil Ramsaroop