**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>　　　　　Defendant. | Case No. 07-CV-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br>Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 7
TO PRECLUDE ARGUMENT AND EVIDENCE CONCERNING THE ISSUE OF
WILLFUL INFRINGEMENT**

CBOE respectfully moves *in limine* to preclude ISE from arguing that CBOE willfully infringed the asserted patent. It is the Court's role to determine, as a matter of law, whether, by clear and convincing evidence, there was an objectively high likelihood that CBOE infringed U.S. Patent No. 6,618,707 ("the '707 patent"). The weight of evidence—which includes this Court's entry of summary judgment of non-infringement in CBOE's favor—establishes that there never was an objectively high likelihood of infringement. Willfulness is simply not an appropriate issue in this trial.

**I.　　THE LEGAL STANDARD FOR WILLFULNESS**

*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), established a two-pronged test for establishing the requisite recklessness for a finding of willful infringement: "[A] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. at

1371. Once the "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*.

Recently, the Federal Circuit clarified that it is the Court's obligation to decide, as a matter of law, whether the patentee has met the objective prong. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.,* 682 F.3d 1003, 1008 (Fed. Cir. 2012). Indeed, the Federal Circuit has made clear that the focus of the objective standard is on whether the accused infringer presented "reasonable" defenses to infringement. *Id.* at 1005-06; *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011). If an accused infringer presents no reasonable defenses, objective recklessness is found. *Bard*, 682 F.3d at 1005-06. This "reasonableness" standard can thus be analogized to the "reasonable jury" standard for summary judgment or judgment as a matter of law: a patentee who cannot show that it would prevail on a motion for summary judgment or judgment as a matter of law should not be entitled to a finding of objective recklessness.

## II.   GRANTING THIS MOTION IN LIMINE IS APPROPRIATE IN THE ABSENSE OF OBJECTIVE RECKLESSNESS

The Federal Circuit has set a high bar for the objective prong of willful infringement. ISE must prove to this Court that CBOE has no reasonable defenses. But that is not possible in light of this Court's grant of summary judgment in CBOE's favor. To say otherwise would be to impugn this Court and its well-reasoned holding of non-infringement. Moreover, the Court's adoption of CBOE's claim construction of a dispositive term and the questionable validity of the '707 patent similarly support an absence of objective recklessness.

### A. This Court's Summary Judgment Holding of Non-Infringement Demonstrates a Lack of Objective Recklessness

The Federal Circuit's post-*Seagate* opinions confirm that strong, *even unsuccessful*, non-infringement and invalidity defenses presented during litigation weigh against a finding of objective recklessness. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009); *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 Fed. App'x 284, 291 (Fed. Cir. 2008); *Minemyer v. R-Boc Representatives, Inc.*, No. 07 C 1763, 2012 WL 2155240, at *11-12 (N.D. Ill. June 13, 2012).

CBOE presented strong, *successful* non-infringement defenses at summary judgment that preclude a finding of objective recklessness. Indeed, the Federal Circuit has routinely affirmed no willfulness as a matter of law where a party obtains summary judgment that is later reversed on appeal. *Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs., Inc.*, 674 F.3d 1365, 1377-78 (Fed. Cir. 2012); *Uniloc*, 632 F.3d at 1300-01, 1310; *DePuy Spine*, 567 F.3d at 1335-36.

### B. The Affirmed Construction of "Automated Exchange" Is Dispositive of CBOE's Non-Infringement

Reasonable claim construction arguments—whether successful or not—are sufficient bases for precluding a finding of objective recklessness. *Saffran v. Johnson & Johnson*, No. 2:07–CV–451 (TJW), 2011 WL 1299607, at *8-9 (E.D. Tex. Mar. 31, 2011); *OPTi Inc. v. Apple, Inc.*, No. 2:07–CV–21–CE, 2009 WL 4727912, at *2 (E.D. Tex. Dec. 3, 2009) (same).

CBOE's construction of "automated exchange"—a limitation found in every asserted claim—was not just reasonable, it was affirmed by the Federal Circuit. That construction, which is embodied in the Court's recent jury instruction,[1] gives CBOE a dispositive position that its

---

[1] The Court's Minute Order of November 21, 2012, D.I. 455, provides: "a system for executing trades of financial instruments that permits automatic matching or allocating but also permits matching or

exchange—which not only permits but at times requires open outcry—does not infringe. That position alone is enough to avoid willfulness because a non-infringement argument based on a reasonable claim construction that is *not accepted* by the court is—in itself—sufficient to establish a lack of willfulness. *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008). Indeed, the construction of "automated exchange" alone defeats a willfulness claim.

### C. CBOE's Invalidity Defenses Are Reasonable

The law is clear: a mere "substantial question about invalidity" is likely sufficient to avoid a charge of willful infringement. *Seagate*, 497 F.3d at 1374. The Expert Report of Dr. Benn Steil on invalidity shows that not only are all of the asserted claims obvious in light of the prior art, but ten of the asserted claims are anticipated (claims 1, 2, 6, 9, 10, 35, 36, 43, 45, and 56) and three are indefinite (claims 2, 4, and 5). Exh 5. ¶¶ 77, 86, 88, 107, 118, 130, 136, 142, 149, 155, 160, 166.[2] There is much more than simply a substantial question about invalidity—the claims are actually invalid.

### III. CONCLUSION

For the foregoing reasons, any and all evidence or argument pertaining to willful infringement should be excluded.

---

allocating through oral communications between market professionals at a central location in open view of other market professionals is not an automated exchange."

[2] "Exh. ___" refers to the Declaration of Brian J. Doyle in Support of CBOE's Motions in Limine Nos. 1-20 and Daubert Motion, filed herewith.

Dated: December 14, 2012        By: s/ *Jonathan A. Marshall*
                                                         Jonathan A. Marshall
                                                         David Francescani
                                                         Michael T. Zoppo
                                                         Brian J. Doyle
                                                         Leah Edelman
                                                         **FISH & RICHARDSON P.C.**
                                                         601 Lexington Ave, 52nd Floor
                                                         New York, NY 10022
                                                         Telephone: (212) 765-5070
                                                         Facsimile: (212) 258-2291

                                                         OF COUNSEL:
                                                         Paul E. Dengel
                                                         Stacie R. Hartman
                                                         Rachel F. Sifuentes
                                                         **SCHIFF HARDIN LLP**
                                                         6600 Sears Tower
                                                         233 South Wacker Drive
                                                         Chicago, IL 60606-6473
                                                         Telephone (312) 258-5500
                                                         Facsimile (312) 258-5600

                                                         *Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on December 14, 2012 a true and correct copy of the foregoing document was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

        */s/Neil Ramsaroop*
        Neil Ramsaroop