**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL SECURITIES EXCHANGE, LLC, <br><br> Defendant. | Case No. 07-CV-00623 <br><br> Hon. Joan H. Lefkow, U.S.D.J. <br> Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 15 TO PRECLUDE ISE'S EXPERT FROM TESTIFYING TO FACTS NOT PROPERLY DISCLOSED DURING DISCOVERY**

CBOE respectfully moves *in limine* to preclude ISE's expert, Dr. Ma, from testifying as a fact witness. ISE disclosed Ma as an expert witness—not a fact witness. Yet, throughout his rebuttal report, Ma recounts personal memories—set forth as facts—to rebut, for example, the scope and content of documented prior art. Ma's purported "facts" should be precluded as untimely because ISE never disclosed them during discovery, even though such information was responsive to outstanding discovery requests. *See Buchanan v. McCann*, Civ. No. 08 C 7063, 2012 WL 1987917 at \*3 (N.D. Ill. June 4, 2012) (precluding defendant from introducing evidence produced more than a year after the close of discovery). More worrisome is testimony by Ma that raises serious questions about whether he understands the line between expert and advocate and, even if he does, whether he respects this distinction. For this reason alone, Ma should be precluded from testifying as a fact witness.

**A. The Court Should Preclude Ma's Introduction of Previously Undisclosed Evidence**

Ma's rebuttal report debuted numerous previously undisclosed personal recollections. For instance, he discloses certain undocumented "facts" related to the Hong Kong Stock Exchange based solely on his own out of court discussions with the Exchange's CEO. *See* Exh. 4, Ma Rebuttal Report at ¶ 49.[1]  Also, Ma attempted to negate portions of CBOE's invalidity position by asserting—without support in ISE's previous disclosures—" ████████

████████████████████████████████████████████

████████████████████████████ " *Id.* at ¶ 57. These and other alleged "facts"[2] were never disclosed in response to CBOE's five-year-old discovery request to ISE, which targeted such information. *See* Exh. 8, Seventh Set of Supplemental Responses to CBOE's First Set of Interrogatories (No.2) at 2 ("For each claim of the Patents-in-Suit that ISE alleges to be valid and enforceable, ***state all legal and factual bases for ISE's allegation that such claim is valid*** and enforceable . . .").

ISE's failure to disclose factual evidence during discovery cannot be cured by Ma's tardy disclosures. District courts have rejected such an approach. *Apple Inc. v. Samsung Electronics Co., Ltd.*, No. C 11–1846, 2012 WL 2499929 at *4 (N.D. Cal. June 27, 2012) (granting Samsung's motion to strike portions of an expert report where the "report references evidence never previously disclosed to Samsung during discovery"); *Fujitsu Ltd. v. Belkin Intern., Inc.*, No. 10–CV–03972, 2012 WL 4497966 at *10 (N.D. Cal. Sept. 28, 2012) (granting motion to strike an expert report which referenced evidence "disclosed for the first time. . .after the close of fact discovery.").

---

[1] "Exh. ___ " refers to the Declaration of Brian J. Doyle in Support of CBOE's Motions in Limine Nos. 1-20 and Daubert Motion, filed herewith.

[2] *See, e.g. id.* ¶72 where Ma makes additional undocumented "factual" statements that ISE failed to disclose during discovery.

Ma should be precluded from presenting these facts to the jury at least to prevent undue prejudice to CBOE. *See Buchanan v. McCann*, Civ. No. 08 C 7063, 2012 WL 1987917 at *2 (N.D. Ill. June , 2012). CBOE had no opportunity to conduct fact discovery to explore the accuracy of the newly remembered, undocumented facts presented in Ma's rebuttal report. For instance, CBOE will not have the opportunity to obtain discovery or deposition testimony from the unidentified "███████████████████████████████████" who provided Ma with information that purports to contradict a prior art publication. Exh. 4 at ¶ 49, fn. 26.

Further, CBOE's deposition of Ma was insufficient to remedy the prejudice this tardy disclosure inflicts on CBOE. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 160 (S.D.N.Y. 2012) (finding that where a factual disclosure was made after the close of discovery, "[i]t is no answer to say that Defendants can simply address the damages at issue now, by deposing Plaintiffs' damages expert"). Instead, unless evidence regarding such facts is precluded at trial, ISE "effectively deprived Defendants of the tools necessary to challenge the underlying assumptions of Plaintiffs' expert—*i.e.*, the documents or and deposition testimony that would speak to the factual matters being evaluated by the expert." *Id.*

B. **Ma Should Be Precluded From Providing Uncorroborated Personal Recollections, Especially After Admitting to Manufacturing Facts to Rebut CBOE**

Ma should generally be precluded from testifying as a fact witness in this case, which chiefly includes his undocumented personal testimony. As a threshold issue, ISE never identified Ma as a fact witness, via its initial disclosures or otherwise, which alone should prevent Ma from acting as a fact witness here. Equally important, Ma's personal recollections, should be precluded due to his lack of credibility. *Behler v. Hanlon*, 199 F.R.D. 553, 556 (D.

Md. 2001) (stating the "importance of credibility of witnesses in the trial of cases cannot be overstated and this is especially true with respect to expert witnesses.").[3] Ma made it clear at the parties' *Markman* hearing that he is not an impartial expert but a paid advocate for ISE, as he referred on several occasions to his efforts to make ISE's case (calling it "██████") stronger. *E.g.,* Exh. 13, Markman Tr. at 255:11-23 (testifying that he cited the Domowitz document because "███████████████████████████████████████████████"); 256:18-23 ("██████████████████████████████████████████████████████ ████████████").

What's more, Ma admitted to manufacturing facts and relying on documents he suspected were inaccurate in order to help ISE's case. *Id* at 257:6-258:1 (testifying that the Domowitz article is inaccurate because Domowitz "██████████████████████████████████ ████████████████████████████████████████" and then confessing "██████████████████████████████████████") (emphasis added); *id* at 258:2-11 (testifying that he relied on a document he thought was inaccurate because "████████ ████████████████") (emphasis supplied). This is unsurprising given that Ma testified under oath that whether cheating is bad "█████████████████" Exh. 3, Ma Dep. at 198:8-199:13.

Ma's admissions that he is trying to "█████████" are particularly troubling when coupled with his high, and inexplicably fluctuating, hourly rate of $████████[4] Indeed, this level of compensation does not comport with the Illinois rules of ethics and professional conduct

---

[3] This common-sense commentary from the *Behler* court has been cited numerous times, including by the Eastern District of Michigan, the Eastern District of Arkansas, and the Southern District of West Virginia. *See, e.g., Burger v. Allstate Ins. Co.,* 2009 WL 1587396 at * 2 (June 8, 2009, E.D. Mich.); *Jones v. Young,* 2007 WL 2695621 at * 2 (Sept. 10, 2007, E.D. Ark.); *Beckner v. Bayer Cropscience LP,* 2006 WL 6906942 at * 4 (June 28, 2006, S.D.W. Va.).

[4] Notably absent from Ma's disclosure of this rate is any representation that it is his usual compensation.

that prohibit monetary inducement of a witness and limit witness pay to a reasonable amount.

*See* Exh. 16, Illinois Rule of Professional Conduct 3.4(b) (prohibiting an attorney from offering

"an inducement to a witness that is prohibited by law"); *see also* Exh. 17, Illinois Ethics

Advisory Opinion 87-5 (noting attorneys may "pay a witness ***reasonable compensation*** for time

spent while being interviewed, attending trial, or testifying.") (emphasis added). At Ma's billing

rate, CBOE's concerns that his personal recollections may be influenced "depend[ing] on the

situation" are not far-fetched.

C. **Conclusion**

For at least the above reasons, CBOE respectfully requests that the Court preclude Ma

from testifying about his undocumented personal knowledge for any purpose, including to rebut

CBOE's documentary evidence.


Dated:  December 14, 2012

By: s/ *Jonathan A. Marshall*
Jonathan A. Marshall
David Francescani
Michael T. Zoppo
Brian J. Doyle
Leah Edelman
**FISH & RICHARDSON P.C.**
601 Lexington Ave, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

OF COUNSEL:
Paul E. Dengel
Stacie R. Hartman
Rachel F. Sifuentes
**SCHIFF HARDIN LLP**
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600

*Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated*

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on December 14, 2012 a true and correct copy of the foregoing document was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

*/s/Neil Ramsaroop*
Neil Ramsaroop
