**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>  Defendant. | Case No. 07-CV-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br>Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 19 TO PRECLUDE INFRINGEMENT ARGUMENT AND EVIDENCE THAT <u>CONTRAVENES THE LANGUAGE OF CLAIM 56</u>**

CBOE respectfully moves *in limine* to prevent the ISE from offering infringement argument and evidence that contravenes the language of claim 56. Because it needs to, ISE plans to argue infringement based on claim language different from what its patent actually says. The Court should enter an order preventing ISE from presenting all evidence and prohibiting all questions, references, arguments, and testimony, whether direct or indirect, at trial and during *voir dire* concerning infringement theories that contravene the language of claim 56.

**I.    WHAT CLAIM 56 ACTUALLY SAYS**

A major issue at trial will be whether Hybrid practices the so-called "away market protection" limitations of claim 56. The parties seem to have a fundamental disagreement about what claim 56 requires. CBOE believes the inquiry should be driven by what the claim says; ISE believes the inquiry should be driven by what it needs for a viable infringement argument.

1

The language of claim 56 says it all. Claim 56 requires than an "automated exchange" conduct the step of "*querying an away market*" to receive an "away market price":

> 56. A process for trading a financial instrument on an automated exchange wherein the trade may be one of a purchase of a quantity of the instrument and a sale of a quantity of the instrument, the process comprising:
>
> storing a public customer order to trade the instrument in a book memory, the public customer order having a size;
>
> storing a plurality of professional orders or quotations entered for one or more professionals to trade the instrument in the book memory, the professional orders or quotations having a respective plurality of sizes;
>
> establishing a best price for the instrument;
>
> establishing an allocating parameter;
>
> receiving an incoming order or quotation for the purchase or sale of the instrument, the incoming order or quotation having a size associated therewith;
>
> matching the incoming order or quotation against the orders and quotations stored in the book memory based on the allocating parameter;
>
> ***querying an away market to determine an away market price***;
>
> comparing the best price with the away market price;
>
> and, if the best market price is as good or better than the away market price, executing the step of matching.

ISE believes that claim 56 can be infringed by an "automated exchange" that merely *receives* price information from a reporting entity, such as OPRA[1], but does not *query an away*

---

[1] OPRA is a reporting entity specific to the options industry that collects pricing information from all of the options exchanges, aggregates it, and disseminates the aggregated data back to the options exchanges so that they can all perform SEC-mandated away market protection. *See* '707 Patent at col. 4:17-27; 7:54-58.

2

*market*.   Aside from that perspective not aligning with what claim 56 says, claim 58—which depends from claim 56—shows that, as a matter of law, ISE is wrong:[2]

> 58. The process according to claim 57, wherein ***the step of querying further comprises*** *receiving market price information from a reporting entity*.

Claim 58, which adds additional limitations to claim 56, provides that the "step of querying" "an away market" "***further comprises***" the ***additional*** step of receiving market price information from an entity like OPRA.  Therefore, as a matter of law, the "step of querying" in claim 56 must require something more than just receiving market price information from a reporting entity.  *See CBOE v. ISE*, 677 F.3d 1361, 1370-71 (Fed. Cir. 2012) (finding that "allocating" in claim 1 is distinct from "matching" in dependent claim 2 because "the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim.").  In particular, "step of querying" requires that the "automated exchange" perform the step of querying an "away market."  The "away market" is illustrated in the patent as something completely distinct from the "reporting entity."  It is quite simply another exchange:

---

[2] Perhaps to draw attention away from the fact that it renders ISE's infringement allegations of claim 56 nonsensical, ISE withdrew claim 58 from the case.



FIG. 1

'707 Patent, Fig. 1 (excerpted below); 7:11-13 ("Orders entered on behalf of market makers on competing exchanges 18 are a particular type of professional order referred to herein as 'FARMM" orders.'")

In sum, the claims mandate that "*querying*" another *exchange* to receive an away market price is something entirely different from "*receiving*" an away market price from a "*reporting entity*," like OPRA.

## II. ISE'S TRIAL STRATEGY IS TO IGNORE THE LANGUAGE OF CLAIM 56

Although the Court did not construe the "querying" language in claim 56, ISE is bound by this limitation when asserting infringement. Nevertheless, ISE has made clear in its infringement contentions and expert report that it intends to allege infringement of claim 56 without regard to the words of the claim. ISE is going to argue infringement of claim 56 by pointing to "evidence" that CBOE receives price information from a reporting entity (OPRA),

but will point to *zero* evidence that it "quer[ies] an away market," as required by claim 56.  ISE's expert, Dr. Ma, plainly argues that CBOEdirect ███████████████ ███████ Exh. 1, Ma Opening Report, ¶ 397 (emphasis added).[3]  Even worse, ISE's infringement contentions simply assert without explanation that the accused process ███████ ██████ and cite the same deposition testimony relied on by Ma as support.  Exh. 2, ISE's Corrected Sixth Set of Responses to Interrogatory Nos. 1 and 7, Exh. A at 30.  The drafter of claim 56 chose to write "querying" rather than "receiving" and ISE is now bound by that decision.  *See Planet Bingo, LLC v. GameTech Intern., Inc.*, 472 F.3d 1338, 1344 (Fed. Cir. 2006).

ISE's planned infringement argument is disconnected from the claims and is irrelevant by definition.  It can be designed only to confuse the jury into finding infringement where, as a matter of law, none exists.  Therefore, CBOE requests an order *in limine* preventing ISE from arguing or presenting evidence that claim 56 is infringed by an "automated exchange" that receives away market price information from a reporting entity, but does not query an away market.

### III. ISE HAS NEVER DISCLOSED AN INFRINGEMENT THEORY THAT ADDRESSES THE LANGUAGE OF CLAIM 56 AND SHOULD THEREFORE BE PRECLUDED FROM OFFERING ONE AT TRIAL FOR THE FIRST TIME

For a patentee in a complex patent infringement action, it is not too much to ask that it disclose its theory for how its patent is infringed, particularly where that patentee seeks hundreds of millions of dollars in alleged damages.  Yet ISE has never disclosed a theory by which CBOE

---

[3] "Exh. ___" refers to the Declaration of Brian J. Doyle in Support of CBOE's Motions in Limine Nos. 1-20 and Daubert Motion, filed herewith.

might infringe claim 56 as the Patent Office actually issued it. The Court should preclude ISE from doing so for the first time at trial.

Also, ISE should precluded offering argument that CBOE meets the "querying" limitation of claim 56 under the doctrine of equivalents. Neither ISE's infringement contentions nor its expert report present any theory regarding "querying." Indeed, ISE has never offered such a theory and may not do so for the first time at trial. *See Genentech v. Amgen, Inc.*, 289 F.3d 761, 773 (Fed. Cir. 2002); *see also American Seating Co. v. Kustom Seating Unlimited, Inc.*, 2010 WL 489521 at *7 (W.D. Mich., Feb. 4, 2010). With expert discovery having closed, permitting ISE to argue this at trial would severely prejudice CBOE. Also, such argument would be improper as a matter of law because it would require vitiation of the "querying" requirement. *See Fin Control Sytems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1320 (Fed. Cir. 2001) (holding that doctrine of equivalents cannot render "frontal" equivalent to "lateral"); *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1106 (Fed. Cir. 2000) (holding that doctrine of equivalents cannot require a "majority" to be equivalent to a "minority"). Indeed, the claims make clear that receiving price information from a reporting entity is an ***additional step*** to "query[ing] an away market." Therefore, infringement would require—in violation of clear law—deleting the "querying" limitation from claim 56.

## IV.   CONCLUSION

For the foregoing reasons, the Court should enter an order preventing ISE from presenting all evidence and prohibiting all questions, references, arguments, and testimony, whether direct or indirect, at trial and during *voir dire* concerning infringement theories that contravene the language of claim 56. ISE should also be precluded from presenting a theory by which CBOE might infringe claim 56 as the Patent Office actually issued it. Also, ISE should be

6

precluded from offering argument that CBOE meets the "querying" limitation of claim 56 under the doctrine of equivalents.

| | |
|---|---|
| Dated:  December 14, 2012 | By: s/ *Jonathan A. Marshall* |
| | Jonathan A. Marshall |
| | David Francescani |
| | Michael T. Zoppo |
| | Brian J. Doyle |
| | Leah Edelman |
| | **FISH & RICHARDSON P.C.** |
| | 601 Lexington Ave, 52nd Floor |
| | New York, NY 10022 |
| | Telephone: (212) 765-5070 |
| | Facsimile: (212) 258-2291 |
| | |
| | OF COUNSEL: |
| | Paul E. Dengel |
| | Stacie R. Hartman |
| | Rachel F. Sifuentes |
| | **SCHIFF HARDIN LLP** |
| | 6600 Sears Tower |
| | 233 South Wacker Drive |
| | Chicago, IL 60606-6473 |
| | Telephone (312) 258-5500 |
| | Facsimile (312) 258-5600 |
| | |
| | *Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated* |

**CERTIFICATE OF SERVICE**

      The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on December 14, 2012 a true and correct copy of the foregoing document was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

                                                      */s/Neil Ramsaroop*
                                                        Neil Ramsaroop