**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>                Plaintiff,<br><br>    v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>                Defendant. | Case No. 07-CV-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br>Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 16
TO PRECLUDE ARGUMENT AND EVIDENCE THAT ISE
PRACTICES THE PATENT**

CBOE respectfully moves *in limine* to prevent ISE from presenting evidence and argument that ISE practices the '707 patent.[1]

I. **ISE HAS NOT SUFFICIENTLY DISCLOSED EVIDENCE THAT IT PRACTICES THE PATENT**

To support its theory of secondary indicia of non-obviousness through its own alleged commercial success, ISE has the burden of showing that there is a nexus between the commercial success and the patented invention. To show this nexus, ISE must show that it practices the patent. *See Ormco Corp. v. Align Technology, Inc.*, 463 F.3d 1299, 1312 (Fed. Cir. 2006). Yet ISE's interrogatory responses offer only belated and insufficient evidence that it practices the patented invention, and as a result, CBOE was deprived of the opportunity to conduct fact discovery on this issue. Also, for most of the limitations of the asserted claims, ISE's expert, Dr.

---

[1] CBOE has filed a co-pending motion (Doc. 422) to strike portions of ISE's expert report concerning ISE's practicing of the patent.

1

Moses Ma, offers only conclusory statements as to whether ISE's exchange satisfies the limitation.

In support of its "disclosure" that it practices the invention, ISE cites to a ▓▓▓▓ document which it had included with its provisional patent application. *See* Exh. 8 at 36-37.[2] But ISE provides no explanation as to how this document relates to the asserted claims or the many hardware related limitations of the claims. ISE also incorporated by reference ▓▓▓▓ a large swath of technical documents of which ISE gives *one* example. *See* Exh. 8 at 36. Such a disclosure improperly burdens CBOE with discerning whether ISE practices its own patent and runs afoul of settled law that a party may not disclose its contentions by reference to a list of documents. *See U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 n.5 (M.D.N.C. 2002) ("Only [ISE] can identify its own contentions and the burden on [CBOE] to try and divine [ISE's] contentions from documents obviously imposes a greatly unequal burden on [CBOE].").

Also as part of its "disclosure" of how it practiced the invention, ISE incorporated by reference the Declaration of Boris Ilyevsky in Support of ISE's Opposition to CBOE's Motion for Summary Judgment. *See* Exh. 8 at 37. But the Ilyevsky Declaration pertains almost entirely to *CBOE's* exchange, not ISE's. *See id.* It alleges, at best, that ISE's exchange practices a few "concepts" that are found in the asserted claims. But nowhere does it compare ISE's exchange to the asserted claims.

Regarding ISE's expert report, Ma's claim by claim analysis showing how ISE purportedly practices the patent is completely conclusory for most of the limitations; it consists mostly of declarations by Ma that ISE practices the features of the invention without citing *any*

---

[2] "Exh. ___" refers to the Declaration of Brian J. Doyle in Support of CBOE's Motions in Limine Nos. 1-20 and Daubert Motion, filed herewith.

support. *See, e.g.* Exh. 1 at ¶¶ 60 ▮▮▮), 63 ▮▮▮); *see also* ¶¶ 66, 100, 102, 104, 106, 107, 108, 109, 110, 111, 112, 114, 117, 119, 121, 123, and 130; Fed. R. Civ. P. 26(a)(2)(B) (noting that an expert must disclose "the basis and reasons" for her opinions, as well as "the facts and data considered"). Where Ma does cite support, it is deficient. For example, his support in ¶ 132 does not cite any material relating to ISE's exchange, but rather points to the testimony of *CBOE's* employees discussing *CBOE's* exchange, and *CBOE's* patent application; none of these cites refer to any discussion or mention of ISE's exchange.[3] *See* Exh. 1 at ¶ 132. But, since ISE argues nonobviousness based on *its own* commercial success in implementing the patent, these purported facts regarding CBOE are irrelevant. Allowing Ma to proffer such opinions to the jury would be unfair to CBOE because neither Ma's report nor ISE's discovery discloses a factual basis for them. CBOE's expert was unable to respond to Ma's opinions because, if a factual basis even exists, it was disclosed only to Dr. Ma and hidden from Dr. Steil, CBOE's expert. It would be unfair to allow Ma to give opinion testimony that CBOE's expert cannot substantively impeach simply because ISE decided to withhold information.[4]

### III. CONCLUSION

Neither ISE's discovery responses nor Ma's report establishes that ISE's exchange practices any of the asserted claims from the '707 patent, and thus all evidence and argument pertaining to ISE practicing the patent should be excluded.

---

[3] In his footnote to support ¶ 132, Ma cites to the testimony of CBOE employees Chodash, Novak, Miller, and Evora regarding CBOE's practices, and to ISE 359, which is CBOE's patent application.

[4] Accordingly, even if the Court believes that ISE did not have to disclose its basis for practicing the patent during fact discovery, Ma should nonetheless be precluded from offering his opinion testimony due to these defects in the disclosure of his opinion. Fed. R. Civ. P. 26(a)(2)(B).

3

Dated: December 14, 2012    By: s/ *David Francescani*
Jonathan A. Marshall
David Francescani
Michael T. Zoppo
Brian J. Doyle
Leah Edelman
**FISH & RICHARDSON P.C.**
601 Lexington Ave, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

OF COUNSEL:
Paul E. Dengel
Stacie R. Hartman
Rachel F. Sifuentes
**SCHIFF HARDIN LLP**
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600

*Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated*

4

**CERTIFICATE OF SERVICE**

      The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on December 14, 2012 a true and correct copy of the foregoing document was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

                                                   */s/Neil Ramsaroop*
                                                   Neil Ramsaroop