UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>                Plaintiff,<br><br>v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>                Defendant. | Case No. 07-cv-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br>Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO PRECLUDE ARGUMENT AND EVIDENCE THAT FAILS TO APPLY THE PROPER CONSTRUCTION OF "AUTOMATED EXCHANGE" AND TO STRIKE ISE'S INFRINGEMENT REPORT TO THE EXTENT IT CONTAINS SUCH ARGUMENTS**

      CBOE respectfully moves *in limine* to prevent ISE from arguing infringement based on an improper construction of "automated exchange." CBOE further moves to strike any opinions in the opening technical report of ISE's expert, Dr. Ma, which rely on improper constructions of "automated exchange."

      This Court and the Federal Circuit determined that the '707 patent disavows floor-based trading. The implication of disavowal is clear: an exchange that permits electronic matching and allocating but also permits open outcry cannot infringe the '707 patent. Having never presented an infringement theory that fits that construct, ISE has ignored disavowal (and the presence of open outcry) despite the Federal Circuit's decision. The Court's recently issued jury instruction confirms that ISE cannot try this case without facing disavowal:

> [A] system for executing trades of financial instruments that permits automatic matching or allocating but also permits matching or allocating through oral

1

> communications between market professionals at a central location in open view of other market professionals is not an automated exchange.

Doc. 455.

The issue this motion seeks to address is ISE's litigation strategy of submitting Ma's infringement report without addressing the import of disavowal or the impact that the presence of open outcry could have on the issue of infringement. Indeed, Ma admits that he failed to apply the Court's construction, and further testified that he ignored the principle of disavowal. Because Ma opines on infringement but does not account for what has been the law of the case since 2010, those opinions are improper and the jury must not hear them.

## I. MA'S INFRINGEMENT OPINIONS REGARDING "AUTOMATED EXCHANGE" MUST BE STRICKEN

As a limitation in every asserted claim, the term "automated exchange" is particularly important to this case. As part of the holding of disavowal that was affirmed by the Federal Circuit, this Court construed "automated" to mean

> [F]ully computerized, such that its protocol does not include matching or allocating through use of open outcry in order to execute trades.[1] Stated conversely, a method that effects trades of financial instruments by automatically matching and allocating but also permits matching and allocating through "oral communications between market professionals at a central location in open view of other market professionals" ('707 patent, col.1, ll. 24–29) is not fully computerized and therefore not "automated."
>
> [1] The court accepts the argument of CBOE that the patent **disavows** floor-based trading.

Doc. 300 as modified by the Court in Doc. 363 (emphasis added).

The Court's ruling was affirmed by the Federal Circuit, which specifically held that the '707 patent disavows floor-based exchanges (including partially automated exchanges). *Id.* at 1373. The Court recently confirmed that the '707 patent was construed to disavow floor-based trading, *i.e.*, "a system that permits matching or allocating through the use of open outcry is not

2

an 'automated exchange.'" Doc. 455. But Ma testified that he did not consider the legal principle of disavowal. Exh. 3, Ma Dep. 65:9-23.[1] Instead, he analyzed infringement with respect to "automated exchange" under the misguided assumption that disavowal is somehow irrelevant because it pertains only to "automated" and not "automated exchange." *Id*. at 163:5-14.

Emblematic of how gravely Dr. Ma's misunderstanding tainted his analysis, Ma explains his understanding of the law of infringement—and his justification for ignoring disavowal and the presence of open outcry in the accused exchange:



Exh. 1, Opening Technical Expert Report of Moses Ma, Ph.D, at ¶ 178. Ma ignores open outcry—and therefore disavowal—and gerrymanders Hybrid so as to focus only on CBOEdirect, a perspective which he was instructed to assume. Exh. 3 at 217:15-19.

However, Ma's understanding of the law is plainly wrong. Dr. Ma treats open outcry as something merely *unclaimed*. But that ignores this Court and the Federal Circuit, who both held that open outcry is *disclaimed*. Summarizing various Federal Circuit cases on this very topic, the Middle District of North Carolina pointed out "the importance of the distinction between *unclaimed* elements and *disclaimed* elements":

---

[1] "Exh. ___" refers to the Declaration of Brian J. Doyle in Support of CBOE's Motions in Limine Nos. 1-20 and Daubert Motion, filed herewith.

> [A] patentee can rebut the presumption stemming from use of the word "comprising" by clearly disavowing certain unrecited elements and thereby actively excluding those elements from the scope of the patent's claims. *See Free Motion Fitness, Inc.*, 423 F.3d at 1353 ("The presence of an undesirable prior art feature in addition to the elements recited in the claim ... does not limit the claim *unless* there is a clear and unmistakable disclaimer of claim scope." (emphasis added)). **When a patentee clearly disclaims particular elements, an accused device or method that adds those very disclaimed elements to the patented invention will be deemed noninfringing**. *N. Telecom Ltd. v. Samsung Elecs. Co.*, 215 F.3d 1281, 1296–97 (Fed.Cir.2000) ("[I]f a patent requires A, and the accused device or process uses A and B, infringement will be avoided only if the patent's definition of A excludes the possibility of B."); *RFID Tracker, Ltd. v. Wal–Mart Stores, Inc.*, 342 F. App'x 628, 630–32 (Fed.Cir.2009) (per curiam) (affirming summary judgment of noninfringement based on a finding that the patentee's disavowal of claim scope rebutted the presumption arising from use of an open-ended term).
>
> ***
>
> **Plaintiffs contend that "[t]he law is settled that the addition of elements or steps to an open-ended comprising claim is still an infringement." (Pls.' Br. Opp'n Defs.' Modified Mot. Summ. J. (Doc. 195) at 11.) This position does not give due consideration to the crucial distinction between elements that a patentee merely fails to claim, or simply disfavors, and those elements that the patentee clearly and unmistakably disclaims**.
>
> ***
>
> Plaintiffs contend that summary judgment is unwarranted because "[t]he Court did not rule that [the patentee] disclaimed the combination of using (1) a prior art 'barrier' (as the Court construed 'barrier'...) on one side of a building's boundary and (2) [the patentee's] inventive 'loopholes' ... on the other side." … However, **in *Northern Telecom Ltd.*, the Federal Circuit indicated that a patentee's exclusion of a particular element from the invention is sufficient to disclaim not only the disavowed element, but also the combination of that [disavowed] element and the claimed invention.**

*BASF Agro B.V. v. Makhtseshim Agan of N. Am., Inc,* 2012 WL 84985 at *3-7 (M.D.N.C. January 11, 2012) (boldface emphasis added; italics emphasis in original).

Ma's failure to address disavowal taints his entire analysis of "automated exchange" and his opinions regarding automated exchange should be stricken accordingly. Moreover, since automated exchange is a limitation of every asserted claim, and infringement is found only where every limitation of an asserted claim is found in an accused system or method, Ma's opinions regarding infringement are improper and irrelevant and he should be precluded from

4

opining that any claim is infringed by CBOE. Fed. R. Evid. 403; *see also U.S. v. Wintermute*, 443 F.3d 993, 1001 (8th Cir. 2006) (affirming exclusion of expert testimony as irrelevant where the expert misconstrued the legal question at issue). Ma has ignored the law, and his opinions on "automated exchange" are therefore worthless to the jury.

## II. CONCLUSION

For all reasons set forth herein, CBOE requests that the Court preclude ISE from arguing infringement under an improper construction of "automated exchange," including any construction that ignores the Court's ruling regarding disavowal. Additionally, CBOE moves to strike the following portions of Ma's opening report: 1, 2, 5, 6, 144, 155, 161, 163, 164, 171, 174, 234, 235, 238, 241, 244, 248, 264, 297, 377, 378, 379, 380, 381, 383, and 403, along with any opinion that the '707 patent is infringed by CBOE.

Dated: December 14, 2012

By: s/ *David Francescani*
Jonathan A. Marshall
David Francescani
Michael T. Zoppo
Brian J. Doyle
Leah Edelman
**FISH & RICHARDSON P.C.**
601 Lexington Ave, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

OF COUNSEL:
Paul E. Dengel
Stacie R. Hartman
Rachel F. Sifuentes
**SCHIFF HARDIN LLP**
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600
*Attorneys for Plaintiff Chicago Board Options Exchange, Incorporated*

5

**CERTIFICATE OF SERVICE**

The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on December 14, 2012 a true and correct copy of the foregoing document was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

                                              */s/Neil Ramsaroop*
                                              Neil Ramsaroop