Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 623 | **DATE** | 1/14/2013 |
| **CASE TITLE** | Chicago Board Options Exchange, Inc. vs. International Securities Exchange, LLC | | |

**DOCKET ENTRY TEXT**

Order entered 1/10/2013 (#642) is stricken. ISE's motion to reconsider (#456) is granted in part and denied in part as stated herein. See statement section of this order for details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

ISE contends that the court's jury instruction on the meaning of "automated exchange" (455) violates the mandate of the court of appeals. ISE is correct that the court's "converse" statement was not, in fact, converse. Thus, it modifies the language accordingly as set out below. This does not resolve the question, however, of what the court of appeals meant by "includes."

ISE successfully argued on appeal that this court's use of the word "method" was wrong because the patent is directed at a trading system, not a method that effects trades. Appellants' brief at 47–48. ISE argued that its system is an apparatus comprising several parts: an interface, book memory means and processor means. *Id.* at 49. A method, by contrast, is used for "a 'process,' set out in successive steps, for obtaining and analyzing information" to accomplish a specific purpose. *See In re Bilski,* 545 F.3d 943, 995 (Fed. Cir. 2008).

ISE also argued that this court construed the disavowal of floor-based trading too broadly:

> Thus, each claim was construed to require a trading system that performed every process, even those not recited in the claims, automatically for every possible type of trade. . . . In sum, because the claims of the '707 patent do not require every process to be automated, and expressly permit (and in some cases require) manual order and/or quotation entry, . . . the district court erred in concluding that an automated exchange requires every process to be automated, and cannot include any manual steps and/or processes for matching and allocating.

Appellants' brief at 50. To this argument, the court of appeals responded that ISE misconstrued this court's

| STATEMENT |
|---|
| construction of automated exchange.  Rather, "[t]he district court's construction requires that such an exchange be fully computerized, such that it does not include *matching or allocating* through use of open outcry."  *Chicago Bd. of Options Exch., Inc.* v. *Int'l Sec. Exch., LLC*, 677 F.3d 1361,1372 (Fed. Cir. 2012) (emphasis added, internal quotation marks omitted).  Significantly here, it adopted this court's view that the '707 patent disavows floor based trading.  *See id.* ("We have recognized that where the specification makes clear that the invention does not include a particular feature, that feature is deemed to be outside the reach of the claims[.]") (internal brackets omitted, citations omitted).  From the Federal Circuit's discussion of disavowal, it follows that the '707 patent claims a system comprising an interface, book memory means and processor means that does not include (provide for, permit) matching or allocating through open outcry.  A system comprising an interface, book memory means and processor means that does include (provide for, permit) matching or allocating through open outcry is not claimed in the '707 patent.<br><br>Presumably, ISE will argue that CBOEdirect infringes because it is an automated exchange, *i.e.*, a system for executing trades of financial instruments that includes automated matching or allocating (even though it permits matching or allocating through open outcry for some trades).  CBOE will argue that CBOEdirect is not an automated exchange because it does not provide that all matching or allocating be done automatically.  Because CBOEdirect is a computerized trading system with a floor-based component for matching and allocating some trades through open outcry, it will be a jury question whether CBOEdirect is a stand alone automated exchange alongside a floor-based system or whether it is a system that includes matching or allocating through open outcry.<br><br>For these reasons, the court will instruct the jury as follows:<br><br>  An automated exchange is a system for executing trades of financial instruments that is fully computerized, such that it does not include matching or allocating through the use of open outcry.  Conversely, a system for executing trades of financial instruments that includes matching or allocating through the use of open outcry is not an automated exchange.<br><br>Another instruction defining "includes" may become advisable. |