# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 623 | **DATE** | 3/6/2013 |
| **CASE TITLE** | CBOE vs. ISE | | |

**DOCKET ENTRY TEXT**

This document is temporarily filed under seal to allow the parties to review whether any portions are redactable as highly confidential.  The seal on the document will be lifted at 5:00 p.m. on March 14, 2013 unless a motion to seal is filed before that time.  CBOE's motion in limine No. 1 (#518) to preclude argument and evidence that CBOE Infringes the '707 patent is granted in part and denied in part as set out in the Statement below.

■[ For further details see text below.]

## STATEMENT

        CBOE argues that the issue of infringement should not be tried because ISE has conceded that CBOE's Hybrid exchange system does not infringe.  CBOE rests on ISE's argument in seeking reconsideration of the court's claim construction of "automatic exchange" that expressly stated that a system that "permits matching or allocating through [open outcry] is not an automatic exchange." Thus, if CBOE's Hybrid system permits matching or allocating through open outcry, CBOE argues, ISE cannot prove infringement. ISE argues that CBOE is basing its position on the "faulty premise" that ISE must prove that there is no interaction whatsoever between CBOEdirect and floor based trading.  ISE expects to demonstrate that, although CBOEdirect may route orders to the floor, CBOEdirect also matches and allocates without the use of open outcry; thus, CBOEdirect is an automatic exchange.

        The issue for trial is whether Hybrid is merely two independent exchanges, one an "automatic exchange" (CBOEdirect) and the other open outcry on the trading floor, or whether it is an integrated system that requires interaction with the trading floor.[1]  As such, ISE will have the burden to demonstrate (1) that each element (*e.g*., interface, book memory means and processor means) of one or more claims is present in CBOEdirect, and (2) that Hybrid's "rule-based order routing algorithm" does not include matching or allocating through open outcry.  This is necessary because the '707 patent disavows floor based trading.  In other words, ISE must prove that Hybrid is a system for executing trades of financial instruments that is fully computerized, such that it does not include matching or allocating through the use of open outcry.

        ISE may offer evidence that the elements of the claims of the '707 patent are found in CBOEdirect but it may not argue that, therefore, CBOEdirect infringes or that Hybrid's algorithm that includes routing orders to the trading floor is irrelevant.

## STATEMENT

1.CBOE holds a patent known as "the '650 patent" in which its Hybrid trading system was distinguished over prior art (in relevant part) on the basis of its "unique rule-based order routing algorithm which integrates the features of open-outcry trade execution with electronic order trade execution." See Opinion and Order of Mar. 2, 2011, at 5. (Doc. 363). As the court presently recalls, CBOE's expert at the claim construction hearing testified that Hybrid would not function without the element of the trading floor.