Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 623 | **DATE** | 3/6/2013 |
| **CASE TITLE** | | CBOE vs. ISE | |

**DOCKET ENTRY TEXT**

This document is temporarily filed under seal to allow the parties to review whether any portions are redactable as highly confidential. The seal on the document will be lifted at 5:00 p.m. on March 14, 2013 unless a motion to seal is filed before that time. CBOE's Motion in Limine No. 5, to Bar ISE from Introducing Evidence Related to Secondary Considerations of Nonobviousness (#499) is granted in part and denied in part. See Statement for details.

■[ For further details see text below.]

# STATEMENT

CBOE seeks to preclude ISE from presenting evidence or argument at trial related to secondary considerations of nonobviousness including (1) commercial success; (2) copying; (3) failure of others; (4) long-felt need; (5) industry acquiescence of validity; and (6) teaching away.

I. Evidence of commercial success

CBOE argues that ISE should be precluded from presenting evidence or argument regarding commercial success because ISE's expert, Dr. Moses Ma, fails to demonstrate a nexus between the patented invention and its commercial success (rather than the patented invention and CBOE's commercial success). Although Dr. Ma's rebuttal report does discuss CBOE's commercial success (*see* dkt. #556, CBOE Mot. *in Limine* Ex. 4 ¶¶ 109 & 220),[1] Dr. Ma also opines on ISE's commercial success practicing the patented invention[2] (*see id.* ¶¶ 109–24). In particular, CBOE and ISE dispute whether features identified by ISE, such as a tighter bid/ask spread, are claim limitations. Whether ISE will be able to prove a nexus; however, is not an appropriate question for resolution on a motion *in limine*. *See Civix-DDI, LLC* v. *Hotels.com, L.P.*, No. 05 C 6869, 2012 WL 6591684, at *5 (N.D. Ill. Dec. 18, 2012) ("determining whether a sufficient nexus exists is a factual issue for the jury to decide, not for the Court to decide based on a motion *in limine*") (*citing Spectralytics, Inc.* v. *Cordis Corp.*, 649 F.3d 1336, 1344 (Fed. Cir. 2011)). Thus, CBOE's motion to exclude evidence and argument related to commercial success is denied.

II. Evidence of copying

CBOE argues that ISE should not be permitted to introduce evidence related to "copying" to show nonobviousness. CBOE argues that ISE's interrogatory responses and Dr. Ma's report were insufficient to

establish copying and that ISE is relying solely on its infringement contentions. Although "[a] stipulation of infringement, taken alone, is not probative of copying," *Tokai Corp.* v. *Easton Enters., Inc.*, 632 F.3d 1358, 1370 (Fed. Cir. 2011), ISE does not rely solely on its infringement contentions. Rather, ISE details its arguments for copying in its interrogatory responses (*see* dkt. #617, ISE Resp., Ex. P at 41–42; dkt. #613, ISE Resp., Ex. K at 15), and cites to supporting documents. (*See* dkt. #617, ISE Resp., Ex. P at 42; dkt. #613, ISE Resp. Ex. K at 15.) Dr. Ma's rebuttal report also opines that CBOE copied use of public customer priority, participation rights, and support for spreads. (Dkt #556, CBOE Mot. *in Limine*, Ex. 4 ¶¶ 128–30). This is sufficient threshold evidence of copy to permit the jury to determine whether there is a nexus between "the copying and the novel aspects of the claimed invention," *see Wm. Wrigley Jr. Co.* v. *Cadbury Adams USA LLC*, 683 F.3d 1356, 1364 (Fed. Cir. 2012). The persuasiveness of ISE's evidence is for the jury to decide. Therefore, CBOE's motion to exclude evidence of copying as a secondary consideration of nonobviousness is **denied.**

  III.  Evidence of the failure of others

CBOE additionally moves to exclude evidence of the failure of others to find a solution to the problem the patents purport to solve. Dr. Ma's rebuttal report mentions the failure of 73 exchanges and identifies three exchanges which attempted to implement size-based allocation and failed. (Dkt. #556, CBOE Mot. *in Limine* Ex. 4 ¶ 135.) Secondary considerations receive substantial weight if there is a nexus to the claimed features, *Muniauction, Inc.* v. *Thomson Corp.*, 532 F.3d 1318, 1327 (Fed. Cir. 2008). As CBOE contends, failure of others due to economic considerations does not support nonobviousness, *see DyStar Textilfarben GmbH & Co. Deutschland KG* v. *C.H. Patrick Co.*, 464 F.3d 1356, 1371–72 (Fed. Cir. 2006), but CBOE points to no evidence in the records suggesting that failure of others was due to economic considerations. Again, the weight of the evidence is for the jury to determine. As a result, the court denies CBOE's motion with respect to failure of others.

  IV.  Evidence of long felt need

CBOE also argues for exclusion of evidence related to long-felt need. In his rebuttal report, Dr. Ma states that the '707 patent solves problems such as "inefficiencies and inadequacies in order-handling and price competition which made it difficult for market participants to assess the depth and liquidity of the market." (Dkt. #556, CBOE Mot. *in Limine* Ex. 4 ¶ 247.) Dr. Ma discusses how the '707 patent incentivized professionals to make and maintain deep, liquid markets for trading financial instruments. (Dkt. #608, ISE Resp. Ex. E ¶ 52.) Once again, CBOE's argument that ISE's evidence fails to establish a nexus goes to the persuasiveness of ISE's evidence, which is not properly addressed on a motion *in limine*. Therefore, CBOE's motion is denied with respect to long-felt need.

Furthermore, CBOE asks the court to preclude ISE from presenting evidence related to industry acquiescence of validity. Acquiescence is frequently evidenced by licenses, *see, e.g., In re Antor Media Corp.*, 689 F.3d 1282, 1293–94 (Fed. Cir. 2012), although licenses are not the only type of evidence of acquiescence, *see, e.g., Heidelberg Harris, Inc.* v. *Mitsubishi Heavy Indus., Ltd.*, Nos. 99-1100, 99-1101, 99-1102, 2000 WL 1375270, at *10 (Fed. Cir. Sept. 18, 2000) (citing praise from Encyclopedia Britannica's *Book of the Year* and receipt of the 1994 Intertech award as indicative of acquiescence); *Kimberly-Clark Worldwide, Inc.* v. *First Quality Baby Prods., LLC*, 676 F. Supp. 2d 752, 764–65 (E.D. Wis. Dec. 11, 2009) (discussing failure of competitors to enter the market as possible indication of nonobviousness but acknowledging that economic factors could influence decision not to compete). Dr. Ma's report states, "[t]here is ample evidence of industry acquiescence concerning the inventive nature of ISE's '707 Patent as evidenced by the fact that a number of exchanges currently implement algorithms that are substantially

| STATEMENT |
|---|
| similar to those disclosed and claimed in the '707 Patent."  (Dkt. #556, CBOE Mot. *in Limine* Ex. 4 ¶ 137.) If anything, Dr. Ma's statement argues against acquiescence since competitors did not obtain a license.  ISE does not point to any additional evidence of industry acquiescence.  Therefore, due to a lack of evidence supporting an argument of industry acquiescence, CBOE's motion is granted.<br><br>     V. Teaching Away<br><br>     Finally, CBOE argues for exclusion of evidence related to teaching away.  CBOE argues that, in the portions of Dr. Ma's report addressing secondary considerations, he states only that "[t]he prior art teaches away from the claimed invention" but fails to cite specific portions of his report that detail examples of teaching away.  (*See id.* ¶¶ 108 & 219.)  In another section of his rebuttal report, however, Dr. Ma points to references cited by ISE that teach away from the patent.  (*See id.* ¶¶ 53-54, 58-59).  Dr. Ma may, therefore, testify to the content of paragraphs 53-54 , 58 and 59 (only). |

    1. "[T]he success of an infringing product is considered to be evidence of the commercial success of the claimed invention." *Brown & Williamson Tobacco Corp.* v. *Philip Morris Inc.*, 229 F.3d 1120, 1130 (Fed. Cir. 2000).

⁰ By separate order, the court has denied CBOE's motion to strike (Dkt. No. 405) the related portions of Dr. Ma's opening report.