# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 623 | **DATE** | 3/6/2013 |
| **CASE TITLE** | CBOE vs. ISE | | |

**DOCKET ENTRY TEXT**

This document is temporarily filed under seal to allow the parties to review whether any portions are redactable as highly confidential. The seal on the document will be lifted at 5:00 p.m. on March 14, 2013 unless a motion to seal is filed before that time. CBOE's Motion in Limine No. 17, to Preclude Argument and Evidence Concerning the Enablement of Prior Art (#508) is granted in part and denied in part. See Statement below.

■[ For further details see text below.]

## STATEMENT

CBOE and ISE agree that "a non-enabling reference may qualify as prior art for the purpose of determining obviousness under [35 U.S.C.] § 103." *Symbol Techs., Inc.* v. *Opticon, Inc.*, 935 F.2d 1569, 1578 (Fed. Cir. 1991); *see Amgen, Inc.* v. *Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1357 (Fed. Cir. 2003). The court hereby grants CBOE's motion with respect to arguments that each prior art reference must be enabling under § 103.

CBOE further seeks to preclude ISE from presenting any and all evidence or arguments pertaining to enablement of prior art for anticipation or obviousness analyses. CBOE bears the burden of proving invalidity by clear and convincing evidence. *See Microsoft Corp.* v. *i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242, 180 L. Ed. 2d 131 (2011); *In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1364 (Fed. Cir. 2012). With respect to anticipation under 35 U.S.C. § 102, "a prior art reference must describe each and every claim limitation and enable one of skill in the art to practice an embodiment of the claimed invention without undue experimentation." *ActiveVideo Networks, Inc.* v. *Verizon Comm'cns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012) (internal quotation marks and citation omitted). Under an obviousness analysis of § 103, the cited prior art as a whole must enable one skilled in the art to make and use the apparatus or method. *See Motorola, Inc.* v. *Interdigital Tech. Corp.*, 121 F.3d 1461, 1471 (Fed. Cir. 1997); *Beckman Instruments, Inc.* v. *LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).

CBOE argues that Dr. Ma's rebuttal report does not demonstrate that prior art references are not enabling. CBOE focuses on paragraph 36 of Dr. Ma's report, where he states that "[m]any of the alleged prior art references identified by the Steil Report . . . are academic articles . . . [which] fail to enable one of ordinary skill in the art to make and use without undue experimentation each claimed invention recited in the asserted claims." (Dkt. #556, CBOE Mot. *in Limine* Ex. 4 ¶ 36.) In his rebuttal charts, Dr. Ma argues that the prior art references do not disclose various claimed elements. ISE does not point to any specific language

| **STATEMENT** |
|---|

in the charts or report where Dr. Ma opines about the prior art's using the specific term "enablement." Because, as ISE concedes, the lack of disclosure of specific elements alone does not establish enablement, these do not support ISE's view that the prior art is not enabling. ISE must be specific about which prior art references it contends are not enabling and why. Thus, ISE may only rely on the references cited at 2-3 of its memorandum in opposition to this motion *in limine*.