Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 623 | **DATE** | 3/7/2013 |
| **CASE TITLE** | CBOE vs. ISE | | |

**DOCKET ENTRY TEXT**

This document is temporarily filed under seal to allow the parties to review whether any portions are redactable as highly confidential. The seal on the document will be lifted at 5:00 p.m. on March 14, 2013 unless a motion to seal is filed before that time. CBOE's motion *in limine* no. 3 (519-1) to (1) preclude argument at trial concerning claims already found invalid is denied as stated below.

■[ For further details see text below.]

## STATEMENT

**Claim 2**

The court construed claim 2's "means for matching the remaining portion with professional orders or quotations in the book memory means on a pro rata basis" as having a structure that is "[a] general purpose computer under the control of a software system; a network of general purpose computers, each under the control of a separate software program; or a system of interconnected parallel processors." (Claim Construction Ruling, Dkt. #286 at 7.) The court noted a means-plus-function claim must disclose structure in the specification, namely "the algorithm disclosed in the specification." (Attachment A to Claim Construction Ruling, Dkt. #286 at 15.) It concluded that the portions of the specification (18:1-18, 18:61-19:5) on which ISE relied for structure was not such an algorithm. CBOE believes this requires to the court to find claim 2 invalid.

ISE argues that this court's construction of claim 2's "means for matching" was partly misunderstood and partly incomplete, and ISE should be allowed to offer evidence that the patent specification adequately discloses an algorithm as corresponding structure.[1] The Federal Circuit ruled that this court erred in defining "matching" as a process based on price only, pointing out that claim 2, for example, "provides that matching is based on a pro rata basis." *Chicago Bd. Options Exch., Inc.* v. *Int'l Sec. Exch., LLC*, 677 F.3d 1361, 1370 (Fed. Cir. 2012). This error does not affect this court's construction of "means for matching," however, where it specifically referred to ISE's references for structure, which describe allocating on a *pro rata* basis.

While sufficiency of the disclosure is judged according to a person of ordinary skill in the art standard, that analysis is not relevant in a case where no structure is present. *See Noah Sys., Inc.* v. *Intuit Inc.*, 675 F.3d 1302, 1312 (Fed. Cir. 2012); *see also Aristocrat Techs. Austl. Pty Ltd.* v. *Int'l Game Tech.*, 521 F.3d 1328, 1337 (Fed. Cir. 2008); *Amtel Corp.* v. *Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir.

1999). In the case of a computer implemented invention, this structure must be an algorithm. *Aristocrat Techs. Austl. Pty Ltd.*, 521 F.3d at 1333. "The usage 'algorithm' in computer systems has broad meaning, for it encompasses 'in essence a series of instructions for the computer to follow[.]'" *Typhoon Touch Techs., Inc.* v. *Dell, Inc.*, 659 F.3d 1376, 1385 (Fed. Cir. 2011) (quoting *In re Waldbaum*, 457 F.2d 997, 998 (1972)). "Precedent and practice permit a patentee to express that procedural algorithm 'in any understandable terms including as a mathematical formula, in prose, or as a flow chart, or in any other manner that provides sufficient structure.'" *Id.* at 1385 (citing *Finisar Corp.* v. *DirecTV Grp., Inc.*, 523 F.3d 1323, 1340 (Fed. Cir. 2008)). "[I]n return for generic claiming ability, the applicant must indicate in the specification what structure constitutes the means. 'If the specification is not clear as to the structure that the patentee intends to correspond to the claimed function, then the patentee has not paid the price but is rather attempting to claim in functional terms unbounded by any reference to structure in the specification.'" *Biomedio, LLC* v. *Waters Techs. Corp.*, 490 F.3d 946, 948 (Fed. Cir. 2007) (quoting *Med. Instrumentation & Diagnostics Corp.* v. *Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir. 2003)).

ISE and Dr. Ma cite language at 18:10–19:4 as disclosing the requisite structure. (Dkt. #608, ISE Resp. Ex. E ¶ 225; Dkt. #616, ISE Resp. Ex. O ¶ 290.) This passage is equivalent to the language previously considered by the court, since only 18:1–18 and 18:61–19:5 discuss matching the remaining portion. The court previously concluded that this language does not disclose an algorithm that adds any information to claims 1 and 2. ISE and Dr. Ma further cite claim language at 16:59–66. The relevant language in column16 says:

"According to Equation #1, the PMM 3 is entitled to trade 80% of the remaining 20 contracts in the incoming order, i.e., the maximum of 60% and (20/(20+5))= 80%. Thus, 16 of the remaining 20 contracts are traded against the PMM's quotation and 4 are traded against PRO #1's order at step S190 of FIG. 4(b). The 65 bid matching process 34 determines at step S164 of FIG 4(a) that the order has been completely filled and sends the matches to the execute trade process 27."

(Dkt. #616, ISE Resp. Ex. O ¶ 292.)

The court previously concluded that the language cited in columns 18-19 did not elucidate steps for allocating on a pro rata basis. If, however, *pro rata* allocation is sufficiently simple that anyone skilled in programming could create a software program for the claimed function based on the cited portions of the specification, then the requirement of structure is satisfied. *See Typhoon Touch Tech.*, 659 F.3d at 1385 ("[T]he patent need only disclose sufficient structure for a person of skill in the field to provide an operative software program for the specified function.")

In light of these observations, a question of fact remains as to whether structure is stated for claim 2 and the court will hear evidence before finally determining the issue.

1.

ISE responds (1) that CBOE's motion is a procedurally improper motion for summary judgment,

which CBOE failed to bring. It is true that motions *in limine* are generally unsuited for dispositive motions that could have eliminated issues before the parties invest in trial preparation. This court limited CBOE to presenting three issues on summary judgment, however, so CBOE cannot be faulted for failing to timely present the issue. Because of the complexity of this case, the interest of orderly administration of justice augurs in favor of disposition of this issue.