# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 623 | **DATE** | 3/14/2013 |
| **CASE TITLE** | CBOE vs. ISE | | |

**DOCKET ENTRY TEXT**

CBOE's motion in limine No. 19 to preclude infringement argument and evidence that contravenes the language of claim 56 (511) is granted. See statement section of this order for details. CBOE's motion (705) to reconsider ruling on CBOE's motion in limine no. 4 (701) is denied without prejudice. The motion may be renoticed if and when this case goes to trial. CBOE's motion in limine no. 14 to preclude argument and evidence that contravenes the obviousness legal standard (531) and CBOE's motion to exclude Dr. Ma's improper expert opinions (549) are denied without prejudice. These motions may be renoticed if and when this case goes to trial. Orders 707 and 713 are amended as stated in the statement section of this order.

■[ For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

**New Rulings**

CBOE's motion in limine No. 19 (#511) to preclude infringement argument that contravenes the language of claim 56 is granted.

Statement:

    The process of the automated exchange of claim 56 includes "querying an away market to determine an away market price." (Col. 39:21–22.) The process of claim 58, which is dependent on dependent claim 57, states "wherein the step of querying further comprises receiving market price information from a reporting entity." (Col. 39:38–40.) CBOE believes that "querying" is different from "receiving" because claim 58's "querying" is limited to using market price information received from a reporting entity, for example, Options Price Reporting Authority (OPRA). ISE contends that this motion is not timely and amounts to a motion for summary judgment in that it raises claim construction issues. The claim term of claim 56 is not ambiguous and has never been disputed. Thus, ISE must be careful not to offer evidence of "querying" that would "read on" claim 58 or argue that CBOE's use of market price information received from a reporting entity infringes claim 56.

**STATEMENT**

**Amended Orders**

The second paragraph, first sentence, of the order of 03/09/2013 (#707) is amended to read as follows: "As previously determined, 'matching' means 'identifying a counterpart order or quotation for an incoming order or quotation.'" 677 F.3d at 1371.

Paragraph 1 of the ruling on ISE's motion in limine no. 2 in the statement attached to the order entered 03/12/13 (#713) is amended to read as follows:

1. <u>Allocating preferentially according to size</u>

The court construed the term "allocating a remaining portion of the incoming order or quotation preferentially against professional orders and quotations with larger size" as "allocating a remaining portion of the incoming order or quotation according to the size of the order or quotation, from largest to smallest." (Dkt. #286 at 5.) The construction was different from ISE's proposed construction (and from CBOE's). ISE did not seek reconsideration; neither did it include this term in its appeal to the Federal Circuit. CBOE's expert, Dr. Steil, relied on this construction in forming his opinions. (*See* Dkt. #484, Ex. B, Steil Dep. at 188-190.) ISE argues that the court's construction is ambiguous, thus producing a question of fact for the jury. The term "from largest to smallest" can only mean a sequential filling of orders. There is no ambiguity. The court concedes that the claim term might have been construed more broadly,[1] but ISE's presentment of its proposed construction in motions in limine is untimely and prejudicial to CBOE.

---

1. "Might have been" is the operative phrase here. ISE points to nothing in the specification that describes an algorithm for dividing other than *pro rata* or "weighted" *pro rata*. Although the specification speaks of favoring orders and quotations of larger size, this seems intended to point out an improvement over prior art by changing the allocation from the professional's "location in the allocation rotation" (Col. 2:51–56) to the algorithm described in figs. 4(a) and 4(b) (various steps for determining the amount of the remaining portion and its *pro rata* allocation). *See Metabolite Labs., Inc.* v. *Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1360 (Fed. Cir. 2004) ("In most cases, the best source for discerning the proper context of claim terms is the patent specification wherein the patent applicant describes the invention."). Thus, the specification does little to assist ISE in supporting an alternative to the court's construction of claim 1 that would distinguish it from claim 2. *See Phillips* v. *AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) ("[T]he presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim.").