UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED,<br><br>                Plaintiff,<br><br>v.<br><br>INTERNATIONAL SECURITIES EXCHANGE, LLC,<br><br>                Defendant. | Case No. 07-cv-00623<br><br>Hon. Joan H. Lefkow, U.S.D.J.<br>Hon. Jeffrey Cole, U.S.M.J. |

**CBOE'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS**

CBOE respectfully requests that the Court tax the following costs against ISE, pursuant to Federal Rules of Civil Procedure 54(d), Local Rules 54.1(a) and 28 U.S.C. § 1920. CBOE's Bill of Costs totals $422,775.82.

**I.    Introduction**

Pursuant to the Court's Final Judgment (D.I. 723) entered on April 10, 2013, CBOE, the prevailing party, seeks the award of costs to which it is entitled.

**II.    APPLICABLE CATEGORIES OF COSTS TO BE TAXED**

    **A.  Fees of the clerk and marshal - § 1920(1)**

CBOE is entitled to the recovery of fees paid to the Clerk of the Court, totaling $865.00. *See* § 1920(1). CBOE also requests fees for the service of subpoenas to third party witnesses. *See Chemetall GmbH v. ZR Energy, Inc.,* 99 C 4334, 2001 WL 1104604, at *23 (N.D. Ill. Sept. 18, 2001). Some of the subpoenas were for witnesses with knowledge of facts related to the patent at issue and whose depositions were necessary for CBOE to make its case. The other subpoenas were for libraries whose testimony would be necessary for CBOE to make its case

1

because they held prior art references that ISE disputed as prior art. Exhibit 1[1] has a chart summarizing these fees for the Clerk of the Court and for the service of subpoenas, along with copies of the supporting documents.

CBOE requests a total of $3,909.54 for costs under § 1920(1).

### B. Fees for court reporting and transcripts - § 1920(2)

CBOE requests court reporter attendance fees for hearings and depositions. *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). Transcripts of the hearings and depositions, cited throughout this litigation by both parties in their briefs and by the Court in its rulings, were necessary for use in this case. *Soler v. McHenry*, 771 F. Supp. 252, 255-56 (N.D. Ill. 1991) *aff'd sub nom. Soler v. Waite*, 989 F.2d 251 (7th Cir. 1993) (finding that for transcript fees, "[t]he question is whether the particular deposition was reasonably necessary to the case, not whether it was actually employed in court."). The sought fees are consistent with what this district has found to be reasonable court reporter fees. *See McDonald v. Vill. of Winnetka*, 00 C 3199, 2003 WL 1989656 (N.D. Ill. Apr. 30, 2003) (awarding reasonable court reporter attendance fees.).

CBOE also seeks costs for the original and one copy of deposition and hearing transcripts pursuant to Local Rule 54.1(b). The requested costs include associated costs, such as shipping and handling, binding expenses, and exhibit copying. *See Finchum v. Ford Motor Co.,* 57 F.3d 526, 534 (7th Cir. 1995) (awarding costs "incidental" to the taking of depositions).

Further, for every deposition in which CBOE incurred costs to obtain DVD copies of the videotaped deposition, CBOE seeks recovery of the associated costs, including related costs for digitalization and synchronization, because "[k]nowing that its opponent possessed video tapes of these depositions, it was reasonable and necessary for [CBOE] to obtain copies." *Top*

---

[1] "Exhibit ___" refers to the Declaration of Neil Ramsaroop in Support of CBOE's Bill of Costs, filed herewith.

2

*Tobacco, L.P. v. N. Atl. Operating Co., Inc.,* 06 C 950, 2007 WL 1149220 at *7 (N.D. Ill. Apr. 17, 2007).

Next, CBOE requests the award of costs for the video-recording of its depositions, including the depositions of Katherine Simmons, Michael Simon, Stephen Lieb, Peter DeVerdier, David Krell, Gary Katz, Joseph Ferraro, Martin Averbuch, William Porter, Moses Ma, and Christopher Gerardi. The costs of both the court reporter and video-recording for the same deposition are recoverable where, as here, the video-recording was reasonable and necessary because the witness was outside of the Court's subpoena power and there was a reasonable possibility that the videotaped deposition would be used at trial. *See LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, 08 C 0242, 2011 WL 5008425 at *3 (N.D. Ill. Oct. 20, 2011). Indeed, although it is not a requirement, the reasonableness of the video-recording is supported by the fact that all of these witnesses, with the exception of Simon, whose deposition was designated, and Ferraro, were on either CBOE's or ISE's may call or will call lists. (D.I. 666, Final Pretrial Order, at pp. 2-4, Exh. F at 5). Exhibit 2 has a chart summarizing the costs of court reporter fees, deposition and hearing transcripts, costs related to obtaining DVD copies, and costs for video-recording, along with copies of the supporting invoices

CBOE requests a total of $78414.79 for costs under § 1920(2).

### C. Fees for printing and witnesses - § 1920(3)

CBOE seeks costs for Dr. Steil's attendance fees, travel expenses, and subsistence expenses for his attendance at court and depositions. *See* 28 U.S.C. § 1821(b). First, CBOE requests the attendance fee set under § 1821(b) of $40 per day for each day's attendance, including travel days. *See* § 1821(b); *see Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 973 (N.D. Ill. 2010) (awarding witness fees for expert's attendance in court to

observe opening arguments.). Second, CBOE requests travel costs for travel "'to and from [the] witness's residence' and the place of attendance 'by the shortest practical route.'" *Id.* at 970 (quoting § 1821(c)(1)). Third, CBOE requests subsistence costs, covering the witnesses' lodging and meals, and to the extent they "exceed the maximum per diem allowance" set by the General Services Administration, CBOE lowers its request to meet the maximum.[2] *See* § 1821(d)(2).

Similarly, CBOE requests witness fees for Peter DeVerdier, a third party whom CBOE deposed for his knowledge of facts related to the patent at issue. *See Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 99 C 2785, 2003 WL 1720066 at *9 (N.D. Ill. Mar. 31, 2003) (awarding costs for third party witness).

Exhibit 3 has a chart summarizing the witness fees and the supporting invoices. CBOE requests a total of $6,502.86 for costs under § 1920(3).

CBOE also requests costs for printing under § 1920(3). These costs are discussed below in section (iv)(b) along with copying costs.

### D. Fees for exemplification and copies - § 1920(4)

#### i. Exemplification

CBOE requests costs for exemplification, which, in the Seventh Circuit, includes "a wide variety of exhibits and demonstrative aids" including "computer-based, multimedia displays" *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Like parties in other cases involving technical subject matter, CBOE created demonstratives that were necessary for the case for assisting the Court and the jury in understanding the technical issues. *See Nilssen v. Osram Sylvania, Inc.*, 01 C 3585, 2007 WL 257711 at *5, n. 3 (N.D. Ill. Jan. 23, 2007) *aff'd*, 528 F.3d 1352 (Fed. Cir. 2008) (awarding costs for demonstratives in patent case, noting that the

---

[2] Per diem rates available at http://www.gsa.gov/portal/content/103168

demonstratives assisted in understanding the many "factually complex" issues); *see also LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, 08 C 0242, 2011 WL 5008425, at *7 (N.D. Ill. Oct. 20, 2011) (awarding costs for digital presentations and computer graphics used to explain how technology at issue worked). Exhibit 4 has a summary of the requested exemplification costs, along with copies of the supporting documentation.

Included in CBOE's request are costs for rental fees of multimedia equipment, which were necessary for the display of information, and which "courts have consistently upheld." *See Glenayre Electronics, Inc. v. Jackson*, 02 C 0256, 2003 WL 21947112, at *6 (N.D. Ill. Aug. 11, 2003) aff'd, 95 F. App'x 344 (Fed. Cir. 2004).

CBOE also requests costs associated with CBOE's technological consultant, Eric Ang, whose services were necessary to "organize[] and then present[] the exhibits to the Court…" and whose display of material on the projection screen in the courtroom was "an efficient, time-saving method of presenting complex evidence under the circumstances." *LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, 08 C 0242, 2011 WL 5008425, at *7 (N.D. Ill. Oct. 20, 2011) (awarding costs for technology consultant). Mr. Ang's costs are also detailed in Exhibit 4.

The total of CBOE's requested exemplification costs is $85,878.53.

### ii. Copying and printing

CBOE seeks the award of costs for the printing and copying of documents for use in the case, including the printing and copying of pleadings, motions, memoranda, and exhibits. Exhibit 5 contains the documents supporting CBOE's printing (sometimes referred to as "blowbacks" in the invoices) and photocopying costs, totaling $31,859.23. The foregoing include costs for printing and copying done by outside vendors and costs for copying made in-house at Fish & Richardson (at $0.20 per page for black and white copies and $1.00 per page for color copies).

Costs associated with copying, such as tabbing and binding, which were necessary to organize the extensive amount of paper in this case, are also included. *See First City Sec., Inc. v. Shaltiel*, 92 C 2620, 1993 WL 408370 at *2 (N.D. Ill. Oct. 8, 1993) (awarding costs for binding, inserting tabs, and bates stamping). While CBOE cannot pinpoint the specific purpose for each instance of printing or copying, CBOE, especially in light of the more than six years of litigation, is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991); *see Great Lakes Dredge & Dock Co. v. Commercial Union Assurance Co.*, No. 94–2579, 2000 WL 1898533, at *2 (N.D.Ill. Sept. 18, 2000) (granting over $60,000 in copying costs as reasonable despite the lack of detailed descriptions in consideration of the six years of document-driven litigation).

CBOE further seeks costs for the electronic production of discovery documents. *See Specht v. Google Inc.*, 09 C 2572, 2011 WL 2565666, at *3 (N.D. Ill. June 27, 2011) (awarding costs "for imaging and creating electronic versions of documents which the parties exchanged in discovery."); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (awarding costs for converting computer data into a readable format in response to discovery request.). CBOE requests $200,194.91 for these costs. Exhibit 6 has a table of these e-discovery costs and copies of the supporting documentation.

CBOE also seeks recovery of the costs it incurred in obtaining patent documents for use in this case. *See Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 99 C 2785, 2003 WL 1720066 at *10 (N.D. Ill. Mar. 31, 2003) (awarding costs associated with obtaining patent documents). And CBOE requests costs for the retrieval of prior art documents, which were reasonably necessary

6

for CBOE to prove its case. A summary of these costs, totaling $2,910.51, and supporting documentation is in Exhibit 7.

Finally, CBOE requests the award of costs for obtaining declarations from prior artists and other third parties regarding the authenticity of certain prior art. These declarations were reasonably necessary for CBOE's case for showing invalidity of the patent at issue. These costs are documented in Exhibit 8 and total $13,105.45.

CBOE requests a total of $333,948.63 for costs under § 1920(4).

### iii. Conclusion

CBOE respectfully requests the Court to enter an order taxing ISE a total of $422,775.82.

Dated: May 10, 2013

Respectfully submitted,

By: s/ *Jonathan A. Marshall*
Jonathan A. Marshall
David Francescani
Michael T. Zoppo
Brian J. Doyle
Leah A. Edelman
Jeffrey C. Mok
**FISH & RICHARDSON P.C.**
601 Lexington Ave, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

OF COUNSEL:
Paul E. Dengel
Stacie R. Hartman
Rachel F. Sifuentes
**SCHIFF HARDIN LLP**
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Telephone (312) 258-5500
Facsimile (312) 258-5600

*Attorneys for Chicago Board Options Exchange, Incorporated*

**CERTIFICATE OF SERVICE**

The undersigned certifies pursuant to Fed. R. Civ. P. 5 and L.R. 5.5, that on May 10, 2013 a true and correct copy of the foregoing document was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

/s/Neil Ramsaroop
Neil Ramsaroop