**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No: 07 CV 623 |
| | ) ) | Judge Joan H. Lefkow |
| INTERNATIONAL SECURITIES EXCHANGE, LLC, | ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) | |

**OPINION AND ORDER**

On April 10, 2013, the court entered final judgment in favor of plaintiff Chicago Board

Options Exchange, Inc. ("CBOE") against defendant International Securities Exchange, LLC

("ISE"). (Dkt. 723.) On May 10, 2013, CBOE submitted a bill of costs pursuant to Federal Rule

of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920 in the amount of $410,556.93.[1]

(Dkt. 727.) ISE objects to many of these costs, arguing that CBOE is entitled to no more than

$40,047.33. For the reasons that follow, CBOE's bill of costs will be awarded in an amount to

be determined after CBOE submits additional materials as set forth in this Opinion and Order.

---

[1] This is the revised amount advocated by CBOE in its reply brief. (*See* dkt. 732.) CBOE's bill of costs is timely filed pursuant to Local Rule 54.1(a), which requires a prevailing party to file a bill a costs within 30 days of entry of judgment.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

There is a "strong presumption" that the prevailing party will recover its costs under Rule 54(d). *Contreras* v. *City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). The "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chicago Plastering Inst. Pension Trust* v. *Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). In determining whether to award costs against the losing party, the court must determine "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske* v. *City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The decision to award costs is left to the discretion of the trial court. *Northbrook Excess & Surplus Ins. Co.* v. *Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

2

## ANALYSIS

### I.      Fees of the clerk and marshal - 28 U.S.C. § 1920(1)

CBOE seeks recovery of fees paid to the Clerk of the Court totaling $865.00 and fees for the service of subpoenas to third party witnesses totaling $880.00.  (Dkt. 733, Ex. 11.)  ISE does not object to the fees paid to the Clerk of Court and they will be awarded.  As to the recovery of service fees, CBOE "may recover fees for service of process at the hourly rates charged by the United States Marshals Service for such service," which was $55 per hour.[2]  *Claredon Nat'l Ins. Co.* v. *Medina*, No. 8 C 4245, 2010 WL 3526515, at *1 (N.D. Ill. Sept. 1, 2010) (citing *Collins* v. *Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); 28 C.F.R. § 0.114(a)(3)).  Typically, when an invoice fails to reflect the time spent effectuating service, the court will award costs for one hour.  *See Claredon*, 2010 WL 3526515, at *1; *Davis* v. *Budz*, No. 99 C 3009, 2011 WL 1303435, at *2 (N.D. Ill. Mar. 31, 2011).  Because CBOE's invoices do not indicate the time spent effectuating it has revised its request to include $55 per service.  (Dkt. 732 at 11-12.)  This is reasonable.  Finally, ISE objects to the recovery of $220, which CBOE incurred in serving subpoenas on various libraries in an attempt to document its prior art references.  Although these subpoenas were served on the eve of trial, they were necessitated by ISE's refusal to stipulate to the admission of certain published books and journal articles, about which there did not appear to be a genuine dispute.  (*See* dkt. 733, Ex. 5.)  As such, an award of these limited costs is reasonable.  The court will award CBOE $1,745 for Clerk and marshal fees.

### II.      Fees for court reporting and transcripts - 28 U.S.C. § 1920(2)

---

[2] As of October 30, 2013, the rate increased to $65 per hour.  *See* Revision to United States Marshals Service Fees for Services, 78 Fed. Reg. 189, 59817-19 (Sept. 30, 2013) (codified at 28 CFR pt. 0).  The rate of $55 was in place when services was effected, however, and the parties agree on the $55 rate, so the court will tax services charges at a rate of $55 per hour.

CBOE seeks a total of $68,802.94 in transcript-related fees, including fees (1) for court reporter attendance at hearings and depositions; (2) for the original and one copy of deposition and hearing transcripts; (3) to obtain DVD copies of videotaped depositions; and (4) for video recording witness depositions. (*See* dkt. 732 at 11; dkt. 733, Exs. 6 & 7.) Excluding the amount CBOE requests for court transcripts (discussed in Part II.D below), it seeks $62,606.89 for deposition transcripts. (*See* Dkt. 733, Exs. 6, 7.) ISE objects, arguing that CBOE is precluded from recovering any more than $26,068.30, of which it allots $23,772.45 to deposition costs. (*See* Dkt. 731, Ex. A.) ISE protests that CBOE may not recover (1) expedited service fees; (2) shipping and handling fees; or (3) costs for both video recording and stenographic transcription.

### A.       Rate of reimbursement for deposition transcripts and court hearings

Under Local Rule 54.1(b), a prevailing party may recover the full cost of a transcript necessary for use in the case provided that the cost does not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed.   N.D. Ill. L.R. 54.1(b).  A prevailing party is also entitled to recover "the cost of the original . . . transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court." *Id.*  During the relevant time period, the Judicial Conference established the maximum transcript rates of $3.65 per page for an ordinary transcript and $0.90 for a copy to each party.[3]  ISE does not object to the costs for the original and one copy of deposition and hearing transcripts or the cost of obtaining DVD copies of videotaped depositions, and these costs will be awarded.  *See* Local

---

[3]   *See* United States District Court, Northern District of Illinois, Clerk's Office, Maximum Transcript Fees,
http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Oct. 1, 2013).

Rule 54.1(b) ("[O]nly the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed."); *LG Elecs. U.S.A., Inc.* v. *Whirlpool Corp.*, 08 C 0242, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011) (finding the costs to obtain copies of videotaped depositions was necessary because the witnesses would be called to testify at trial either live or by their video deposition as they were listed on the "may call" or "will call" witness list). Thus, insofar as CBOE may recover for deposition transcripts for depositions that it arranged, it may recover at the rate of $3.65 per page for the original transcript plus $0.90 per page for one copy.

After submitting its initial brief, CBOE revised its cost request for the depositions it arranged to meet the Judicial Conference rate for the cost of the transcript plus one copy for the 11 witness depositions that it had arranged. (*See* Dkt. 733, Ex. 6.) Thus, for the depositions CBOE arranged it may recover at the rate set by the Judicial Conference.

For the 19 witness depositions arranged by ISE, CBOE argues that it had no control over the prices charged by ISE's court reporters and therefore should be allowed to recover its actual costs. CBOE's argument is well taken. *See Engate, Inc.* v. *Esquire Deposition Servs. LLC*, No. 01 C 6204, 2006 WL 695650, at *3 (N.D. Ill. Mar. 13, 2006) (permitting prevailing party to recover full cost of obtaining deposition transcript copies where losing party arranged for depositions) (citing *Haroco, Inc.* v. *Am. Nat. Bank & Trust*, 38 F.3d 1429, 1441 (7th Cir. 1994)). For the depositions arranged by ISE, CBOE can recover its actual costs of obtaining the original and one copy of the deposition transcript.

As is evident from the record, however, CBOE seeks to recover not only the full cost of obtaining transcript copies for depositions arranged by ISE but also expedited service fees

related to many of the transcripts. CBOE argues that the use of expedited transcripts was reasonable and necessary for these witnesses given ISE's use of the same, and it would have been detrimental to CBOE's position to allow ISE significantly more time to review the transcripts given the complex nature of the case. CBOE cites no authority indicating that complexity necessitates expediency.

"Parties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis." *Neuros Co.* v. *KTurbo, Inc.*, No. 08 C 5939, 2011 WL 3841683, at *2 (N.D. Ill. Aug. 25, 2011) (citing *Winfrey* v. *City of Chicago*, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000)). For example, in *Rexam Beverage Can Company* v. *Bolger*, No. 06 C 2234, 2008 WL 5068824 (N.D. Ill. Nov. 25, 2008), the court held that expedited transcripts were necessary where the prevailing party provided evidence showing that the depositions were related to motions and other filings filed shortly after the depositions were taken. *Id.* at *8.

CBOE has made no such showing here. It argues that given the complexity of the case and damages at stake, "it would have been detrimental to CBOE to compromise its preparedness for the case and allow its opponent the advantage of significantly more time for the review of the transcripts." (Dkt. 732 at 11.) While additional time with the transcript was beneficial to CBOE, CBOE has not demonstrated the *necessity* of transcripts on an expedited basis. *See Bilal* v. *BP Am. Inc.*, No. 03 C 9253, 2006 WL 850849, at *1 (N.D. Ill. Mar. 24, 2006) (denying the costs of expediting transcripts where the party did not explain the necessity of transcripts on an expedited basis); *Sanglap* v. *LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 803 (N.D. Ill. 2002) (same). In the

absence of a more detailed showing of why expedited transcripts were necessary, CBOE is denied recovery of these costs.

At this time, the court is unable to determine the amount due to CBOE for the transcripts. Having examined the bills for the transcripts (*see generally* dkt. 729, Ex. 2), it is not clear to the court in all instances when an expedited fee was added to the deposition transcript cost. CBOE is to resubmit to the court the cost of all of the transcripts it ordered (*i.e.*, the cost of one original and one copy, as discussed above) without expedited fees and the court will tax those costs, excluding shipping costs, as discussed in Part II.B below.

**B.      Shipping and handling**

CBOE seeks recovery for delivery of the transcripts. It states that its total delivery charges for depositions it arranged are $455.60. (*See* dkt. 733, Ex. 6.) It does not clearly lay out the delivery charges associated with depositions arranged by ISE but, having scoured the record, the court calculates that these delivery charges total $341.00. (*See* dkt. 729, Ex. 2; dkt. 733, Ex. 7.) CBOE argues that it was in the normal course of business for reporting and video recording services to deliver their products, and it was thus reasonable for CBOE to incur the costs. (Dkt. 732 at 11.)

Although the Seventh Circuit has held that the district court may award deposition shipping costs as "incidentals" in the district court's discretion, *see Finchum* v. *Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), costs associated with delivery, shipping, or handling transcripts are ordinary business expenses and are not recoverable. *See Harkins* v. *Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003); *see also Specht* v. *Google, Inc.*, No. 09 C 2572, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011) (shipping charges "are ordinary business expenses"

and not allowable as costs); *Alexander* v. *CIT Tech. Fin. Services*, 222 F. Supp. 2d 1087, 1092

(N.D. Ill. 2002) (costs of courier, postage, and delivery charges are typically considered

overhead and not allowable as costs).

Here, delivery was for CBOE's convenience and was not "reasonable and necessary."

*Smith* v. *Teamsters Local 705*, No. 96 C 1370, 1998 WL 887086, at *4 (N.D. Ill. 1998) (denying

the award of delivery). CBOE may not recover its shipping costs. The court will thus deduct

$796.60 from the total deposition award.

### C. Costs for both video recording and stenographic transcription

The Seventh Circuit has interpreted Rule 30(b)(3) to allow the costs of both video-

recording and stenographic transcription to be taxed to the losing party. *See Little* v. *Mitsubishi*

*Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). "A prevailing party can recover costs

for both a video-recording and a transcript of the same deposition, provided that the party can

show both are necessary and reasonable in the context of the case." *Trading Techs. Int'l, Inc.* v.

*eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010); *see Bogan* v. *City of Chicago*, No. 09 C

3852, 2010 WL 2635789, at *1 (N.D. Ill. June 28, 2010). The court may not tax the costs of a

transcript that is provided merely for the convenience of the requesting attorney. *Majeske*, 218

F.3d at 825 (quoting *Barber* v. *Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)).

ISE argues CBOE is not entitled to the costs of both video recording and stenographic

transcription because CBOE does not show it was necessary or reasonable. CBOE states that

recovery for both is permissible because the witnesses were outside the court's subpoena power.

Video recording a deposition is not automatically necessary for witnesses outside of the court's

subpoena power. *See Trading Techs.*, 750 F. Supp. 2d at 977 (holding that both stenographic

transcription and video-recording was only reasonably necessary for depositions of witnesses who lived abroad and were disclosed as potential witnesses for trial). CBOE submitted an email (dkt. 733, Ex. 10) to show a number of the witnesses with videotaped depositions were unavailable for the trial. Only four witnesses (Stephen Lieb, William Porter, Martin Averbuch, and Katherine Simmons) of the eleven witnesses for whom CBOE seeks video deposition costs are noted in the email. Given that, as CBOE asserts, these witnesses were outside of the court's subpoena power *and* ISE did not plan to call them in person at trial, the court finds that CBOE established that it was reasonable and necessary to videotape these depositions and thus to recover costs for so doing. For the other seven depositions (David Krell, Gary Katz, Moses Ma, Christopher Gerardi, Michael Simon, Peter DeVerdier, and Joseph Ferraro), however, CBOE has alleged no more than the mere fact that the witnesses were outside of the court's subpoena power. Without sufficient explanation of the necessity of videotaping the other seven depositions, the court will not award videotaping costs for those depositions. Thus, the court awards both the costs of the transcripts (as detailed further above) and the costs of video recordings for the depositions of Stephen Lieb, William Porter, Martin Averbuch, and Katherine Simmons.[4] CBOE will not be awarded any costs associated with videotaping the depositions of

---

[4] Regardless, CBOE may not recover the "delivery" costs associated with the videotaping of the depositions, as discussed above. But CBOE may recover the costs listed in the "Other" category of the chart it presents in Exhibit 6 supporting its reply brief. (Dkt. 733, Ex. 6.) These costs represent sales taxes and appearance fees. (*See generally* Dkt. 729, Ex. 2.) Courts have included both of these types of costs in amounts taxed. *See, e.g., Peaceable Planet Inc.* v. *Ty Inc.*, No. 01 C 7350, 2003 WL 23305273, at *2 (N.D. Ill. Dec. 18, 2003) (including some stenographer appearance fees in bill of costs); *Trammel* v. *BASF Corp.*, No. 99 C 6897, 2002 WL 59114, at *3 (N.D. Ill. Jan. 14, 2002) ("The incidental fees for the stenographer's appearance are recoverable costs, and have therefore been added to the total award."); *In re Schwinn Bicycle Co.*, 210 B.R. 764, 771 (N.D. Ill. 1997) (including sales tax in price of airplane ticket for witness). CBOE may also recover the costs advanced as incidentals for the William Porter deposition. Thus, in addition to recovering for the recording plus DVD costs of the four above-mentioned depositions, CBOE may also recover $817.70.

the other deponents.

CBOE may, however, be awarded the costs of obtaining DVDs of the nineteen depositions ISE arranged. "Knowing that its opponent possessed video tapes of these depositions, it [i]s reasonable and necessary for [a party] to obtain copies. In such a hotly contested case, [the party] would [ ] be[ ] ill-advised not to do so." *Top Tobacco, L.P.* v. *N. Atl. Operating Co.*, No. 06 C 950, 2007 WL 1149220, at *7 (N.D. Ill. Apr. 17, 2007). But the court will not take the calculations presented by CBOE at face value. Indeed, the costs for many of the DVDs of depositions arranged by ISE include shipping costs, which the court deducts from the cost of the DVDs. Additionally, in examining the DVD bills the court noted that CBOE ordered the Edward Tilly deposition in triplicate but did not do so with any other DVD and does not explain why it chose to order three of these DVDs. The court will only award costs for one copy of that DVD. The court thus awards $13,157.46 for DVD costs.[5]

### D.    Court hearings

CBOE requests $2,196.05 for transcripts of proceedings plus $4,000.00 for the advance charged by Ms. Pamela Warren, the court reporter. ISE does not object to the court reporter fees paid by CBOE for attendance at hearings and depositions (*see* dkt. 731, Ex. 1) and the court finds that these transcripts plus the advance totaling $6,196.05 were reasonably necessary for use

---

[5] Tilly DVD: $50; Smith DVD: $50; Angell DVD: $495 (video costs minus shipping costs); Northey DVD: $275 (same); Carone DVD: $605 (same); Esposito DVD: $412.50 (same); Novak DVD: $550 (same); Evora DVD: $495 (same); Slocum DVD: $440 (same); Chodash DVD: $495 (same); Montesano DVD: $550 (same); Smith DVD: $605 (same); Newmark DVD: $440 (same); Smith DVD: $440 (same); Smith DVD: $412.50 (same); Smith DVD: $225; Steil DVD: $100; Beutel DVD: $100; Atkins DVD: $100; Miller DVD: $274.5; Dillinger DVD: $330; Hoffman DVD: $440; Jiganti DVD: $330; Simmons DVD: $799.27 (video costs and tax minus shipping); Lieb DVD: $921.19 (same); Porter DVD: $1307.50 (videographer appearance fee plus video hours plus video); Averbuch DVD: $1915 (same).

in this case. *See Wahl* v. *Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975); *Majeske*, 218 F.3d at 825.

To summarize, the court will award CBOE the costs of the original and one copy of transcripts for all depositions that it organized. The rate at which it will be reimbursed will be based on that set by the Judicial Conference. CBOE will be awarded the full costs of obtaining transcripts (one original and one copy) for the depositions that ISE arranged. CBOE is ordered to resubmit to the court the cost of all transcripts excluding any expedited fees it paid. The court will then recalculate the amount owed to CBOE for the deposition transcripts. CBOE will be awarded $13,157.46 for DVD costs, $6,196.05 for hearing transcripts and $1,077.92 for "other" costs listed in Exhibit 6 to CBOE's bill of costs, minus $796.60 for deposition shipping costs.

## III.    Fees for witnesses – 28 U.S.C. § 1920(3)

CBOE seeks recovery for the attendance fees, travel expenses, and subsistence expenses for witnesses Dr. Benn Steil, Paul Atkins, and Peter de Verdier totaling $6,502.86. ISE does not object to these costs and they will be awarded.

## IV.    Fees for exemplification and copies - 28 U.S.C. § 1920(4)

### A.    Exemplification costs

CBOE submits exemplification costs of $85,436.03, which includes $57,696.00 for exhibit production that included opening statement graphics and animations,[6] $26,843.17 for Eric Ang, a technological consultant with Boomerang Litigation Services whose services included organizing and presenting exhibits in court, and $896.86 for the rental of multimedia

---

[6] CBOE originally requested $58,138.50 for exhibit production but reduced this amount to eliminate one entry on Fish & Richardson's graphics professional's timesheet for "reviewing patents and expert reports." (Dkt. 732 at 6 n.9.)

equipment. ISE does not challenge CBOE's claim for rental of the multimedia equipment.

Therefore, CBOE is granted $896.86 for these respective costs.

ISE argues the remaining exemplification costs requested by CBOE should not be

awarded because the preparation of extravagant exhibits and the intellectual effort involved are

costs that are not recoverable, relying on *Cefalu* v. *Village of Elk Grove*, 211 F.3d 416, 428-29

(7th Cir. 2000) (in determining whether to award reasonable exemplification costs courts should

consider whether the exemplification expense was "vital to the presentation" or "merely a

convenience or, worse, an extravagance").

28 U.S.C. § 1920(4) allows for "[f]ees for exemplification and the costs of making copies

of any materials where the copies are necessarily obtained for use in the case."

Costs associated with the preparation of an exhibit are recoverable whereas costs such as

conducting research and analyzing data reflected in the exhibits are not. *See Cefalu,* 211 F.3d at

427 n. 5. CBOE submitted time sheets for the work done by two Fish & Richardson employees,

Gerald Hines and Arien Knowles, on trial graphics, and seeks to recover $57,696.00 for this

work. The timesheets contain eleven entries for Knowles, all of which give as their narrative

"Working on graphics" or "Working on graphics for trial." (Dkt. 729 Ex. 4.) Discounting the

"reviewing patents and expert reports" and "war room breakdown" entries for Hines (*see* dkt.

733, Ex. 12), there are 23 entries for his work. (*See* Dkt. 729 Ex. 4.) For Hines' entries, like

Knowles' entries, most of the narratives are unspecific, such as "Work on trial graphics," "Work

on graphics for trial," or "Work on trial animations." (*Id.*) Two of the entries are more detailed:

"Work on Opening presentation" and "Work on Opening and Steil presentations." (*Id.*) CBOE

argues that it is entitled to recover the costs of this work regardless whether the exhibits on

which Hines and Knowles worked were admitted to trial and states that the timesheets "clearly show that the time charged by Fish & Richardson's graphics professionals was for work on graphics and presentations." (Dkt. 732 at 6.)

ISE argues that CBOE failed to meet its burden of showing that the exemplification costs were reasonable or necessary because the timesheets CBOE submitted do not include sufficient detail. It relies on *Trading Technologies*, in which the court determined that the prevailing party was not entitled to exemplification costs because it "fail[ed] to provide sufficient information for the Court to show that [its] exemplifications were reasonably necessary for the case." 750 F. Supp. 2d at 981. The prevailing party there did not identify which exhibits were created, indicate whether they were admitted at trial, or identify the number of work hours attributed to each exhibit. "Instead, [it] merely provides a bill for general items such as 'Production Expenses' and 'Graphics & Animation Design' and asserts that whatever exhibits were created using these methods were necessary for use in the case." *Id.*

The court agrees with ISE that the invoice submitted by Fish & Richardson in large part "does not identify the exhibits created or indicate whether they were admitted at trial" or "the number of work hours attributed to each exhibit." *Id.* at 981. Though the timesheets CBOE submitted demonstrate that time and effort went into graphics and presentations, it is not apparent what exhibits were created. CBOE suggests that the findings in *LG Electronics*, 2011 WL 5008425, at *7, and *Nilssen* v. *Osram Sylvania Inc.*, 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007), indicate that costs related to exhibit production are recoverable. But in both of those cases the invoices submitted provided sufficient detail to enable a determination of the reasonableness and necessity of the exhibits. In contrast, CBOE's timesheets only identify

13

the number of hours and billing costs; there is no indication what exhibits these two employees produced and, therefore, there is no suggestion of the necessity of these exhibits. Only two of the entries on the sheets provide sufficient detail. Those are the entries for the costs of Hines' work on the opening and Steil presentations, which total $5,133.00. CBOE may thus recover $5,133.00 of the requested $57,696.00 for the work Fish & Richardson employees did on the graphics.

CBOE also seeks to recover $26,843.17 for its technological consultant, Eric Ang and Boomerang Litigation Services. It argues that Ang's services were necessary to "organize[] and then present[] the exhibits to the court" and that his display of material on the projection screen in the courtroom was "an efficient, time-saving method of presenting complex evidence under the circumstances." (Dkt. 728 at 5 (quoting *LG Elecs.*, 2011 WL 5008425, at *7 (awarding costs for a technology consultants who "organized and then presented" exhibits)).) Ang's invoice demonstrates that these costs include equipment logistics, synchronizing depositions, war room support, and the costs of having an in-court trial technician. (Dkt. 729 Ex. 4.) CBOE explains that the "war room support" charges are for "time spent organizing the vast amount of material into an efficient presentation" and the time for deposition synchronization was for "time spent preparing the depositions for presentation in court." (Dkt. 732 at 7.) ISE argues that Ang's costs were unrelated to any trial presentations.

The court is persuaded by CBOE's argument that Ang's time was spent preparing organizing and preparing exhibits to the court. Entries on his invoice reflect that his war room support included setting up the courtroom and acting as an in-court trial technician. (Dkt. 729

Ex. 4.)  There are other costs associated with his court attendance.  (*Id.*)  These are recoverable as exemplification costs.  *See LG Elecs.*, 2011 WL 5008425, at *7.

Regarding the deposition synchronization, cost for the time spent synchronizing videotaped depositions is generally recoverable.  *See id.* at *3 ("Costs associated with digitalization and synchronization of videotaped depositions may also be taxed.").   The court will not allow CBOE to recover all costs associated with the deposition synchronizations, however.  Of the 17 individuals whose depositions Ang synchronized, nine appear on the "will call" or "may call" witness lists of one or both of the parties (Anthony Montesano, Mark Novak, Edward Tilly, Anthony Carone, Stephen Chodash, Gordon Evora, Gary Katz, Katherine Simmons, and Philip Slocum).  (*See* dkt. 666 at 2-4.)  The other eight (Richard Angell, Steven Dillinger, Joseph Ferraro, Douglas Hoffman, Paul Jiganti, David Miller, Jim Northey, and Michael Simon) do not.  Accordingly, CBOE may not recover the costs of synchronizing those eight individuals' depositions and digitizing Tilly's deposition.  *See Harkins,* 286 F. Supp. 2d at 980 ("When the costs cannot be obtained reasonably by reference to supporting documentation, the costs as requested cannot be awarded.").  CBOE's recovery for deposition synchronization shall thus be reduced by $1,212.00 to account for work related to these eight depositions.  Thus, CBOE may recover $25,631.17 for Ang's services.

**B.      Copying and printing costs**

A party need not submit a bill of costs itemizing each document copied.  *See Northbrook Excess and Surplus,* 924 F.2d at 643 (party does not need to submit "description so detailed as to make it impossible economically to recover photocopying costs").  But a party must provide the best breakdown obtainable from retained records in order to make the required showing of

necessity. *See id.; In re Brand Name Prescription Drugs Antitrust Litig.,* No. 94 C 897, 1999 WL 759472, at *6 (N.D. Ill. Sept. 1, 1999) (chart identifying number of service copies prepared, number of pages in each pleading, copying cost per page, and total copying cost held sufficient to satisfy Seventh Circuit's requirements for reimbursement of photocopying costs); *Levka* v. *City of Chicago,* 107 F.R.D. 230, 231 (N.D. Ill. 1985) (prevailing party provided "best breakdown obtainable from retained records" of copying costs). The party seeking recovery must also come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *See Angevine* v. *WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, at *6 (N.D. Ill. Dec. 23, 2003).

CBOE requests copying and printing costs totaling $31,859.23, with $8,760.60 from in-house printing and photocopying costs and $23,098.63 related to third-party copying services. It argues that other courts have granted greater amounts in copying costs, rendering the amount it seeks reasonable. ISE argues CBOE is entitled to no more than $2,143.80. Presumably, ISE derives that amount from the SwayLaw LLC bill for labeling and processing for trial exhibits. (Dkt. 729, Ex. 5.) Although ISE later disputes CBOE's ability to recover this amount, it appears to concede that CBOE is entitled to it. (Dkt. 730 at 7-8.)

Regarding in-house printing and copying costs, "[t]he court cannot award . . . copying costs without some confidence that the costs are properly recoverable." *Fait* v. *Hummel*, No. 01 C 2771, 2002 WL 31433424, at *5 (N.D. Ill. Oct. 30, 2002). Merely listing the per-page rate and total cost, as CBOE has done (*see* dkt. 729, Ex. 5 at 40-45), does not suffice. *Id.* CBOE explains that the in-house copier cost records were tracked by a copy counter that automatically bills using client codes. Yet, CBOE not does explain what the content and purpose of the copied

16

documents were, thus the court declines to tax internal copying costs. *See Davis* v. *Teamsters Local Union No. 705*, No. 01 C 5047, 2002 WL 1359401, at *4 (N.D. Ill. June 20, 2002) (declining to tax internal copying costs because the party failed to identify the content and purpose of the copied documents, and the number of copies and cost per copy). The court cannot determine from the number of copies tracked by the in house copier whether the copies were for the court and opposing counsel or solely for CBOE's convenience. *See Telular Corp.* v. *Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *5 (N.D. Ill. June 16, 2006) (denying photocopying costs because the party did not bother to calculate copies related to court filings from copies for the convenience of the attorneys so as to permit the court to determine recoverable from unrecoverable copying costs); *First City Secs., Inc.* v. *Shaltiel*, No. 92 C 2620, 1993 WL 408370, at *2 (N.D. Ill. Oct. 8, 1993) (denying recovery of in-house copying costs where prevailing party did not provide breakdown of copying costs, leaving the court "[w]ithout any reasonable means of ascertaining what in-house copying was necessary to the litigation and what was for the convenience of the attorneys"). Moreover, the cost of $0.20 per page for black and white copies and $1.00 per page for color copies charged by in-house counsel Fish & Richardson seems excessive. *See Tirapelli* v. *Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1085 (N.D. Ill. 2002) (reducing the in-house per page rate by half because the rate should not exceed that of outside print shops for standard copying unless the party explains why the charges are appropriate).

Unfortunately for CBOE, its third-party vendor invoices are no more detailed. CBOE notes that the dates on the invoices "align with the dates of the hearings, depositions, and trial, in this case." (Dkt. 732 at 8.) CBOE does not attempt to match the dates of the copying, printing,

17

and binding to when documents were filed to explain the necessity of the charges. (*See generally* Dkt. 729, Ex. 5.) CBOE is entitled to $2,143.80 for copying and printing.

### C. Electronic production of discovery costs

CBOE seeks costs related to electronic discovery in the amount of $200,194.91. ISE argues that the only costs CBOE would be entitled to recover would be for TIFF conversion and other conversion expenses, and not non-compensable e-discovery expenses. In the absence of this clarification, ISE asserts that CBOE should not recover any of its discovery fees.

In *Hecker* v. *Deere & Co.,* 556 F.3d 575 (7th Cir. 2009), the Seventh Circuit determined that "costs for converting computer data into a readable format in response to plaintiffs' discovery requests" are recoverable. *Id.* At 591. But the Seventh Circuit has not yet provided guidance as to which services related to the production of electronically stored information ("ESI") are taxable under the statute. *See Johnson* v. *Allstate Ins. Co.,* No. 07–cv–781–SCW, 2012 WL 4936598, at *4 (S.D. Ill. Oct. 16, 2012). Persuasive opinions from other circuit courts and other district courts within the Seventh Circuit, have determined that not all expenses associated with the production of ESI are recoverable by the prevailing party. *See Race Tires Am., Inc.* v. *Hoosier Racing Tire Corp.,* 674 F.3d 158, 171 (3d Cir. 2012); *Country Vintner of N. Ca., LLC* v. *E. & J. Gallo Winery, Inc.*, 719 F.3d 249, 260 (4th Cir. 2013); *Johnson,* 2012 WL 4936598, at *4-5. Other courts, however, have extended the range of costs that may be awarded beyond the costs for file conversion. *See, e.g., CBT Flint Partners, LLC* v. *Return Path, Inc.*, -- F.3d ----, 2013 WL 6510953, at *10 (Fed. Cir. Dec. 13, 2013) ("Our application of section 1920(4) apparently differs from [the Third and Fourth Circuits] in one way—regarding the stage-one costs of imaging source media and extracting documents in a way that preserves metadata.");

*Petroliam Nasional Berhad* v. *GoDaddy.com, Inc.*, No. C 09-5939, 2012 WL 1610979, at *4 (N.D. Cal. May 8, 2012) (considering and declining to follow *Race Tires* because work related to electronic discovery "was necessary to convert computer data into a readable format, was an essential component of the cost of reproducing disclosure or formal discovery documents used in the case") (internal quotation marks and citation omitted).

In *Race Tires*, the prevailing party sought to recover costs for (1) collecting and preserving ESI; (2) processing and indexing ESI; (3) keyword searching of ESI for responsive and privileged documents; (4) converting native files to TIFF; and (5) scanning paper documents to create electronic images. *Race Tires*, 674 F.3d at 167. The Third Circuit determined that only the scanning of hard copy documents and the conversion of native files to TIFF were costs recoverable within the statutory meaning of "making copies." *Id.* The court acknowledged that "extensive 'processing' of ESI" may be "essential to make a comprehensive and intelligible production" of it. *Id.* at 169. "But that does not mean that the services leading up to the actual production constitute 'making copies.'" *Id.*; *see also Phillips* v. *WellPoint Inc.*, No. 3:10-CV-00357–JPG–SCW, 2013 WL 2147560, at *4 (S.D. Ill. May 16, 2013) (relying on *Race Tires* and the Fourth Circuit's *Country Vintner* to determine that the prevailing party could "only recover the actual costs of scanning the hard document copies and converting native files to a readable format").

Accordingly, CBOE may recover all of its conversion costs and associated costs (making files readable through optical character recognition, scanning, creating CD-Roms, and associated activities). CBOE may also recover its "branding" costs. Costs for bates stamping are recoverable. *See DSM Desotech, Inc.* v. *3d Sys. Corp.*, No 08 C 1531, 2013 WL 3168730, at *2

19

(N.D. Ill. June 20, 2013) (allowing costs for Bates labelling); *Nilssen*, 2007 WL 257711, at *6

(same); *but see McCraven* v. *City of Chicago*, No. 97 C 8845, 2001 WL 62573, at *2 (N.D. Ill.

Jan. 25, 2001) (costs of Bates stamping discovery materials for the party's own use is not

recoverable because it is only for the convenience of the parties). CBOE may thus recover all

"endorsement" costs.[7]

CBOE may not recover expenses for creating a litigation database, "electronic data

hosting" or other steps (such as analyzing metadata or deduplication) "leading up to" making

copies of materials. *Johnson,* 2012 WL 4936598, at **6-7. CBOE argues that these costs are

unavoidable document processing costs. But the court is persuaded by *Race Tires* that

"gathering, preserving, processing, searching, culling and extracting ESI simply do not amount

to 'making copies.'" *Race Tires,* 674 F.3d at 170.

CBOE's electronic discovery spreadsheet contains multiple relatively small entries and

two larger entries, one for $59,866.35 and one for $98,908.83. (Dkt. 729 Ex. 6.) The court finds

that all of the smaller entries are recoverable as conversion and creation of readable electronic

discovery. CBOE is thus entitled to an award of $41,419.73. Regarding the invoice for

$59,866.35, the court finds that none of the entries fall into the recoverable category, as the

---

[7] At least one judge in this district has held that the costs of imprinting confidentiality designations are not recoverable. *See DSM Desotech*, 2013 WL 3168730, at *2 ("However, the costs associated with confidentiality branding will not be allowed because those tasks are the kind of work conventionally performed by attorneys or paralegals, the costs of which are not recoverable under section 1920 and go beyond mere reproduction or exemplification."); *see also Specht*, 2011 WL 2565666, at *3 (declining to award costs for electronically endorsing documents without explaining what constituted electronic endorsement). The court's understanding of branding, however, is that CBOE had designated documents as confidential and the role of the outside vendor was merely to place the confidentiality stamps CBOE notes that the costs listed as "endorsements" on its chart detailing its electronic discovery costs (*see* dkt. 729 Ex. 6) are for the branding of electronics documents with bates production numbers and confidentiality designations. This does not veer into the territory traditionally occupied by attorneys and paralegals, *see DSM Desotech*, 2013 WL 3168730, at *2, and CBOE is allowed these costs.

invoice is for such charges as post-deduplication processing, hosting of privileged documents, and technical and project management time incurred.  (Dkt. 729, Ex. 6 at 51-52.)  For the larger of the two entries, CBOE originally did not submit a detailed invoice but instead included one that simply charged it $98,908.83 for "Hosting/endorsing and scanning."  (Dkt. 729, Ex. 6 at 53.) With its reply brief it submitted a more detailed break-down of the costs sent to it by the vendor but seems not to have included the entire letter, as the amounts on the document CBOE included only total $82,716.28.  (Dkt. 733, Ex. 13.)  Of the charges composing this Exhibit, CBOE may recover for the endorsements, scanning, bates stamping, and media, for a total of $24,961.28. CBOE shall resubmit the bill to the court with the second page included so that the court can calculate if it is entitled to any other charges on the bill.  The court will then combine this amount with $41,419.73, as discussed above, to award CBOE for electronic discovery costs.

### D. Obtaining Patent Documents Costs

ISE does not challenge CBOE's submission of costs for obtaining patent documents. (*See* dkt. 730 at 3 n.2.)   CBOE is granted the $2,910.51 it requests for these costs.

### E. Prior Art Declarations Costs (28 U.S.C. § 1920(4))

CBOE seeks $13,105.45 for the fees it incurred in obtaining declarations from prior artists and other third parties regarding the authenticity of certain prior art.  It argues it is entitled to this amount because courts in the Seventh Circuit take a "broad view of costs recoverable under § 1920(4) and have recognized, for example, that regular copies of patents are insufficient. Thus, courts have awarded costs for obtaining 'certified patents.'"  (Dkt. 732 at 9 (quoting *Glenayre Electronics, Inc.* v. *Jackson*, No. 02 C 0256, 2003 WL 21947112, at *6 (N.D. Ill. Aug. 11, 2003), *aff'd*, 95 F. App'x 344 (Fed. Cir. 2004)).)  ISE notes that CBOE cites no support for

its argument that this amount qualifies as a "copying" cost, or any other cost, for that matter. The court was unable to find further authority to support CBOE's argument. It is persuaded, however, by its statement that these declarations were reasonably necessary to demonstrate invalidity. *See, e.g., Vardon Golf Co.* v. *Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066, at *10 (N.D. Ill. Mar. 31, 2003) (certified copies of patents necessary for use in patent infringement suit); *Endress & Hauser, Inc.* v. *Hawk Measurement Sys. Pty. Ltd.*, 922 F. Supp. 158, 161 (S.D. Ind. 1996) (documents related to patents that were "put into issue" by defendant in its attempt to invalidate plaintiff's patent were necessarily obtained for use in the case and taxable as costs). CBOE is awarded $13,105.45 for the third party declarations and affidavits.

## CONCLUSION

CBOE's bill of costs will be awarded in an amount to be determined after CBOE submits additional materials as set forth in this Opinion and Order. CBOE is to submit its costs for depositions minus expedited costs and the entire invoice that is Exhibit 13 to Docket Entry 733 by January 31, 2014.

Date: January 14, 2013

U.S. District Judge Joan H. Lefkow