UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 07 C 623 |
| INTERNATIONAL SECURITIES EXCHANGE, LLC, | ) ) ) ) | Judge Joan H. Lefkow Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

**ORDER**

      Further to the court's January 14, 2014 Opinion and Order on the bill of costs submitted by plaintiff Chicago Board Options Exchange, Inc. ("CBOE") (dkt. 737), CBOE is awarded $277,709.14 in costs and fees against defendant International Securities Exchange, LLC ("ISE"). See statement.

**STATEMENT**

      On April 10, 2013, the court entered final judgment of in favor of plaintiff CBOE against defendant ISE. (Dkt. 723.) CBOE timely submitted a bill of costs pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920 in the amount of $410,556.93. (Dkt. 727.) ISE objected to many of these costs, arguing that CBOE was entitled to no more than $40,047.33. (Dkt. 730.) The court issued an Opinion and Order on the bill of costs, finding that it lacked some information necessary to make a final determination. (Dkt. 737.) Pursuant to the court's order, CBOE supplemented its bill of costs and submitted additional supporting materials. (Dkts. 738, 739.) ISE filed an opposition to the supplement and also moved to stay taxation of the costs pending a decision on its appeal pending before the United States Court of Appeals for the Federal Circuit (dkt. 740). On April 7, 2014, the Federal Circuit issued its decision (dkt. 742), mooting ISE's motion for a stay. The Federal Circuit affirmed in part and reversed in part this court's decision, but its reversal does not affect the amount of costs. The court therefore rules as follows on the bill of costs.

      In its original fee petition, CBOE sought to recoup the amount it paid to a third party, vdiscovery, for "Post Deduplication Processing." (Dkt. 729, Ex. 6 at 51-52.) In its reply brief in support of its fee petition, CBOE summarily stated in a footnote that post deduplication "is a charge for document processing that occurs 'post deduplication,' and not a 'deduplication' charge like the one at issue in *Johnson* v. *Allstate Ins. Co.,* No. 07–cv–781–SCW, 2012 WL

1

4936598, at *7 (S.D. Ill. Oct. 16, 2012)" (dkt. 732 at 4 n.6) and included a supporting affidavit (dkt. 733, ex. 14). Relying on cases holding that parties may not recover for deduplication, the court denied this expense, explaining that CBOE could not recover any expenses "'leading up to' making copies of materials." (Dkt. 737 at 20 (quoting *Johnson*, 2012 WL 4936598, at **6-7). The court ruled that CBOE could, however, recover "all of its conversion costs and associated costs (making files readable through optical character recognition, scanning, creating CD-Roms, and associated activities)." (Dkt. 737 at 19.) CBOE argues in its supplement to the bill of costs the court was incorrect to conclude that expenses for *post* deduplication—as opposed to deduplication itself—are not recoverable. In support of its argument, it submitted an affidavit from Myron Schonfeld, the president of vdiscovery, explaining that during the post deduplication process, electronic files are converted "into a format that is readable on a review platform (software that is used to read an electronic production)." (Dkt. 749, Ex. 4.) Schonfeld's affidavit also explains that "Deduplication is distinct from 'post deduplication processing' and refers to the removal of duplicates of electronic files. '*Post* deduplication processing charges' are charges for steps that occur *post* deduplication. A 'post deduplication processing charge' does not include any charges for the duplication step itself." (*Id.* (emphasis in original).) Due to this clarification, CBOE seeks $99,600 in costs for post deduplication, which the court had denied in its Opinion and Order. ISE objects, arguing that the proper procedural mechanism would have been to move the court to reconsider its initial opinion and order.

The court may properly consider CBOE's supplement filing as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See Stive* v. *Malecki*, No. 00 C 369, 2003 WL 1533438, at *1 (N.D. Ill. Feb. 10, 2003) (considering defendant's response to plaintiff's fee petition that plaintiff filed pursuant to court's decision that he was entitled to fees a motion to reconsider the court's ruling). To succeed on a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp.* v. *Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quotation marks and citation omitted). A Rule 59(e) motion must be filed within 28 days of entry of judgment. Fed. R. Civ. P. 59(e).

CBOE filed its papers just seven days after the court issued its ruling, and has persuaded the court that it made a manifest error of fact in treating post deduplication the same as unrecoverable deduplication expenses. The court notes that rapid advances in e-discovery mean that there is little case law to guide it with respect to such post deduplication costs. Based on the new information provided in the Schonfeld affidavit, the court finds that post deduplication costs are more similar to those types of costs that courts have found recoverable in the past.

The court thus grants CBOE's motion and turns to calculating the fees that CBOE should recover. The court studied the revised requests for transcript fees submitted by CBOE and agrees that these represent the correct amounts recoverable. The court will grant these requests. The chart below itemizes CBOE's fee request. The first column explains the type of fee requested. The second lists the amount CBOE requested in its fee petition. (If CBOE revised this amount in its reply brief, then the revised amount is reflected.) The final column reflects the amount the court is awarding CBOE. Where one category of fees encompasses multiple sub-categories, the number at the top represents the total amount and the bullet points below

represent the sub-category fees. The court's Opinion and Order explaining its reasoning for these awards (dkt. 737) is hereby incorporated by reference.

| FEE TYPE | REQUESTED BY CBOE | AWARDED |
|---|---|---|
| **Total** | $410,556.93 | **$277,709.14** |
| Clerk & marshal fees | $1,745.00 | $1,745.00 |
| Court reporting and transcript fees | $68,802.94 | $53,659.48 |
| • Court reporter attendance | • $6,196.05 | • $6,196.05 |
| • Transcripts/video-recording/DVDs | • $62,606.89 | • $48,260.03 |
| • (Shipping) | | • ($796.60) |
| Witness fees | $6,502.86 | $6,502.86 |
| Exemplification fees | $85,436.03 | $31,661.03 |
| • Exhibit production | • $57,696.00 | • $5,133.00 |
| • Technological consultant | • $26,843.17 | • $25,631.17 |
| • Multimedia rental | • $896.86 | • $896.86 |
| Copying & printing fees | $31,859.23 | $2,143.80 |
| • In-house printing | • $8,760.60 | • $0.00 |
| • Third-party services | • $23,098.63 | • $2,143.80 |
| Electronic production fees | $200,194.91 | $165,981.01 |
| • Costs other than post deduplication | • $100,594.91 | • $66,381.01 |
| • Post deduplication | • $99,600.00 | • $99,600.00 |
| Obtaining patent document fees | $2,910.51 | $2,910.51 |
| Prior art declaration fees | $13,105.45 | $13,105.45 |

Dated: April 17, 2014

Enter: *[signature: Joan N. Lefkow]*

United States District Judge